Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Brett D. Watson (SBN 327669)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
bwatson@schneiderwallace.com

***Attorneys for Plaintiff, and the
Putative Collective and Class
(Additional Counsel on Signature Page)***

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD RELOJ, on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. d/b/a GEICO,<br><br>              Defendant. | Case No. **'21CV1751 L    AGS**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Conrad Reloj ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this lawsuit against Defendant Government Employees Insurance Company Inc. d/b/a GEICO ("GEICO" or "Defendant") seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); applicable California Labor Code provisions; applicable Industrial Welfare Commission ("IWC") Wage Orders; the Unfair Business Practices Act; and California Business and Professions Code §§ 17200, *et seq.* ("UCL"). Plaintiff complains and alleges as follows:

## **INTRODUCTION**

1.      This is a collective and class action complaint against GEICO to challenge its policies and practices of: (1) failing to pay non-exempt, hourly employees who work as Auto Claim and/or Damage Adjusters for all hours worked; (2) failing to pay required minimum wage; (3) failing to pay required overtime wages; (4) failing to authorize, permit, and/or make meal and rest periods available, and failing to pay premium pay for these missed breaks; (5) failing to provide accurate, itemized wage statements; and (6) failing to pay all wages after termination of employment.

2.      Plaintiff Conrad Reloj is a former non-exempt, hourly employee who worked as an Auto Damage Adjuster for GEICO in San Diego, California.  In this role, Plaintiff investigated auto insurance claims to ascertain the extent of any liability on behalf of Defendant, who furnishes car insurance. Plaintiff seeks to represent other current and former non-exempt, hourly employees of Defendant who work or worked for GEICO as Auto Claim and/or Damage Adjusters, including similar roles with different titles (collectively "Adjusters"), in California. Plaintiff alleges that Defendant has engaged in unlawful patterns and practices of failing to meet the requirements of the FLSA, the California Labor Code, and the California Business and Professions Code.

3.    Plaintiff and putative Collective and Class Members perform off-the-clock work for which they are not adequately compensated. Plaintiff and putative Collective and Class Members must complete a certain number of claims or inspections in their scheduled hours (their "quota"), and pressure from GEICO to meet these quotas within the allotted 7.75 paid hours per day often causes the Adjusters to start working while off-the-clock before they are scheduled to begin the workday and after they are scheduled to end their shift.  Failure to meet GEICO's quota within scheduled hours results in negative implications for the performance metrics of Plaintiff and putative Collective and Class Members, including compensation ramifications and/or disciplinary action.

4.    Because of these issues, Defendant does not pay Plaintiff and putative Collective and Class Members for all hours worked, including minimum wage and overtime. Ultimately, the time that Defendant requires Plaintiff and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under federal law and the laws of California.

5.    To the extent that Plaintiff and putative Collective and Class Members regularly work in excess of eight hours per day and forty hours per week, this off-the-clock work should be compensated at overtime rates. However, Defendant fails to pay Plaintiff and the putative Collective and Class Members for any of this work performed, including the required overtime premiums, in violation of the FLSA and the California Labor Code.

6.    Plaintiff and other putative Collective and Class Members regularly work in excess of eight hours per days and are routinely denied timely and compliant meal and rest periods, and the requisite pay for working through such breaks.

7.    As a result of Defendant's pressure on Adjusters to meet the requisite quota within the scheduled hours of paid time, Defendant routinely refuses to

authorize, permit, and/or make available full, timely, uninterrupted thirty-minute meal periods as required by law. Instead, Plaintiff and putative Collective and Class Members regularly work past the fifth hour of work without the opportunity to take a meal break. Even when they do receive some form of timely meal break, it is often interrupted as Plaintiff and putative Collective and Class Members are encouraged and often required to perform work during their break.

8.     Defendant likewise routinely refuses to authorize or permit Plaintiff and putative Collective and Class Members to take ten-minute rest periods as required by California law.

9.     As a result of the above violations, Defendant fails to provide Plaintiff and putative Collective and Class Members with accurate, itemized wage statements.

10.     Defendant is also liable for violation of the Unfair Business Practices Act for the violations described above.

11.     Plaintiff seeks full compensation on behalf of himself and putative Collective and Class Members for all unpaid wages, unpaid overtime, noncompliant meal and rest periods, waiting time penalties, and premium pay.  Plaintiff also seeks declaratory and injunctive relief, including restitution.   Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, California Labor Code, and California Code of Civil Procedure § 1021.5.

## **PARTIES**

12.     Plaintiff Conrad Reloj worked for GEICO as an Adjuster in San Diego, California. Plaintiff was employed by GEICO from 1999 until December 2020.

13.     Plaintiff's duties as an Adjuster include inspecting vehicles for collision and comprehensive damages; customer service via the phone or in-person engagement; submitting claims on behalf individuals for vehicle repairs; submitting online forms in real time; and issuing checks on behalf of GEICO for insurance payouts.

14.    Plaintiff resides in the State of California and is over eighteen years of age. Plaintiff has been a resident of the State of California all relevant times described herein.

15.    Defendant GEICO is a Maryland corporation. On information and belief, Defendant is a wholly owned subsidiary of Berkshire Hathaway, Inc., and its headquarters are located at 5260 Western Avenue, Chevy Chase, Maryland, 20815. Defendant does business throughout the United States and maintains 18 regional offices which include offices in San Diego, California, in addition to its headquarters in Chevy Chase, Maryland.

16.    At all relevant times, Defendant has done business under the laws of California, has places of business in the State of California, including in this judicial district, and has employed Putative Class Members in this judicial district.  Defendant is a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201.  Defendant is also an "employer" as that term is used in the California Labor Code, the FLSA, and the IWC Wage Orders.

## JURISDICTION AND VENUE

17.    The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California Labor Code claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

18.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Southern District of California judicial district.

## **FACTUAL ALLEGATIONS**

19.    Defendant is in the business of providing vehicle insurance, property insurance, and business insurance. Defendant operates in all fifty states, including California.

20.    Plaintiff and putative Collective and Class Members are current or former Adjusters in California. The duties of Adjusters, including Plaintiff, include but are not limited to processing insurance claims, calling customers, inspecting vehicles for collision and comprehensive damages, maintaining and managing accurate funds for the issuance of claim payments, submitting reports online in real time, and driving to customer homes or working in auto body shops to assess vehicle damage.

21.    As Adjusters, Plaintiff and putative Collective and Class Members are expected to meet GEICO's required quota of processing or working on a certain number of claims or inspections and taking a certain number of customer calls within a given period. Plaintiff is informed, believes, and thereon alleges that the policies and practices of Defendant have at all relevant times been similar for Plaintiff and the putative Collective and Class Members, regardless of location in California.

22.    While working for Defendant, Plaintiff and putative Collective and Class Members are scheduled to work approximately seven hours and 45 minutes per day, five days a week, for a total of approximately 38.75 hours per week. Plaintiff and putative Collective and Class Members work these scheduled hours. However, Plaintiff and putative Collective and Class Members are regularly required by GEICO management to work additional hours beyond this scheduled time while off-the-clock and without receiving compensation. Plaintiff and putative Collective and Class Members typically work eight and a half to ten hours per day to fulfill the required workload and do not receive pay for all time worked in violation of the FLSA. For numerous workweeks during their employment by GEICO, Plaintiff and putative

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Reloj v. Government Employees Insurance Company Inc.*

Collective and Class Members worked off-the-clock and without compensation during overtime hours (more than 8 hours a day in California and more than 40 hours per week in all other states).

23.    GEICO disincentivizes Plaintiff and putative Collective and Class Members from reporting this off-the-clock or unrecorded time because reporting such time would negatively impact Plaintiff and putative Collective and Class Members' productivity metrics and evaluations. If an employee does not meet the required quota of claims, inspections and/or customer calls, the consequence is being written up or placed on probation or reduced performance metric scores causing negative ramifications for pay increases and promotion opportunities.

24.    In some instances, Plaintiff and putative Collective and Class Members begin the workday one hour prior to the start of their paid scheduled shifts to perform work activities which include, among other tasks, handling claims and calling customers and repair shops. This time worked is unpaid. Moreover, under Defendant's company-wide practice, Defendant requires Plaintiff and putative Collective and Class Members to log into Defendant's online system to submit claims and other documentation in real time. Therefore, Defendant knows or should know that work is being performed on its online system without compensation.

25.    Plaintiff and putative Collective and Class Members continue working after their shift ends to complete tasks including, but not limited to, submitting paperwork and claims, and following up on customer calls. These tasks are completed while being logged into Defendant's online system and are tracked in real time. Plaintiff and putative Collective and Class Members are not compensated for this time that Defendant requires, suffers, and/or permits them to work.

26.    Defendant also requires Plaintiff and putative Collective and Class Members to work off-the-clock to attend meetings, outside of their scheduled shifts and without pay.

27.    Plaintiff and putative Collective and Class Members use their personal vehicles to travel to semi-annual conference meetings. Travel time as well as the time spent at the conference meetings is also unpaid.

28.    In addition to claims and/or inspections quotas, Defendant utilizes a performance rating system that tracks volume, efficiency, and customer satisfaction in answering customer calls. As a result, Plaintiff and putative Collective and Class Members take customer calls before, during, and after scheduled shifts and must bring their cell phones to their unpaid meal breaks as a means of keeping their performance metrics high.

29.    All of this time that Defendant requires Plaintiff and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under federal and California law, including overtime premium pay for hours worked in excess of 40 per workweek.

30.    Moreover, Defendant routinely denies timely and compliant off-duty meal and rest periods for two primary reasons: (1) Defendant does not authorize, permit, and/or make available timely meal and rest breaks for Plaintiff and putative Collective and Class Members; and (2) Defendant knows or has reason to know that Plaintiff and putative Collective and Class Members are too busy with work during the day to have time to take bona fide meal and rest breaks.

31.    For example, Plaintiff and putative Collective and Class Members are allocated a 30 to 45-minute meal break to be taken at no specific time during a shift.  But, due to Defendant's required workload and quotas, Plaintiff and putative Collective and Class Members are often unable to take such breaks at all. Even when they do receive some form of meal break, Plaintiff and putative Collective and Class Members are often interrupted to perform work or answer customer calls, even though they are off-the-clock in Defendant's timekeeping records. As a result, Plaintiff and putative Collective and Class Members regularly work through unpaid

time that is allocated for a meal break. Defendant knows or should know about such uncompensated work performed during unpaid meal breaks.

32. In addition, on information and belief, Defendant and its managers routinely manipulate the timecards of these employees to make it appear that they took a timely and compliant meal break in order to avoid paying additional wages and penalties.

33. Plaintiff and putative Collective and Class Members are routinely denied full, timely, and uninterrupted rest periods as well. While Defendant denies compliant meal periods to these workers on most workdays, it virtually never provides compliant rest periods.

34. When Plaintiff and putative Collective and Class Members experience untimely or interrupted meal and rest breaks, or do not receive these breaks at all, Defendant fails to pay them the required premium pay.

35. Defendant does not provide Plaintiff and putative Collective and Class Members with accurate wage statements as required by California law. These workers receive wage statements that do not reflect all hours worked, premium pay for missed meal and rest breaks, and applicable overtime premiums.

36. Defendant does not provide Plaintiff and putative Collective and Class Members with full payment of all wages owed at the end of employment. These workers are owed wages and premium pay for all time worked, overtime, and missed meal and rest breaks when their employment ends. These amounts remain unpaid after voluntary and involuntary termination. As a consequence, Defendant is subject to waiting time penalties under the California Labor Code.

37. Plaintiff is informed, believes, and thereon alleges that Defendant's unlawful conduct has been widespread, repeated, and consistent as to the putative Collective and Class members and throughout Defendant's operations in California.

38.    Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiff and putative Collective and Class members in an amount to be determined at trial.  Defendant did not take requisite steps to ensure that Plaintiff and putative Collective and Class members were paid for all time worked.  Upon information and belief, Defendant did not conduct any study or audit of its compensation practices to ensure that Plaintiff and putative Collective and Class members did not perform work without compensation during any breaks.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

39.    Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated employees defined as:

> All current and former non-exempt, hourly employees of Defendant working as Auto Claim and/or Damage Adjusters (including similar roles with different titles) throughout California during the time period from three years prior to the filing of the complaint until resolution of this action. (the "Collective").

40.    Plaintiff, individually and on behalf of other similarly situated persons defined above, seeks relief on a collective basis challenging Defendant's policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation and required minimum wages. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiff may be determined from Defendant's records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

41.    Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

42.    The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy,

practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

43.    Plaintiff is representative of the members of the Collective and is acting on behalf of their interests as well as his own interests in bringing this action.

44.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective.  Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

45.    The similarly situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

46.    Plaintiff contemplates providing a notice or notices to the Collective, as approved by the Court, to be delivered via United States Mail. The notice or notices shall, among other things, advise each of the recipients that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

47.    Plaintiff brings the Second through Eighth Counts (the California Class Claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The California Class is initially defined as:

> All current and former non-exempt hourly employees of Defendant working as Auto Claim and/or Damage Adjusters (including similar roles with different titles) throughout the State of California during the time period

from four years prior to the filing of the complaint until resolution of this action. (the "California Class").

48. **Numerosity**:  Defendant has employed potentially thousands of non-exempt, hourly Adjusters during the applicable statutory period. The number of California Class members are therefore far too numerous to be individually joined in this lawsuit.

49. **Existence and Predominance of Common Questions**:  There are questions of law and fact common to Plaintiff and the California Class members that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a. Whether Defendant fails to authorize and permit, make available, and/or provide California Class members meal periods to which they are entitled in violation of the Labor Code and Wage Orders;

b. Whether Defendant fails to authorize and permit, make available, and/or provide California Class members meal periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq*.;

c. Whether Defendant fails to authorize and permit, make available, and/or provide California Class members rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

d. Whether Defendant fails to authorize and permit, make available, and/or provide California Class Members rest periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq*.;

e. Whether Defendant fails to compensate California Class members for all hours worked, including minimum wages and overtime compensation, in violation of the Labor Code and Wage Orders;

f.  Whether Defendant fails to compensate California Class members for all hours worked in violation of Business and Professions Code §§ 17200 *et seq*.;

g.  Whether Defendant has a policy and/or practice of requiring California Class members to perform work off-the-clock and without compensation;

h.  Whether Defendant fails to provide California Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

i.  Whether Defendant fails to pay California Class members all wages due upon the end of their employment in violation of the Labor Code and Wage Orders;

j.  Whether Defendant's failure to pay California Class members all wages due upon the end of their employment has been an unlawful, unfair, or fraudulent business act or practice in violation of Business and Professions Code §§ 17200 *et seq*.;

k.  The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the California Class members as alleged herein.

50.  **Typicality**:  Plaintiff's claims are typical of the claims of the California Class.  Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff and the California Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the California Class.

51.  **Adequacy**:  Plaintiff will fairly and adequately represent and protect the interests of the California Class because Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained Counsel competent and experienced in complex employment and wage and hour

class action litigation and intends to prosecute this action vigorously. Plaintiff and his Counsel will fairly and adequately protect the interests of the Class.

52. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all California Class members is not practicable, and questions of law and fact common to Plaintiff and putative Class Members predominate over any questions affecting only individual members of the Class. The injury suffered by each California Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

53. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

54. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

55. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

56. Plaintiff intends to send notice to all California Class members to the extent required under applicable class action procedures. Plaintiff contemplates providing a notice or notices to the California Class, as approved by the Court, to be delivered through the United State Mail. The notice or notices shall, among other things, advise the California Class that they shall be entitled to "opt out" of the class

certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all California Class members except those who affirmatively exclude themselves by timely opting out.

## FIRST CAUSE OF ACTION
### Violation of the Fair Labor Standards Act
#### (By Plaintiff and the Collective)

57.  Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

58.  The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

59.  At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

60.  Defendant is a covered employer required to comply with the FLSA's mandates.

61.  Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage.  See 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective.  29 U.S.C. § 211(c).

62.  Plaintiff and the Collective are victims of a uniform and company-wide compensation policy of not paying for hours worked prior to the start of a shift and after the shift ends. This uniform policy, in violation of the FLSA, has been applied

1  to current and former non-exempt, hourly Adjusters of Defendant, working in offices
2  throughout California.

3      63.    Plaintiff and the Collective are entitled to damages equal to the mandated
4  pay, including straight time, and overtime premium pay within the three years
5  preceding the filing of the original complaint, plus periods of equitable tolling,
6  because Defendant has acted willfully and knew or showed reckless disregard for
7  whether the alleged conduct was prohibited by the FLSA.

8      64.    Defendant has acted neither in good faith nor with reasonable grounds to
9  believe that its actions and omissions were not a violation of the FLSA, and as a result
10  thereof, Plaintiff and the Collective are entitled to recover an award of liquidated
11  damages in an amount equal to the amount of unpaid overtime pay and/or
12  prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

13      65.    As a result of the aforesaid violations of the FLSA's provisions, pay,
14  including straight time and overtime compensation, has been unlawfully withheld by
15  Defendant from Plaintiff and the Collective. Accordingly, Defendant is liable for
16  unpaid wages, together with an amount equal as liquidated damages, attorneys' fees,
17  and costs of this action.

18      66.    Wherefore, Plaintiff and the Collective request relief as hereinafter
19  provided.

20  **SECOND CAUSE OF ACTION**
   **Failure to Compensate for All Hours Worked**
21  **(By Plaintiff and the California Class)**

22      67.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though
23  fully set forth herein.

24      68.    Plaintiff alleges that Defendant willfully engaged and continues to
25  engage in a policy and practice of not compensating Plaintiff and California Class
26  members for all hours worked or spent in Defendant's control. Detailed above,
27  Defendant required, suffered, and/or permitted Plaintiff and the California Class to

28

1    perform work for the benefit of Defendant without compensation, with Defendant's

2    knowledge.

3        69.    California Labor Code § 200 defines wages as "all amounts for labor

4    performed by employees of every description, whether the amount is fixed or

5    ascertained by the standard of time, task, piece, commission basis or other method of

6    calculation."

7        70.    California Labor Code § 204(a) provides that "[a]ll wages … earned by

8    any person in any employment are due and payable twice during each calendar

9    month…."

10       71.    California Labor Code § 1194(a) provides as follows:

11           Notwithstanding any agreement to work for a lesser wage,

12   any employee receiving less than the legal minimum wage
     or the legal overtime compensation applicable to the

13   employee is entitled to recover in a civil action the unpaid
     balance of the full amount of this minimum wage or

14   overtime compensation, including interest thereon,
     reasonable attorneys' fees, and costs of suit.

15       72.    IWC Wage Orders 7-2001(2)(G) and 4-2001(2)(K) define hours worked

16   as "the time during which an employee is subject to the control of an employer, and

17   includes all the time the employee is suffered or permitted to work, whether or not

18   required to do so…."

19       73.    In violation of California law, Defendant knowingly and willfully refuses

20   to perform its obligation to provide Plaintiff and putative Class Members with

21   compensation for all time worked. Therefore, Defendant committed, and continues

22   to commit, the acts alleged herein knowingly and willfully, and in conscious

23   disregard of Plaintiff and California Class members' rights. Plaintiff and California

24   Class Members are thus entitled to recover nominal, actual, and compensatory

25   damages, plus interest, attorneys' fees, expenses and costs of suit.

26       74.    As a proximate result of the aforementioned violations, Plaintiff and the

27   putative Class have been damaged in an amount according to proof at time of trial.

28

75.     Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**(By Plaintiff and the California Class)**

76.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

77.     Defendants have maintained policies and procedures that force Plaintiff and California Class members to work off the clock, without compensation – let alone the minimum wage. Due to Defendant's systematic denial of payment for all hours worked, Plaintiff and California Class members are routinely compensated at a rate that is less than the statutory minimum wage.

78.     During the applicable statutory period, Labor Code §§ 1182.11, 1182.12, and 1197, and the Minimum Wage Order were in full force and effect and required that employees receive the minimum wage for all hours worked at the rate of eight dollars ($8.00) per hour commencing January 1, 2008, at the rate of nine dollars ($9.00) per hour commencing July 1, 2014, and at the rate of ten dollars ($10.00) per hour commencing January 1, 2016 and ending December 31, 2016. For employers with 26 or more employees, the minimum wage for all hours worked was ten dollars and fifty cents ($10.50) per hour from January 1, 2017 to December 31, 2017, inclusive; eleven dollars ($11.00) per hour from January 1, 2018 to December 31, 2018, inclusive; and twelve dollars ($12.00) per hour from January 1, 2019 to the present.

79.     IWC Wage Orders 4-2001(2)(K) and 7-2001(2)(G) define hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

80.     Labor Code § 1194(a) provides as follows:

1
2
3
4

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

81.     Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the Commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

82.     Plaintiff and the California Class members are not paid the statutory minimum wage for any work performed prior to the start of the shift/before logging in and any work performed after their scheduled shift ends even though they are under Defendant's control and cannot effectively use the time to their own benefit. This time is compensable as a matter of law.

83.      Defendant's unlawful compensation scheme has denied Plaintiff and the California Class the minimum wages to which they are entitled under the law. As explained above, Plaintiff and members of the California Class routinely have been subject to the Defendant's control without pay and performed work for which they are not compensated even at the statutory minimum wage.

84.     As a direct and proximate result of Defendant's unlawful acts and/or omissions, Plaintiff and the California Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

85.     Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**(By Plaintiff and the California Class)**

86.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

87.    Defendant does not properly compensate Plaintiff and California Class members with appropriate overtime premiums, including time-and-a half premiums based on their regular rate of pay, as required by California law.

88.    California Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

89.    California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

90.    California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

91.    Defendant's policies and practices of requiring Plaintiff and California Class members to perform work off-the-clock before and after their paid shifts are unlawful.  Even absent this off-the-clock work, many of Defendant's hourly, non-

exempt employees who work as Adjusters, including Plaintiff and California Class members, have worked over eight hours in a day and/or over forty hours in a week. Accordingly, as a result of Defendant's unlawful policy alleged herein of requiring Plaintiff and California Class members to perform off-the-clock work before the beginning of their paid shifts, while clocked out on meal breaks, and at other times Plaintiff and California Class members have worked overtime hours for Defendant without being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

92. Defendant has knowingly and willfully refused to perform its obligations to compensate Plaintiff and California Class members for all premium wages for overtime work. Defendant is liable to Plaintiff and California Class members alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff and California Class members are entitled to an award of attorneys' fees and costs as set forth below.

93. As a proximate result of the aforementioned violations, Plaintiff and California Class members have been damaged in an amount according to proof at time of trial.

94. Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**FIFTH CAUSE OF ACTION**
**Failure to Authorize, Permit, and/or Make Available Meal and Rest Periods**
**(By Plaintiff and the California Class)**

95. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

96. Defendant failed to make available and prevented full, timely, uninterrupted, compliant meal and rest breaks for Plaintiff and California Class members and required them to continue working during these breaks.

97.    Defendant also failed to Plaintiff and California Class members one hour of premium pay for missed breaks.

98.    California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders require Defendant to authorize, permit, and/or make available timely and compliant meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.  Labor Code § 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable Wage Orders.

99.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted and/or not made available.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

100.   Despite these requirements, Defendant has knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiff and California Class members the ability to take the timely and compliant off-duty meal and rest periods to which they are entitled.

101.   Defendant has also failed to pay Plaintiff and California Class members one hour of pay for each timely, compliant, off-duty meal and/or rest period that they are denied.

102.   Defendant's conduct described herein violates California Labor Code §§ 226.7 and 512 and the applicable Wage Orders.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and California Class members are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

103.   As a proximate result of the aforementioned violations, Plaintiff and California Class have been damaged in an amount according to proof at time of trial.

104.   Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**SIX CAUSE OF ACTION**
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(By Plaintiff and the California Class)**

105.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

106.   Some California Class members have left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages.  These earned, but unpaid, wages derive from time spent working outside of their scheduled and paid shifts, including opening the store and logging into computer system, answering business calls completing paperwork and submissions in order to obtain pay and reimbursements, working through meal periods, performing other work-related activities, as well as unpaid overtime compensation.

107.   California Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

108.   Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

109. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

110. Defendant willfully refused, and continues to refuse, to provide Plaintiff and the putative Class with pay for off-the-clock work, including but not limited to work performed while clocked out during meal periods, and with meal and rest period premium pay. As alleged above, Defendant knew and continues to know that Plaintiff and California Class members perform off-the-clock work before and after their scheduled or paid shifts. Defendant is aware Plaintiff and California Class members miss or have interrupted meal and rest breaks as a result of Defendant's unlawful policies and practices, but Defendant nevertheless refuses to pay for work performed during meal breaks or to authorize premium pay for missed or interrupted meal and rest periods.

111. Accordingly, Defendant willfully refused and continues to refuse to pay members of the California Class that left their employment with Defendant all the wages that were due and owing to them upon the end of their employment. As a result of Defendant's actions, California Class Members have suffered and continue to suffer substantial losses, including lost earnings and interest.

112. Defendant's willful failure to pay the former employees the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

113.   Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due.  Therefore, Plaintiff and California Class members are entitled to such penalties pursuant to Labor Code § 203, plus interest.

114.   As a proximate result of the aforementioned violations, Defendant is liable to Plaintiff and California Class members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial.

115.   Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Violations of Labor Code § 226 – Itemized Wage Statements**
**(By Plaintiff and the California Class)**

116.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

117.   Defendant does not provide Plaintiff and California Class members with accurate itemized wage statements as required by California law.

118.   California Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of

wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

119. The IWC Wage Orders also establish this requirement. (See IWC Wage Orders 4-2001(7) and 7-2001(7)).

120. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

121. Plaintiff and the California Class seeks to recover actual damages, costs, and attorneys' fees under this section.

122. Defendant fails to provide timely, accurate, itemized wage statements to Plaintiff and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. In particular, the wage statements the Defendant provides its employees, including to Plaintiff and California Class members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned. This is because, in part, Defendant does not count as "hours worked" the off-the-clock time its hourly, non-exempt employees who work as Adjusters spend performing certain work activities outside of their scheduled paid shifts answering business calls on their mobile phone, logging into the computer system, and other work-related activities.

123. Defendant's failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional. Although, as alleged herein, Defendant was aware that Plaintiff and California Class members performed off-the-clock work

outside of their scheduled and paid shifts, Defendant systematically fails to include this time worked in their wage statements.

124.   Plaintiff and California Class members have suffered injury as a result of Defendant's knowing and intentional failure to provide timely, accurate itemized wage statements to them in accordance with Labor Code § 226(a).  As a result of Defendant's violations, Plaintiff and the putative Class are required to undertake the difficult and costly task of attempting to reconstruct Defendant's incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

125.   As a proximate result of the aforementioned violations, Defendant is liable to Plaintiff and putative Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

126.   Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200, *et seq.***
**(By Plaintiff and the California Class)**

127.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

128.   The UCL, California Business and Professions Code §§ 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

129.   Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

130.   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not

required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

131.   Beginning at an exact date unknown to Plaintiff and California Class members, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the UCL by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

      a.   violations of Labor Code §§ 200, 204, 1194, and 1198 and applicable IWC Wage Orders pertaining to the payment of wages for all hours worked;

      b.   violations of Labor Code § 510 and applicable IWC Wage Orders pertaining to overtime;

      c.   violations of Labor Code §§ 226.7 and 512 and applicable IWC Wage Orders pertaining to meal and rest breaks;

      d.   violations of Labor Code §§ 201-203 pertaining to waiting time; and

      e.   violations of Labor Code § 226 regarding accurate, timely itemized wage statements.

132.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, et seq.

133.   The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, UCL. Among other things, the acts and practices have taken from Plaintiff and California Class members wages

1    rightfully earned by them, while enabling the Defendant to gain an unfair competitive

2    advantage over law-abiding employers and competitors.

3        134.   Business and Professions Code § 17203 provides that the Court may

4    make such orders or judgments as may be necessary to prevent the use or employment

5    by any person of any practice which constitutes unfair competition.  Injunctive relief

6    is necessary and appropriate to prevent Defendant from repeating the unlawful, unfair

7    and fraudulent business acts and practices alleged above.

8        135.   As a direct and proximate result of the aforementioned acts and practices,

9    Plaintiff and California Class members have suffered a loss of money and property,

10   in the form of unpaid wages which are due and payable to them.

11       136.   Business and Professions Code § 17203 provides that the Court may

12   restore to any person in interest any money or property which may have been acquired

13   by means of such unfair competition.  Plaintiff and California Class members are

14   entitled to restitution pursuant to Business and Professions Code § 17203 for all

15   wages and payments unlawfully withheld from employees during the four-year

16   period prior to the filing of this Complaint.

17       137.   Plaintiff's success in this action will enforce important rights affecting

18   the public interest and, in that regard, Plaintiff sues on behalf of herself and others

19   similarly situated.  Plaintiff and California Class members seek and are entitled to

20   unpaid wages, declaratory relief, and all other equitable remedies owing to them.

21       138.   Plaintiff herein take it upon herself to enforce these laws and lawful

22   claims. There is a financial burden involved in pursuing this action, the action is

23   seeking to vindicate a public right, and it would be against the interests of justice to

24   penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this

25   action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5

26   and otherwise.

27

28

1    139.    Wherefore, Plaintiff and the California Class request relief as hereinafter

2    provided.

3                            **PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff prays for relief as follows:

5        140.    Damages and restitution according to proof at trial for all unpaid wages

6    and other injuries, as provided by the FLSA, California Labor Code, and other laws

7    of the State of California.

8        141.    For a declaratory judgment that Defendant has violated the FLSA,

9    California Labor Code, the laws of the State of California, and public policy as

10   alleged herein;

11       142.    For a declaratory judgment that Defendant has violated California

12   Business and Professions Code §§ 17200, *et seq.*, as a result of the aforementioned

13   violations of the California Labor Code and of California public policy protecting

14   wages;

15       143.    For preliminary, permanent, and mandatory injunctive relief prohibiting

16   Defendant, its officers, agents, and all those acting in concert with them from

17   committing in the future those violations of law herein alleged;

18       144.    For an equitable accounting to identify, locate, and restore to all current

19   and former employees the wages they are due, with interest thereon;

20       145.    For an order awarding Plaintiff and the Collective and Class Members

21   liquidated and compensatory damages, including lost wages, earnings, and other

22   employee benefits, restitution, and all other sums of money owed to Plaintiff and

23   Members of the Collective and the Class, together with interest on these amounts,

24   according to proof;

25       146.    For an order awarding Plaintiff and the Class Members civil penalties

26   pursuant to the California Labor Code provisions cited herein, with interest thereon;

27

28

147.    For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, and the laws of the State of California.

148.    For all costs of suit;

149.    For interest on any damages and/or penalties awarded, as provided by applicable law; and

150.    For such other and further relief as this Court deems just and proper.

Date: October 8, 2021                    Respectfully submitted,


Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Brett D. Watson (SBN 327669)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
bwatson@schneiderwallace.com

Paige T. Bennett (SBN 288009)
paige.bennett@dtlawyers.com
DANIELS & TREDENNICK PLLC
6363 Woodway Drive, Suite 700
Houston, Texas 77057
Telephone: (713) 917-0024
Facsimile: (713) 917-0026

Gregg I. Shavitz*
Tamra Givens*
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com
Shavitz Law Group, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone:  (561) 447-8888
Facsimile:  (561) 447-8831

Michael Palitz*
mpalitz@shavitzlaw.com
Shavitz Law Group, P.A.

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Reloj v. Government Employees Insurance Company Inc.*

800 Third Avenue, Suite 2800
New York, New York 10022
Telephone:  (800) 616-4000
Facsimile:  (561) 447-8831

*Application for admission *pro hac vice*
forthcoming.

**Attorneys for Plaintiff and the**
**Putative Collective and Class**

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Reloj v. Government Employees Insurance Company Inc.*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the putative Collective and Class are entitled to a jury.

Respectfully submitted,

Date: October 8, 2021

_____
Carolyn H. Cottrell
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

***Attorneys for Plaintiff and the***
***Putative Collective and Class***

COLLECTIVE AND CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL
*Reloj v. Government Employees Insurance Company Inc.*