UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD RELOJ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE CO, INC.,<br><br>Defendant. | Case No.: 21cv1751-L (MSB)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART JOINT MOTION TO EXTEND PRE-TRIAL DATES [ECF NO. 95]**<br><br>**AND**<br><br>**(2) ISSUING FOURTH AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

Pending before the Court is the parties' "Joint Motion to Extend Pre-Trial Dates," wherein the parties ask the Court to continue all remaining scheduling deadlines by two months. (ECF No. 95.) In support, the parties explain that due to internal changes at GEICO, their global mediation with the Honorable Michael Marcus (Ret.) was rescheduled from March 6, 2023, to April 19, 2023. (Id. at 3–4.) They believe a further continuance of pre-trial dates will allow the parties "to conduct a productive mediation

prior to the class certification filing deadline." (Id. at 4.) Additionally, the parties argue a continuance may allow the parties to have the benefit of rulings on Plaintiff's Motion for Conditional Collective Action Certification [ECF No. 50] and Defendant's Motion for Summary Judgment [ECF No. 72]. (Id.) Accordingly, they request the Court modify the operative Scheduling Order [ECF No. 78] by extending all case deadlines two months, with a final Pretrial Conference date of March 29, 2024. (Id. at 7.) The Court held a telephonic Status Conference on February 21, 2023, to discuss scheduling in this case. (ECF No. 97.)

Having considered the parties' arguments and after consulting with the chambers of District Judge Lorenz, the Court **GRANTS in part** and **DENIES in part** the Parties' Joint Motion [ECF No. 95]. The Court finds good cause to extend the deadlines for fact discovery and the motion for class certification only. Accordingly, the Court **ISSUES** the following Fourth Amended Scheduling Order Regulating Discovery and Other Pretrial Proceedings:

## Discovery

1. All fact discovery shall be completed by all parties on or before **August 22, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. All interrogatories, requests for admission, and document production requests must be served by **February 21, 2023**.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions must be raised with the Court within **30 days** of the event giving rise to the dispute. For oral discovery, the event giving rise to the dispute is the completion of the transcript of the relevant portion of the deposition. For written discovery, the event giving rise to the

discovery dispute is the date of service of the response, **not** the date on which counsel reach an impasse in meet and confer efforts.  If a party fails to provide a discovery response, the event giving rise to the discovery dispute is the date response was due.

The Court's procedures for resolving discovery disputes are set forth in Magistrate Judge Michael S. Berg's Civil Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2.  No later than **May 22, 2023**, the parties shall designate their respective experts in writing.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be no later than **June 6, 2023**.  The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

3.  No later than **July 10, 2023**, each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as a party's employee regularly involve giving expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use the undisclosed evidence or testimony at any hearing or at trial.  In addition, the court may impose sanctions as permitted by Rule 37(c).**

4.  No later than **July 24, 2023**, the parties shall supplement their disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D).

5.  All expert discovery shall be completed by all parties no later than **August 22, 2023**.  The parties shall comply with the same procedures set forth in the

paragraph governing fact discovery.

6. Failure to comply with this section or any other discovery order of the court may result in Rule 37 sanctions, including preclusion of expert or other designated evidence.

### Motion Briefing

7. Any motion for class certification must be filed on or before **August 22, 2023.** Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in a motion not being heard.

8. Except for motions *in limine*, all pretrial motions must be filed no later than **September 20, 2023**.  As provided herein and in the Standing Order, **certain motions, including motions for class certification, must be filed well before this date.**

9. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date of requesting a motion date and the hearing date typically exceeds 30 days.  Failure to make a timely request for a motion date may result in the motion not being heard.

10. Motion briefing must comply with all applicable Rules, Local Rules, Standing Order, Chambers Rules and court orders.

### Mandatory Settlement Conference

11. A Mandatory Settlement Conference shall be conducted on **December 13, 2023**, at **1:30 p.m.**, in the chambers of **Magistrate Judge Michael S. Berg** located at **221 West Broadway, second floor, San Diego, CA 92101**.  All discussions at the Mandatory Settlement Conference will be informal, off the record, privileged, and confidential.  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

a. **Personal Appearance of Parties Required**:  All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present **in person** and legally and factually prepared to discuss and resolve the case.  Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

b. **Full Settlement Authority Required**:  A party or party representative with full settlement authority[1] must be present at the conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.  A government entity may be excused from this requirement so long as the government attorney who attends the Mandatory Settlement Conference has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

c. **Confidential Settlement Statements Required**: On or before **December 6, 2023**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements.  The statements are limited to ten (10) pages, plus an additional ten (10) pages of exhibits.  Each party's settlement statement must outline (1) the nature of the case and the claims, (2) position on liability or defenses; (3)

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts.  The Mandatory Settlement Conference statement **must not merely repeat** what was contained in the Early Neutral Evaluation conference brief or any earlier settlement brief.  The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case.  To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits.  Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

If a specific demand or offer cannot be made at the time the settlement statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated.  Further, the party must explain when they will be in a position to state a demand or offer.  General statements such as a party will "negotiate in good faith" is **not** a specific demand or offer.  The settlement statement should be submitted confidentially and need not be shared with other parties.

d. **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference, or request for relief from any of the provisions or requirements of this Order, must be sought by a **written application**.  **Absent good cause, requests for continuances will not be considered unless submitted in writing no fewer than seven (7) calendar days prior to the scheduled conference.**

**If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written joint notice confirming the complete settlement of the case is filed no fewer than twenty-four (24) hours before the scheduled conference.**

///
///

## Final Pretrial Conference

12. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

13. No later than **December 29, 2023**, counsel shall comply with Rule 26(a)(3) pre-trial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

14. No later than **January 8, 2024**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule 26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

15. Counsel for plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f). No later than **January 12, 2024**, plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's counsel concerning any objections to form or content. Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

16. The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **January 22, 2024**, and shall comply with Local Rule 16.1(f)(6).

17. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **January 29, 2024**, at **11:00 a.m.** Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from Judge Lorenz at the Final Pretrial Conference.

///

7

21cv1751-L (MSB)

## Additional Provisions

18. Upon parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

19. The dates and times set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated:  February 22, 2023

Honorable Michael S. Berg
United States Magistrate Judge