UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD RELOJ, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY INC.,<br><br>Defendant. | Case No.: 21cv1751-L (MSB)<br><br>**DISCOVERY ORDER**<br>**[ECF NO. 178]** |

Currently before the Court is Defendant Government Employees Insurance Company's ("GEICO" or "Defendant") ex parte motion seeking to compel thirteen opt-in plaintiffs to appear for depositions and for $20,155.95 in sanctions. (ECF No. 178 ("Motion").) GEICO explains that the $20,155.95 represents the "reasonable costs and attorney fees incurred by Defendant in connection with plaintiffs' failure to appear and this proceeding." (Id. at 2.) Plaintiff Conrad Reloj and the Putative Collective and Class (collectively, "Plaintiffs") filed an Opposition on November 2, 2023, explaining that while they "do not contest the issuance of an order compelling deposition attendance for the Opt-in Plaintiffs at issue, Plaintiffs vehemently oppose the imposition of monetary sanctions." (ECF No. 179 ("Opposition").) The Court determines that the Motion may

be decided without oral argument.  See Civ. LR 7.1(d).  For the reasons discussed below, the Court **GRANTS** GEICO's motion to compel depositions for the thirteen Opt-In Plaintiffs at issue and **DENIES** GEICO's request for monetary sanctions.

## I.   BACKGROUND

### a.  Procedural History

Plaintiff is a former non-exempt, hourly Auto Damage Adjuster for GEICO in San Diego, California.  (ECF No. 1 at 2.)  On October 8, 2021, Plaintiff filed a complaint on behalf of all similarly situated non-exempt adjusters in California alleging, among other things, violations of the Fair Labor Standards Act ("FLSA"), California Labor Code, and California Business and Professions Code ("Unfair Competition Law").  (Id.).  Specifically, Plaintiff alleged GEICO failed to: (1) pay for all hours worked; (2) pay minimum wage; (3) pay overtime wages; (4) make available uninterrupted rest and meal breaks; (5) provide accurate itemized wage statements; and (6) pay all wages due upon termination of employment.  (Id.)  On March 30, 2023, the Court granted Plaintiff's motion to conditionally certify a FLSA collective action.  (ECF No. 101.)  On September 8, 2023, the Court granted Defendant's motion for summary judgment as to the claim alleging violations of California's Unfair Competition Law but denied it in all other respects.  (ECF No. 166.)

The case is currently in discovery, with the parties set to complete expert discovery by December 21, 2023.  (See ECF No. 175 at 2.)  Relevant to the instant Motion, on June 26, 2023 the Court ordered that the parties take the depositions of thirty opt-in plaintiffs ("Opt-In Plaintiffs"), with each side selecting half.[1]  (ECF No. 131 at 2.)  The Court's Order provided for the depositions to "begin as soon as possible . . . **on dates that are mutually agreeable for the witness and counsel for both sides**." (Id.

---

[1] The Court's Order formalized the terms the parties set forth in their "Joint Motion Concerning Opt-In Discovery and Plaintiff's Set Two Discovery Requests."  (ECF No. 130.)

(emphasis added).) Following two extensions, the deadline to complete depositions and rolling productions as to the selected Opt-In Plaintiffs is now November 30, 2023. (ECF Nos. 170 & 175.)

### b. Factual Background

GEICO represents that on approximately August 25, 2023, the parties agreed to designate new Opt-In Plaintiffs to be deposed because thirty depositions had not yet been completed.[2] (Mot. at 4; ECF No. 178-2 at 3.) On September 15, 2023, GEICO's counsel provided Plaintiffs' counsel with the list of the final group of Opt-In Plaintiffs to be deposed. (Mot. at 4; ECF No. 178-3 at 2.) After multiple attempts to coordinate depositions—and due to the looming discovery deadline—GEICO's counsel asserts it was forced to unilaterally notice depositions on September 29, 2023. (Mot. at 4–5.) The notices of depositions went out to thirteen Opt-In Plaintiffs: Angela Davila, Robert Anzalone, Jesse Arce, Asad Amin, Miguel Bahena, Courtney Miller, Robert Cangiano, Enrique Lim, Katie Jones, Natalie Gonzalez, Tanja Cardoza, Jose Melendez, and Harutyun Agdayan. (ECF No. 178-4.)

Plaintiffs' counsel contends that throughout the opt-in discovery process, it diligently worked to coordinate depositions and provided ample notice that "it was experiencing difficulty in securing availability for a considerable number of Opt-in Plaintiffs." (Opp'n at 3–4.) On October 5, 2023 and October 24, 2023, Plaintiffs' counsel served objections to the unilaterally noticed depositions, which stated in relevant part:

> As the notice of deposition unilaterally set a deposition date . . . Opt-in Plaintiff objects that the notice of deposition fails to comply with the Court's Order Granting Joint Motion Concerning Opt-in Discovery and Plaintiff's Set Two Discovery Requests. See ECF No. 131 (depositions for Opt-in Plaintiffs will proceed "on dates that are mutually agreeable for the witness and counsel for both sides.").

---

[2] The parties engaged in several rounds of substitutions for unresponsive Opt-In Plaintiffs. (Opp'n at 9.) Additionally, between August 28, 2023 and October 26, 2023, Plaintiffs' counsel filed notices of withdrawal for numerous individuals who previously joined the action as Opt-In Plaintiffs but failed to appear for depositions. (Mot. at 4; Opp'n at 5; ECF Nos. 159, 161, 163–65, 171–72.)

(Opp'n at 10; ECF No. 178-5.)  Thereafter, GEICO's counsel informed opposing counsel "that because of plaintiffs' failure to provide available dates for the depositions, the depositions would go forward as noticed and if plaintiffs failed to appear GEICO would take nonappearances." (Mot. at 5; ECF No. 178-3 at 2.)  GEICO's counsel indicated the cost of nonappearances was approximately $550.  (Mot. at 7; ECF No. 178-3 at 2.)  The depositions went forward, and GEICO took the nonappearances for the thirteen Opt-In Plaintiffs listed above.  (Mot. at 5; ECF No. 178-6.)

   **c.  <u>Instant Discovery Dispute</u>**

  On October 31, 2023, the undersigned held an Informal Discovery Conference ("IDC"), during which the parties discussed the nonappearances of the thirteen Opt-In Plaintiffs and GEICO's counsel stated its desire to file a motion to compel their depositions.  (ECF No. 174.)  Plaintiffs' counsel responded that it did not oppose this request; thus, the Court gave GEICO permission to proceed with filing its motion.  Notably, at no point during the IDC did GEICO's counsel disclose that it would be pursuing fees and costs.  Based on the representations of counsel, the Court also agreed to continue the deadline to complete depositions and rolling productions as to the Opt-In Plaintiffs until November 30, 2023.  (ECF No. 175.)

  In the instant Motion, GEICO asks the Court to issue an order compelling the thirteen Opt-In Plaintiffs to appear for depositions and imposing sanctions of $20,155.95 on Plaintiffs and their counsel.  (Mot. at 4.)  GEICO says it incurred $11,187.50 in costs for counsel taking the appearances, appearing at the IDC, and preparing this Motion, plus $8,968.45 in court reporter costs for the nonappearance transcripts.  (Mot. at 6, 9; ECF 178-1 at 4.)  As was the case at the IDC, Plaintiffs do not contest the issuance of an order compelling the depositions of the Opt-In Plaintiffs at issue.  (Opp'n at 2.)  However, they oppose the imposition of sanctions, arguing "GEICO unilaterally noticed deposition dates in violation of the Court's Order . . . [and] had attorneys and court reporters show up at depositions that it knew were not going forward." (Opp'n at 2.)

Plaintiffs' counsel contends that GEICO should not be rewarded with sanctions "for a situation that it willfully contrived." (Id.)

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery regarding any unprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial to be discoverable. Id. District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; the requesting party "has had ample opportunity" to obtain discovery; or the discovery sought is beyond the scope of Federal Rule of Civil Procedure 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 30 authorizes parties to take the deposition of "any person," generally without the court's permission. Fed. R. Civ. P. 30(a)(1). "If a person is a party, a simple notice of deposition is sufficient to compel attendance, while a non-party's attendance can be compelled only by subpoena." Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1158 (9th Cir. 2010.). When cooperation breaks down, Federal Rule of Civil Procedure 37 allows parties to seek orders compelling disclosure or discovery. See Fed. R. Civ. P. 37(a)(3). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." Bryant v. Ochoa, No. 07cv200-JM(PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citations omitted). "The party who resists discovery has the burden to show discovery should not be allowed, and has the

burden of clarifying, explaining, and supporting its objections." Keith H. v. Long Beach Unified Sch. Dist., 228 F.R.D. 652, 655–56 (C.D. Cal. 2005) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). Under Rule 37, district courts have broad discretion to impose sanctions in response to litigation misconduct. If a motion to compel discovery is granted, Rule 37 ordinarily requires a court to order the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A)). However, the rules provide that the court need not order payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

### III.  DISCUSSION

#### a. Motion to Compel Depositions

GEICO's counsel argues that the thirteen Opt-In Plaintiffs' failure to appear for properly noticed depositions is not justified. (Mot. at 6–8.) Although Plaintiffs' counsel disagrees with the way GEICO unilaterally noticed depositions, it does not oppose issuance of an order compelling these individuals to be deposed. (Opp'n at 2.) Pursuant to Rule 30(a)(1), GEICO is permitted to depose the Opt-In Plaintiffs because they are parties to this case. Fed. R. Civ. P. 30(a)(1). When a deposition is properly noticed, the opposing party must obtain a protective order before the deposition date to relieve the deponent of the duty to appear. See Pioche Mines Consol., Inc. v. Dolman, 333 F.2d 257, 269 (9th Cir. 1964) (finding that unless a proposed deponent obtains a court order that postpones or dispenses with his duty to appear for a noticed deposition, the duty to appear remains), cert. denied, 380 U.S. 956 (1965). Here, although Plaintiffs' counsel

served objections to the notices of depositions and informed GEICO's counsel it was having trouble securing availability of numerous individuals, this did not relieve the Opt-In Plaintiffs of their duty to appear, absent a protective order.  See <u>Elizondo v. SeaWorld Parks & Ent., Inc.</u>, No. 20cv829-GPC(BGS), 2021 WL 1923287, at *9 (S.D. Cal. May 13, 2021) (holding a party's "notification that he was not going to appear at the depositions is not a substitute" for a protective order).

Based on the foregoing and because Plaintiffs do not oppose the request, the Court finds good cause exists to **GRANT** GEICO's motion to compel the depositions of the Opt-In Plaintiffs at issue.  Angela Davila, Robert Anzalone, Jesse Arce, Asad Amin, Miguel Bahena, Courtney Miller, Robert Cangiano, Enrique Lim, Katie Jones, Natalie Gonzalez, Tanja Cardoza, Jose Melendez, and Harutyun Agdayan are **ORDERED** to appear for depositions within approximately two weeks from the Court's order, on business days, and during business hours that are **mutually agreeable for the witness and counsel for both sides**.

### b. Request for Sanctions

GEICO also seeks $20,155.95 in "reasonable costs and attorney fees incurred by Defendant in connection with plaintiffs' failure to appear and this proceeding." (Mot. at 2, 8–9.)  Plaintiffs vehemently oppose the imposition of sanctions, contending GEICO should not be rewarded for needlessly incurring costs and violating the Court's Order on opt-in discovery, which required the parties to select "mutually agreeable" deposition dates.  (Opp'n at 10–11.)  The Court agrees with Plaintiffs.

If a motion to compel discovery is granted, Federal Rule of Civil Procedure 37 normally requires the court to order the "party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  However, there are exceptions if the movant failed to meet and confer, the opposing party was substantially justified, or other circumstances militate against awarding expenses.  See Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii); see also

Eclipse Grp. LLP v. Target Corp., No. 15cv1411-JLS(BLM), 2017 WL 2103573, at *4 (S.D. Cal. May 12, 2017). Here, the totality of the circumstances weigh against awarding GEICO sanctions. As an initial matter, GEICO failed to disclose that it would be pursuing fees and costs at the IDC on October 31, 2023, but one day later filed the instant Motion seeking more than $20,000 in sanctions. (ECF Nos. 174 & 178.) GEICO's lack of transparency regarding sanctions is troubling, particularly considering the other side's willingness to not oppose the motion to compel depositions. Second, the Court agrees with Plaintiffs that the June 26, 2023 Order explicitly required opt-in depositions to proceed on dates that are "mutually agreeable" for the witness and both sets of counsel. (ECF No. 131 at 2.) By unilaterally noticing depositions, GEICO violated the Court's Order and the parties' joint agreement. (ECF Nos. 130 & 131.) Third, GEICO was put on notice that the thirteen Opt-In Plaintiffs at issue were unlikely to appear for their depositions, yet proceeded to repeatedly accrue attorney and reporter fees to take their nonappearances. (Opp'n at 9.) Instead of this gamesmanship, GEICO could have sought the Court's intervention much earlier than October 27, 2023—when it first reached out to request an IDC. (ECF No. 173.)

Further, the Court finds Plaintiffs' counsel acted reasonably by substituting numerous Opt-In Plaintiffs who were non-responsive and diligently working to secure deposition availability. (Opp'n at 3, 9, 12.) As of November 2, 2023, Plaintiffs reported that the parties had completed twenty-four opt-in depositions— thus, it appears Plaintiffs have made a good faith effort to complete the agreed-upon thirty depositions as expeditiously as possible. (Id. at 3.) Finally, in the context of FLSA cases, Ninth Circuit courts have routinely required defendants to obtain court orders to compel the participation of non-responsive opt-in plaintiffs prior to imposing sanctions. See, e.g., Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (holding that dismissal is a "harsh penalty imposed only in extreme circumstances"); Zissa v. Cnty. of Los Angeles, 2020 WL 11613657, at *2 (C.D. Cal. Nov. 25, 2020) (denying motion for default judgment or dismissal where Defendant had not filed a motion to compel); Davis v.

Westgate Planet Hollywood Las Vegas, LLC, No. 2:08CV722, 2010 WL 5490775, at *3 (D. Nev. Nov. 8, 2010) (dismissing opt-in plaintiffs only after they "completely disregarded the court's [discovery] order and failed to respond").  Considering these circumstances, the Court finds monetary sanctions are not warranted.  Should the thirteen Opt-In Plaintiffs fail to abide by the Court's new Order to appear for depositions, they may face sanctions.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** GEICO's motion to compel depositions for the thirteen Opt-In Plaintiffs at issue and **DENIES** GEICO's request for monetary sanctions.

**IT IS SO ORDERED**.

Dated:  November 17, 2023

_____
Honorable Michael S. Berg
United States Magistrate Judge