Kristin Walker-Probst (State Bar No. 206389)
Courtney C. Wenrick (SBN 286380)
**WOMBLE BOND DICKINSON (US) LLP**
400 Spectrum Center Drive, Suite 1700
Irvine, California 92618
Telephone: (714) 557-3800
Facsimile: (714) 557-3347
Emails: Kristin.Walker-Probst@wbd-us.com
        Courtney.Wenrick@wbd-us.com

Attorneys for Defendant,
GOVERNMENT EMPLOYEES
INSURANCE COMPANY INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD RELOJ, on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. d/b/a GEICO,<br><br>   Defendant. | Case No.: 3:21-cv-01751-L-MSB<br><br>**DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**<br><br>Action filed: October 18, 2021<br>Trial date:  None set |

Defendant Government Employees Insurance Company ("GEICO" or "Defendant") answers the Frist Amended Collective, Class and PAGA Complaint (ECF No. 269) ("Complaint") filed pursuant to the Court's January 30, 2025 Order (ECF No. 268) regarding settlement deadlines as follows:

## INTRODUCTION

  1.  Paragraph 1 is introductory and contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GEICO denies the allegations in this paragraph and denies that it violated

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

any law whatsoever.

2.      Paragraph 2 is also introductory and contains legal conclusions and/or opinions that are not subject to admission or denial. To the extent a response is required, GEICO denies the allegations in this paragraph and denies that it violated any law whatsoever.

3.      Defendant admits that Conrad Reloj ("Reloj" or "Plaintiff") is a former non-exempt, hourly employee who worked as Auto Damage Adjuster for GEICO in San Diego, California. Defendant admits that it provides car insurance, and that the role of an auto damage adjuster is in part to investigate insurance claims. The remainder of Paragraph 3 is introductory and contains legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

4.      Defendant denies Paragraph 4.

5.      Defendant denies Paragraph 5.

6.      Paragraph 6 is introductory and contains legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

7.      Defendant denies Paragraph 7.

8.      Defendant denies Paragraph 8.

9.      Defendant denies Paragraph 9.

10.     Defendant denies Paragraph 10.

11.     Paragraph 11 is introductory and contains legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

12.     Paragraph 12 is introductory and contains legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

///

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

13.    Paragraph 13 is introductory and contains legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

14.    Paragraph 14 is introductory and contains legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

## PARTIES

15.    Defendant admits Paragraph 15, with clarification that Reloj's job title was Auto Damage Adjuster.

16.    Defendant admits Paragraph 16, with clarification that Auto Damage Adjusters do not submit claims for vehicle repairs and that Paragraph 16 is not a complete description of the job duties.

17.    Defendant lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies each and every such allegation on that basis.

18.    Defendant admits that it is an indirectly wholly owned subsidiary of Berkshire Hathaway Inc., that its headquarters is in Chevy Chase, Maryland, and that it does business throughout the United States. Defendant denies the remaining allegations of Paragraph 18.

19.    Defendant admits Paragraph 19.

## JURISDICTION AND VENUE

20.    Defendant admits that the Court has federal question jurisdiction over Plaintiff's FLSA claims and supplemental jurisdiction over Plaintiff's California Labor Code and PAGA claims. Except as expressly admitted herein, the remaining allegations of Paragraph 20 are introductory and contain legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

///

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

1     21.    Defendant admits venue over claims arising in the Southern District of

2 California. The remaining allegations of Paragraph 21 are denied.

3 **<u>FACTUAL ALLEGATIONS</u>**

4     22.    Defendant admits Paragraph 22.

5     23.    Defendant admits Paragraph 23, except that Auto Damage Adjusters do

6 not maintain or manage funds.

7     24.    Defendant denies Paragraph 24.

8     25.    Defendant denies Paragraph 25.

9     26.    Defendant denies Paragraph 23.

10     27.    Defendant denies Paragraph 24.

11     28.    Defendant denies Paragraph 25.

12     29.    Defendant denies Paragraph 26.

13     30.    Defendant admits that Plaintiff might have used his personal vehicle.

14 Defendant denies the remaining allegations in Paragraph 30.

15     31.    Defendant admits that it has a call system. The allegations of Paragraph

16 31 are otherwise denied.

17     32.    Defendant denies Paragraph 32.

18     33.    Defendant denies Paragraph 33.

19     34.    Defendant denies Paragraph 34.

20     35.    Defendant denies Paragraph 35.

21     36.    Defendant denies Paragraph 36.

22     37.    Defendant denies Paragraph 37.

23     38.    Defendant denies Paragraph 38.

24     39.    Defendant denies Paragraph 39.

25     40.    Defendant denies Paragraph 40.

26     41.    Defendant denies Paragraph 41.

27 ///

28 ///

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

42.     Paragraph 42 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

43.     Defendant denies Paragraph 43.

44.     Paragraph 44 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

45.     Defendant denies Paragraph 45.

46.     Defendant denies Paragraph 46.

47.     Defendant denies Paragraph 47.

48.     Defendant denies Paragraph 48.

49.     Paragraph 49 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

## CLASS ALLEGATIONS UNDER FED. R. CIV. P. 23

50.     Paragraph 50 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

51.     Paragraph 51 and its subparts consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

52.     Defendant denies Paragraph 52.

53.     Defendant denies Paragraph 53.

54.     Defendant denies Paragraph 54.

55.     Defendant denies Paragraph 55.

56.     Paragraph 56 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

said allegations.

57.    Paragraph 57 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

58.    Paragraph 58 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

59.    Paragraph 59 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

## **FIRST CAUSE OF ACTION**

60.    Paragraph 60 incorporates by reference the preceding paragraphs; likewise, Defendant incorporates its response in accordance with the above as though fully set forth herein.

61.    Paragraph 61 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

62.    Defendant admits Paragraph 62.

63.    Defendant admits Paragraph 63.

64.    Defendant denies Paragraph 64.

65.    Defendant denies Paragraph 65.

66.    Defendant denies Paragraph 66.

67.    Defendant denies Paragraph 67.

68.    Defendant denies Paragraph 68.

69.    Paragraph 69 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

///

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

1

## SECOND CAUSE OF ACTION

70.    Paragraph 70 incorporates by reference the preceding paragraphs; likewise, Defendant incorporates its response in accordance with the above as though fully set forth herein.

71.    Defendant denies Paragraph 71.

72.    Paragraph 72 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

73.    Paragraph 73 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

74.    Paragraph 74 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

75.    Paragraph 75 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

76.    Defendant denies Paragraph 76.

77.    Defendant denies Paragraph 77.

78.    Paragraph 78 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

## THIRD CAUSE OF ACTION

79.    Paragraph 79 incorporates by reference the preceding paragraphs; likewise, Defendant incorporates its response in accordance with the above as though fully set forth herein.

80.    Defendant denies Paragraph 80.

81.    Paragraph 81 consists of legal conclusions and/or opinions that are not

7

subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

82.    Paragraph 82 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

83.    Paragraph 83 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

84.    Paragraph 84 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

85.    Defendant denies Paragraph 85.

86.    Defendant denies Paragraph 86.

87.    Defendant denies Paragraph 87.

88.    Paragraph 88 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

## **FOURTH CAUSE OF ACTION**

89.    Paragraph 89 incorporates by reference the preceding paragraphs; likewise, Defendant incorporates its response in accordance with the above as though fully set forth herein.

90.    Defendant denies Paragraph 90.

91.    Paragraph 91 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

92.    Paragraph 92 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

93.    Paragraph 93 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

94.    Defendant denies Paragraph 94.

95.    Defendant denies Paragraph 95.

96.    Defendant denies Paragraph 96.

97.    Paragraph 97 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

## FIFTH CAUSE OF ACTION

98.    Paragraph 98 incorporates by reference the preceding paragraphs; likewise, Defendant incorporates its response in accordance with the above as though fully set forth herein.

99.    Defendant denies Paragraph 99.

100.    Defendant denies Paragraph 100.

101.    Paragraph 101 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

102.    Paragraph 102 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

103.    Defendant denies Paragraph 103.

104.    Defendant denies Paragraph 104.

105.    Defendant denies Paragraph 105.

106.    Defendant denies Paragraph 106.

107.    Paragraph 107 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

1    **SIXTH CAUSE OF ACTION**

2      108.   Paragraph 108 incorporates by reference the preceding paragraphs;

3  likewise, Defendant incorporates its response in accordance with the above as though

4  fully set forth herein.

5      109.   Defendant denies Paragraph 109.

6      110.   Paragraph 110 consists of legal conclusions and/or opinions that are not

7  subject to admission or denial; to the extent a response is required, Defendant denies

8  said allegations.

9      111.   Paragraph 111 consists of legal conclusions and/or opinions that are not

10  subject to admission or denial; to the extent a response is required, Defendant denies

11  said allegations.

12      112.   Paragraph 112 consists of legal conclusions and/or opinions that are not

13  subject to admission or denial; to the extent a response is required, Defendant denies

14  said allegations.

15      113.   Defendant denies Paragraph 113.

16      114.   Defendant denies Paragraph 114.

17      115.   Defendant denies Paragraph 115.

18      116.   Defendant denies Paragraph 116.

19      117.   Defendant denies Paragraph 117.

20      118.   Paragraph 118 consists of legal conclusions and/or opinions that are not

21  subject to admission or denial; to the extent a response is required, Defendant denies

22  said allegations.

23    **SEVENTH CAUSE OF ACTION**

24      119.   Paragraph 119 incorporates by reference the preceding paragraphs;

25  likewise, Defendant incorporates its response in accordance with the above as though

26  fully set forth herein.

27      120.   Defendant denies Paragraph 120.

28  ///

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

121.   Paragraph 121 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

122.   Paragraph 122 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

123.   Paragraph 123 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

124.   Defendant denies Paragraph 124.

125.   Defendant denies Paragraph 125.

126.   Defendant denies Paragraph 126.

127.   Defendant denies Paragraph 127.

128.   Defendant denies Paragraph 128.

129.   Paragraph 129 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

## EIGHTH CAUSE OF ACTION

130.   Paragraph 130 incorporates by reference the preceding paragraphs; likewise, Defendant incorporates its response in accordance with the above as though fully set forth herein. The eight cause of action in the Complaint for Violation of California Business and Professions Code §§17200, et seq. is improper since the granted summary judgment in GEICO's favor on this cause of action (ECF No. 166).

131.   Paragraph 131 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

132.   Paragraph 132 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies

11

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

said allegations; to the extent a response is required, Defendant denies said allegations.

133.    Paragraph 133 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

134.    Defendant denies Paragraph 134.

135.    Defendant denies Paragraph 135.

136.    Defendant denies Paragraph 136.

137.    Defendant denies Paragraph 137.

138.    Defendant denies Paragraph 138.

139.    Defendant denies Paragraph 139.

137.    Defendant denies Paragraph 137.

138.    Defendant denies Paragraph 138.

139.    Paragraph 139 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

140.    Defendant denies Paragraph 140.

141.    Defendant denies Paragraph 141.

142.  Defendant denies Paragraph 142.

## NINTH CAUSE OF ACTION

143.    Paragraph 133 incorporates by reference the preceding paragraphs; likewise, Defendant incorporates its response in accordance with the above as though fully set forth herein.

144.    Paragraph 144 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

145.    Paragraph 145 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

said allegations.

146.   Paragraph 146 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

147.   Paragraph 147 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

148. Paragraph 148 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

149. Paragraph 149 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

150.  Paragraph 150 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

151.  Paragraph 151 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

152.  Defendant denies Paragraph 152.

153.  Defendant denies Paragraph 153.

## TENTH CAUSE OF ACTION

154.   Paragraph 154 incorporates by reference the preceding paragraphs; likewise, Defendant incorporates its response in accordance with the above as though fully set forth herein.

155.  Paragraph 155 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

156. Paragraph 156 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

157. Paragraph 157 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

158. Paragraph 158 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

159. Paragraph 159 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

160. Paragraph 160 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

161. Paragraph 161 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

162. Paragraph 162 consists of legal conclusions and/or opinions that are not subject to admission or denial; to the extent a response is required, Defendant denies said allegations.

163. Defendant denies Paragraph 163.

164. Defendant denies Paragraph 164.

165. Defendant denies Paragraph 165.

///

///

///

///

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

## **PRAYER FOR RELIEF**

166 - 179.    Paragraphs 166 through 179 are claims for relief. Defendant denies that Plaintiff, putative class members and aggrieved employees are entitled to the relief requested. Except as expressly admitted above, Defendant denies both generally and specifically each and every allegation contained in Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

In further answer to the Complaint, Defendant alleges the following affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim for which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

The claims of Plaintiff and putative class and collective action members and aggrieved employees are barred, in whole or in part, because Defendant's actions were undertaken with the absence of malicious intent to injure Plaintiff and putative class and collective action members and aggrieved employees, and constitute lawful, proper, and justified means to further Defendant's sole purpose of engaging in and continuing its business.

### **THIRD AFFIRMATIVE DEFENSE**

Although Defendant denies it owes any unpaid wages, if it is determined that wages are owed, a reasonably good-faith dispute existed as to whether such wages or other amounts were owed.

### **FOURTH AFFIRMATIVE DEFENSE**

Claims arising before the applicable state or federal statute of limitations are time-barred, in whole or in part.

### **FIFTH AFFIRMATIVE DEFENSE**

Defendant acted or omitted to act in good faith and had reasonable grounds for believing that its acts or omissions were not violations of the Fair Labor Standards Act

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

or California law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and putative class and collective action members and aggrieved employees are estopped from claiming unpaid time by their failure to accurately record their working time.

### SEVENTH AFFIRMATIVE DEFENSE

Claims concerning preliminary and postliminary activities are barred under federal law by 29 U.S.C. § 254.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Seventh Cause of Action, concerning itemized wage statements, fails to a "case or controversy" under Article III of the U.S. Constitution because Plaintiff and putative class action members and aggrieved employees do not allege and cannot establish injury in fact.

### NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and putative class and collective action members and aggrieved employees are barred in whole or in part by the doctrine or unclean hands and/or laches.

### TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and putative class and collective action members and aggrieved employees are barred in whole or in part by the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and putative class and collective action members and aggrieved employees are barred in whole or in part by the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and putative class and collective action members and aggrieved employees are barred because Defendant acted or failed to act in good faith and on reasonable grounds for believing that it fully complied with all applicable federal and state laws and regulations.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and putative class and collective action members and aggrieved employees are barred in whole are in part because any acts or omissions taken with respect to Plaintiff and putative class members were not willful.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's alleged failure to pay wages to Plaintiff and putative class and collective action members and aggrieved employees was the result of good faith conduct reasonably taken in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, administrative practice and/or enforcement policy of the U.S. Department of Labor, the California Department of Industrial Relations, and/or other federal and state agencies and regulatory bodies.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and putative class and collective action members and aggrieved employees are barred, in whole or in part, because the time periods for which they are claiming entitlement to compensation fall within the de minimis exception.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and putative class and collective action members and aggrieved employees are barred, in whole or in part, as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and putative class and collective action members and aggrieved employees are barred, in whole or in part, by the doctrines of payment and release, accord and satisfaction, recoupment and/or set-off.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and putative class and collective action members and aggrieved employees are barred, in whole or in part, because Plaintiff and putative class and collective action members are barred ratified, consented to or acquiesced to Defendant's acts or omissions.

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

### NINETEENTH AFFIRMATIVE DEFENSE

Although Defendant denies it owes any unpaid wages, if it is determined that wages are owed, a reasonably good-faith dispute existed as to whether such wages or other amounts were owed.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of putative class and collective action members and aggrieved employees are offset by any amounts owed to Defendant, including but not limited to overpayments or other forms of unjust enrichment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Claims by employees who worked at home during the COVID-19 pandemic are barred by the fact that they entered into reasonable agreements with Defendant concerting compensation to be paid for the work expected to be performed pursuant to 29 C.F.R. section 7895.23.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiff and putative class members are barred by reason of lack of standing to the extent that Plaintiff and the putative class and collective action members have suffered no cognizable injury.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff and putative class and collective action members and the purported aggrieved employees are barred from relief to the extent each employee was working subject to an alternate schedule or pay plan, such as piece-rate pay or flexible workweek.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the class and collective action members and the alleged aggrieved employees are barred to the extent an action has previously been filed against GEICO related to the time frame and employees described in the Complaint.

///

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff and he class and collective action members and the alleged aggrieved employees are barred from obtaining any relief under the Complaint, because GEICO had policies and procedures providing that hourly employees were required to record all hours worked, including overtime, and GEICO paid all hours worked including applicable legal rates and overtime rates, both during employment and at termination, and GEICO provided legally compliant, itemized, written wage statements.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims for waiting-time penalties under California Labor Code Section 203 are barred, in whole or in part, because any conduct of GEICO that would otherwise violate that section was not knowing or willful.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

None of the acts, conduct, and/or omissions attributed to GEICO in the Complaint may be regarded as the actual or proximate cause of any damages Plaintiff or the class or collective action members or the alleged aggrieved employees seek to recover.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The damages allegedly suffered by Plaintiff or the class of collective action members or alleged aggrieved employees, if any, are the direct and proximate result of the acts or omissions of parties other than GEICO, and the liability of GEICO, if any, is limited in direct proportion to the percentage of fault actually attributed to GEICO.

///
///
///
///
///
///

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff and the class and collective action members and aggrieved employees are barred from recovering civil penalties to the extent they failed to exhaust administrative remedies under the California Labor Code.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims and the claims of the class and collective action members and alleged aggrieved employees are barred for failure to comply with California Labor Code § 2856.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The allegations of the Complaint, and each and every cause of action therein, are barred to the extent that Plaintiff, the class and collective class members and/or the alleged aggrieved employees have voluntarily settled and/or released all or one or more of the purported causes of action set forth in the Complaint; and Plaintiff. the class and collective class members, and the alleged aggrieved employees are, under the terms of such settlements and/or releases, barred from pursuing all or one or more of such purported causes of action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's, the alleged class and collective action members, and/or the alleged aggrieved employees' claims for penalties are impermissible because stacking of penalties is impermissible.

///
///
///
///
///
///
///
///

ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

The eight cause of action in the Complaint for Violation of California Business and Professions Code §§17200, *et seq.* is improper since the granted summary judgment in GEICO's favor on this cause of action (ECF No. 166).

DATED: February 14, 2025          WOMBLE BOND DICKINSON (US) LLP

By: _/s/ Courtney C. Wenrick_
     Kristin Walker-Probst
     Courtney C. Wenrick
     WOMBLE BOND DICKINSON (US) LLP

     Attorneys for Defendant,
     GOVERNMENT EMPLOYEES
     INSURANCE COMPANY INC.

**ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

# CERTIFICATE OF SERVICE

United States District Court – Southern District of California

Case No.: 3:21-cv-01751-L-MSB

I hereby certify that I electronically filed the following documents with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system on February 14, 2025. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

On February 14, 2025, I served a copy of the foregoing document entitled:

**DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S ANSWER TO FIRST AMENDED COLLECTIVE, CLASS, AND PAGA COMPLAINT**

On all participants in the case who are registered as CM/ECF users, as follows:

- Paul D Burgin
  paul.burgin@ogletree.com, kindel.giles-johnson@ogletree.com, baldocketing@ogletree.com

- Esther Lee Bylsma
  ebylsma@schneiderwallace.com, efilings@schneiderwallace.com, 7963802420@filings.docketbird.com

- Evan L Conder
  evan.conder@ogletreedeakins.com, kgj@shawe.com

- Carolyn H. Cottrell
  ccottrell@schneiderwallace.com, efilings@schneiderwallace.com, 3326401420@filings.docketbird.com

- Ori Edelstein
  oedelstein@schneiderwallace.com, efilings@schneiderwallace.com, 8167316420@filings.docketbird.com, choover@schneiderwallace.com

- Philippe M.J. Gaudard
  pgaudard@schneiderwallace.com

**CERTIFICATE OF SERVICE**

- Eric Hemmendinger
  eric.hemmendinger@ogletree.com

- Robert E. Morelli , III
  rmorelli@schneiderwallace.com, efilings@schneiderwallace.com,
  4913641420@filings.docketbird.com

- Berenika D. Palys
  berenika.palys@wbd-us.com

- Teresa D. Teare
  tdt@shawe.com

- Kristin Lee Walker-Probst
  Kristin.Walker-Probst@wbd-us.com, COSBusLitLPA@wbd-us.com

- Courtney Wenrick
  courtney.wenrick@wbd-us.com, mary.koo@wbd-us.com,
  dallas.diogostine@wbd-us.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This declaration is executed in Irvine, California on February 14, 2025.

*/s/ Dee Akroush*
Dee Akroush

**CERTIFICATE OF SERVICE**