# EXHIBIT A

# CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT AND RELEASE

1.      This Class, Collective, and California Private Attorneys General Act ("PAGA") Action Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiff Conrad Reloj ("Named Plaintiff"), individually and on behalf of the Class, Collective, and, with respect to the claims under PAGA, the state of California, on one hand, and Defendant Government Employees Insurance Company Inc. d/b/a GEICO  ("Defendant" or "GEICO"), on the other hand, subject to the approval of the Court. Named Plaintiff and Defendant are collectively referred to as the "Parties."

## DEFINITIONS

2.      The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.      "Action" means *Reloj v. Government Employees Insurance Company Inc.,* in the United Stated District Court for the Southern District of California, Case No. 3:21-cv-01751-L-MSB ("Federal Action"); and *Reloj v. Government Employees Insurance Company Inc.*, Alameda Superior Court, Case No. 21CV003563 ("PAGA Action") (collectively, the "Action"). The allegations in the PAGA Action were added to the Federal Action via an amended complaint filed in the Federal Action on January 31, 2025.

b.      "Aggrieved Employees" means all current or former non-exempt, hourly employees who work, or have worked, for Defendant in a Covered Position between October 2, 2019 and Preliminary Approval ("PAGA Period"). Defendant represents that as of February 25, 2025, there were approximately 835 Aggrieved Employees.

c.      The "Class," "Class Members," or "Members of the Class" means all current and former non-exempt hourly employees of Defendant working in a Covered Position throughout the State of California between October 8, 2018 and Preliminary Approval ("Class Period") who do not opt out and did not release all claims referenced in the Class Release herein by the date of Preliminary Approval. Defendant represents that as of February 25, 2025, there were approximately 892 Class Members.

d.      "Class Counsel" means Schneider Wallace Cottrell Konecky LLP.

e.      "Class Counsel's Costs" refers to the amount of reasonable litigation expenses Class Counsel incurred in connection with this Action, including their pre-filing investigation, their filing of the Action and all related litigation activities, and all post-Settlement compliance procedures not found to be unreasonable by the Court.

f.      "Class List" means an electronic database containing a list of Class Members that Defendant will compile from their records. The Class List shall include: each Class Members' (1) full name; (2) last known address; (3) last known email address (if any); (4)

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563

1

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

last known telephone number (if any); (5) Social Security number or tax ID number. The Class List shall also include the dates that each Class Member worked in the state of California in a Covered Position between October 8, 2018 and Preliminary Approval, and sufficient information as determined by the Class Administrator to allow the Class Administrator to determine the following: (6) the total number of workweeks that each Class Member worked in the state of California between October 8, 2018 and Preliminary Approval, (7) the total number of workweeks that each Class Member worked in the state of California between October 8, 2020 and Preliminary Approval, (8) the total number of pay periods that each Aggrieved Employee worked in the state of California between October 2, 2019 and Preliminary Approval, (9) whether the Class Member's employment with GEICO terminated between October 8, 2018 and Preliminary Approval, (10) the total number of workweeks that all Class Members worked in the state of California between October 8, 2018 and Preliminary Approval, (11) the total number of pay periods that all Aggrieved Employees worked in the state of California between October 2, 2019 and Preliminary Approval, and (12) for purposes of the Escalator clause, the total number of workweeks that all Class Members worked in the state of California between October 8, 2018 and May 31, 2024. The Class List will also include an indication of whether the Class Member is an "Aggrieved Employee." The total number of workweeks may be determined by reference to weeks worked as reflected in pay records or dates of employment.

       g.     The "Collective" or "Collective Members" or "Opt-in Plaintiffs" means all persons who opted in to the collective for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") in the Federal Action before the cutoff date, which was conditionally certified on March 30, 2023, and have not withdrawn their consent.

       h.    "Covered Position(s)" means Auto Claim and/or Damage Adjusters (including individuals who adjust auto damage claims, including inspecting vehicles, preparing the initial estimate and any supplements, evaluating GEICO's portion of liability, and settling negotiating and paying the claim) who work in California and consists of the following positions, which may have had variations in the exact title between October 8, 2018 and the present: AD PMA II (CA), ARX Auto Damage Adjuster I, ARX Auto Damage Adjuster II, ARX Auto Damage Adjuster III, ARX Auto Damage Adjuster in Orientation, ARX Auto Damage Trainee, Auto Damage Adjuster I, Auto Damage Adjuster I (CA), Auto Damage Adjuster II, Auto Damage Adjuster II (CA), Auto Damage Adjuster III, Auto Damage Adjuster in Orientation, Auto Damage Trainee, Bilingual Auto Damage Adjuster II, CAT AD Adjuster III (CA), CAT ARX Adjuster II, CAT ARX Adjuster III, CAT Auto Damage Adjuster II, CAT Auto Damage Adjuster II (CA), CAT Auto Damage Adjuster III, CAT ML Adjuster II, CAT ML Adjuster III, CAT Resient Adjuster II, CAT Resident Adjuster III, CHO AD PMA II, Combination Auto Damage Adjuster III, Combination Auto Damage Adjuster I, Combination Auto Damage Adjuster I (CA), Combination Auto Damage Adjuster II, Combination Auto Damage Adjuster II (CA), MDP Auto Damage I (CA), MDP Auto Damage II, MDP Auto Damage III, MDP Auto Damage IV, Multi-Line Adjuster I, Multi-Line Adjuster II, Multi-Line Adjuster III, Multi-Line Auto Damages Adjuster in Orientation, Regional Auto Damage Trainer (CA), Resident Adjuster I, Resident

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563
2

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

Adjuster I (CA), Resident Adjuster II, Resident Adjuster II (CA), Resident Adjuster III, Resident Adjuster III (CA), SPP Auto Damage II (CA), Total Loss Evaluator II, Virtual AD from Sales, Virtual Auto Damage Adjuster I, Virtual Auto Damage Adjuster II, Virtual Auto Damage Adjuster III, Virtual Auto Damages Adjuster in Orientation, Virtual Auto Damage Trainee, Virtual CAT Auto Damage Adjuster II, Virtual CAT Auto Damage Adjuster III, Virtual Multi-Line Adjuster I, Virtual Multi-Line Adjuster II, Virtual Supplement Auto Damage Adjuster I, Virtual Supplement Auto Damage Adjuster II, Virtual Supplement Auto Damage Adjuster III, Virtual Supplement/ CAT Auto Damage Adjuster I, Virtual Supplement/ CAT Auto Damage Adjuster II, Virtual Supplement/ CAT Auto Damage Adjuster III, Virtual Total Loss Auto Damage Adjuster I, Virtual Total Loss Auto Damage Adjuster II, Virtual Total Loss Auto Damage Adjuster III, Virtual Total Loss/ CAT Auto Damage Adjuster I, Virtual Total Loss/ CAT Auto Damage Adjuster II and Virtual Total Loss/ CAT Auto Damage Adjuster III.

i.      "Court" means the U.S. District Court, for the Southern District of California, where the Federal Action was filed, and where the Parties mutually agree to seek approval of this Settlement.

j.      "Defendant's Counsel" means Womble Bond Dickinson (US) LLP.

k.      "Deposed Opt-Ins," refers to Opt-In Plaintiffs who were deposed in the Federal Action. "Deposed Opt-In" refers to any such individual.

l.      "Effective Date" means (i) if there is an objection(s) to the settlement that is not subsequently withdrawn, then the date upon the expiration of time for appeal of the Court's Final Approval Order; or (ii) if there is a timely objection(s) and appeal by an objector(s), then after such appeal(s) is dismissed or the Court's Final Approval Order is affirmed on appeal; or (iii) if there are no timely objections to the settlement, or if any objections which were filed are withdrawn before the date of final approval, then the first business day after the Court's order granting Final Approval of the Settlement.

m.      "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Named Plaintiff, Collective Members, Aggrieved Employees, and the Class in the Action. Class Counsel will not seek more than one-third (1/3) of the Gross Settlement Amount as their Fee Award, up to $2,833,333.33.

n.      "Final" shall mean, with respect to a judgment or order, that the judgment or order is final and appealable and either (a) no appeal, motion, or petition to review or intervene has been taken with respect to the judgment or order as of the date on which all times to appeal, move, or petition to review or intervene therefrom have expired, or (b) if an appeal, motion or petition to intervene or other review proceeding of the judgment or order has been commenced, such appeal, motion or petition to intervene or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari or otherwise, and such appeal or

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

other review has been finally resolved in such manner that affirms the judgment or order in its entirety. Notwithstanding the foregoing, any proceeding, order, or appeal pertaining solely to the award of attorneys' fees, attorneys' actual costs, or any Service Award shall not by itself in any way delay or preclude the judgment from becoming a final judgment or the Settlement from becoming "Effective."

       o.    "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

       p.    "Final Approval Hearing" means the hearing to be held by the Court to consider the Final Approval of the Settlement.

       q.    "Gross Settlement Amount" means the maximum non-reversionary total amount that Defendant shall pay in connection with this Settlement, including any interest earned on such funds, and exclusive of Defendant's Payroll Taxes, as defined below, in exchange for the release of the Participating Individuals' Released Claims. The Gross Settlement Amount is the gross sum of Eight Million Five Hundred Thousand Dollars ($8,500,000.00), and any interest that may be earned upon this sum after it is placed in the Qualified Settlement Fund. The Gross Settlement Amount includes: (a) all Settlement Awards to Participating Individuals; (b) civil penalties under the Private Attorneys' General Act of 2004 ("PAGA"); (c) Class Representative Enhancement Payments; (d) Attorneys' Fees and Costs to Class Counsel, and (e) Settlement Administration Costs to the Settlement Administrator. Except for the Defendant's employers' portion of payroll taxes on Settlement Awards to Participating Individuals, which is estimated to be $250,000 but the final amount of which the Settlement Administrator will determine ("Defendant's Payroll Taxes"), and except as provided by the Escalator Provision, the Parties agree that Defendant will have no obligation to pay any amount in connection with this Settlement Agreement apart from the Gross Settlement Amount and Defendant's Payroll Taxes. There will be no reversion.

       r.    "Net PAGA Amount" means the Twenty-Five Percent (25%) of the amount of PAGA Penalties, or Thirty-One Thousand Eight Hundred and Seventy-Five Dollars ($31,875.00).

       s.    "Net Settlement Amount" means the Gross Settlement Amount less: (i) Service Awards; (ii) Fee Award; (iii) Class Counsels' Costs; (iv) Settlement Administrator Costs; (v) the payment to Labor and Workforce Development Agency ("LWDA") for its share of PAGA penalties; (vi) the Net PAGA Amount; and (vii) all Deposed Opt-in Plaintiff General Release Payments. The Parties acknowledge that all of these amounts are subject to the Court's approval.

       t.    "Notice Deadline" means the date thirty-five (35) days after the Settlement Notice is initially mailed to the Settlement Class. Class Members shall have until the Notice Deadline to object to, or opt-out of, the Settlement.

       u.    "PAGA Penalties" means $127,500 of the Gross Settlement Amount (75%

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563

4

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

($95,625) to be paid to the LWDA and 25% ($31,875) to be distributed to the Aggrieved Employees on a pro rata basis.

        v.     "Participating Individuals" means: (a) any Class Members who do not submit a letter in compliance with Paragraph 24 and Exhibit A requesting to be excluded from the Settlement, consistent with the terms set forth in this Settlement Agreement; (b) all Opt-In Plaintiffs; and (c) all Aggrieved Employees. All Participating Individuals will be bound by all terms and conditions of the Settlement Agreement, including the release of the applicable Released Claims.

        w.     "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

        x.     "Releasees" or "Released Parties" means Defendant and its present and former parent companies, subsidiaries, affiliated companies or entities, and any of their shareholders, affiliates, and owners, members, joint employers, representatives, officers, directors, employees, agents, attorneys, insurers, predecessors, successors and assigns, as well as any individual or entity that could be liable for any of the Released Claims.

        y.     "Released Claims" means Participating Individuals' Released Claims (as set forth in Paragraphs 18 and 19).

        z.     "Service Award" means the payment to Named Plaintiff Conrad Reloj. The Service Award will not exceed Twenty Thousand Dollars ($20,000.00.)

        aa.     "Settlement Administrator" means a mutually agreeable neutral third-party class action settlement administrator that the Parties have agreed to appoint that will handle the administration of this Settlement, subject to approval by the Court.

        bb.     "Settlement Administrator Costs" refer to the costs the Settlement Administrator will incur to distribute the Settlement Notice and Settlement Awards. The actual cost will be determined by seeking bids from at least three (3) settlement administrators for purposes of selecting a competitive bid. However, the Settlement Administrator Costs shall not be capped at the amount of the bid, but rather, shall be the actual costs charged by the Class Administrator.

        cc.     "Settlement Award" means the payment that each Participating Individual shall be entitled to receive pursuant to the terms of this Agreement.

        dd.     "Settlement Notice" means the Notice of Class Action Settlement to be issued to Class Members substantially in the form as Exhibit A attached hereto, respectively, or as approved by the Court.

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563

5

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

# RECITALS

1.      On October 8, 2021, Named Plaintiff filed the Federal Action as a class and collective action asserting claims under the California Labor Code and FLSA. The Federal Action asserted claims for: (1) failure to pay minimum and overtime wages in violation of the FLSA 29 U.S.C. §§201, *et seq.*; (2) failure to pay for all hours worked in violation of Labor Code sections 204 and 1194 and applicable IWC Wage Order(s); (3) failure to pay minimum wage in violation of Labor Code sections 1182.11, 1182.12, 1194, and 1197, and applicable IWC Wage Order(s); (3) failure to pay overtime wages in violation of Labor Code section 510 and applicable IWC Wage Order(s); (4) failure to provide meal and rest breaks in violation of Labor Code sections 226.7 and 512, and applicable IWC Wage Order(s); (5) failure to provide accurate itemized wage statements in violation of Labor Code section 226 and applicable IWC Wage Order(s); and (6) failure to timely pay final wages and waiting time penalties in violation of Labor Code sections 201, 202 and 203, and applicable IWC Wage Order(s); (7) violation of the California Unfair Competition Law. Defendant filed their Answer on November 12, 2021, denying Plaintiff's allegations.

2.      The Court granted conditional certification of an FLSA collective on March 30, 2023. A total of 279 individuals filed FLSA opt-in consent forms in the Federal Action, of which 33 opt-ins have withdrawn. There are 247 active Opt-In Plaintiffs, including Named Plaintiff.

3.      Named Plaintiff filed the PAGA Action against Defendant on December 6, 2021, in the Superior Court of California, County of Alameda, to assert additional claims for penalties under PAGA arising from Defendant's violations of the Cal. Lab. Code. Defendant filed its Answer on January 18, 2022, denying Named Plaintiff's allegations.

4.      On or about June 1, 2022, Hon. Katherine Bacal granted the Parties' Stipulation to Coordinate Actions and Add-On Case. This order coordinated the GEICO Wage and Hour Cases in the Superior Court of California for the County of San Diego, matter no. JCCP5221, which included the PAGA Action and following other PAGA actions: (1) *Michael Herzog v. Government Employees Insurance Company*, San Diego Superior Court, Superior Court Case No. 37-2020-00045064-CU-OE-CTL; (2) *Nonesto Mabini v. Government Employees Insurance Company*, San Diego Superior Court, Superior Court Case No. 37-2022-00011726-CU-OE-CTL. The matters of (3) *Luis Yorba v. Government Employees Insurance Company*, San Diego Superior Court, Superior Court Case No. 37-2024-00008220-CU-OE-CTL; and (4) *Matthew J. Solis v. Government Employees Insurance Company*, San Diego Superior Court, Superior Court Case No. 37-2024-00025248-CU-OE-CTL, were added after the June 1, 2022 stipulation.

5.      On or about January 15, 2025, Hon. Katherine Bacal granted the Parties' Stipulation to remove the PAGA Action from the Coordinated Action;

6.      Through the Action, Named Plaintiff alleges that Defendant violated the FLSA, and the wage and hour laws of California by failing to pay Class and Collective Members earned wages and failing to provide legally compliant meal and rest periods. On this basis, Named Plaintiff brought claims against Defendant for unpaid minimum wages and overtime wages, failure to pay

Class, Collective, And PAGA Action Settlement Agreement
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563

6

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

all hours worked, failure to provide meal and rest periods, inaccurate wage statements, failure to maintain pay records, failure to pay final wages, waiting time penalties, unfair competition, and civil penalties under the PAGA.

7.      The Parties participated in three separate mediations before respected wage and hour mediators Hon. Michael Marcus; however, the Action did not settle. The Parties agreed to attend a fourth mediation which was held on September 16, 2024, before mediator, Hunter Hugues. The Parties agreed to the mediator's proposal, which included terms of the settlement, on September 18, 2024. The Parties thereafter negotiated a Memorandum of Understanding which was executed on February 3, 2025, and which is superseded by this Agreement to settle the Action.

8.      Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the PAGA Action and Federal Action. In agreeing to this Settlement Agreement, Named Plaintiff has considered: (a) the facts developed during pre-mediation, formal fact and expert discovery and the Parties' mediation process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendant; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Named Plaintiff has concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Named Plaintiff, the Opt-In Plaintiffs, Class Members, and Aggrieved Employees to settle their claims against Defendant pursuant to the terms set forth herein.

9.      Defendant denies all claims as to liability, damages, penalties, interest, fees, and all other forms of relief, as well as denies the allegations asserted in the Action. Defendant has agreed to resolve the Action via this Settlement, but to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, Defendant does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations in the Action upon all procedural, merits, and factual grounds, including, without limitation, the ability to challenge class, collective and/or representative action treatment on any grounds, as well as asserting any and all other privileges and potential defenses. This Settlement Agreement shall not be construed as an admission by Defendant or any of the Releasees (as defined above) of any fault, liability or wrongdoing, which Defendant expressly denies.

10.     To the extent this Settlement Agreement is deemed void or the Effective Date does not occur, the Named Plaintiff and Class Counsel (as defined above) agree that Defendant retains and reserves these rights stated in the preceding paragraph, and to the extent this Settlement Agreement is deemed void or the Effective Date does not occur, the Named Plaintiff and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that based on this Settlement Agreement, Defendant cannot contest class certification, collective or representative action treatment on any grounds whatsoever or assert any and all other privileges or potential defenses if the PAGA Action or the Federal Action were to proceed.

11.     The Parties recognize that Court approval of this Settlement is required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants Final Approval of it and the Settlement Effective Date occurs.

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563
7

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

12.     The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing class certification pursuant to Federal Rule of Civil Procedure 23 are met. Should this Settlement not become Final, such stipulation to certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not class certification in the Federal Action would be appropriate in a non-settlement context, or whether the PAGA Action can proceed on a representative basis.  The Parties also stipulate and agree that, for settlement purposes only, the Collective Members are similarly situated for purposes of 29 U.S.C. § 216(b). Defendant reserves the right to move for decertification of the conditionally certified FLSA collective.

13.     The Parties stipulate and agree that for settlement purposes only, the Parties shall file a stipulation in the PAGA Action for a stay pending approval of this Settlement and, following the Effective Date of this Settlement, a dismissal without prejudice of the PAGA Action. In the event that the stipulated request for the stay is not granted, the Parties stipulate and agree that for settlement purposes only, the Parties shall meet and confer regarding a process for approval that is acceptable to and maintains both parties in the same position as prior to the Settlement. These agreements will be effectuated through stipulations to be filed with the state court as appropriate.

14.     The Parties stipulate and agree for settlement purposes only, to the filing of a Complaint in the Federal Action ("Operative Complaint") that consolidates the claims, legal allegations, and factual allegations pled in the PAGA Action and the Federal Action, to assert the same claims for the violations of federal and California labor laws asserted in the Complaint filed in the Federal Action and in the PAGA Action, and as necessary to otherwise effectuate the Release in this Settlement Agreement promptly after execution of this Settlement Agreement. The Parties stipulate and agree that for settlement purposes only, Defendant consents to the filing of the Operative Complaint and to personal and subject matter jurisdiction in the Court.

15.     In the event the Settlement is not approved, the Parties agree that the Parties shall be placed in the same position as they were in immediately prior to execution of this Settlement Agreement. Defendant agrees that no statute of limitations on any claim would run against Plaintiff or any Class Member from and including the date on which this Agreement is fully executed, until and including the date the Court issues an order denying final approval of the Settlement (except those claims that are already barred by any applicable statute of limitations).

16.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the Final Approval of the Court and the other conditions set forth herein, that Named Plaintiff's and the Participating Individuals' claims as described herein against Defendant shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Named Plaintiff's and Participating Individuals' Released Claims shall be finally and fully compromised, settled and dismissed as to the Defendant, Releasees, in the manner and upon the terms and conditions set forth below.

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563
8

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

## RELEASES

17.    In exchange for the consideration set forth in this Settlement Agreement, Named Plaintiff and Participating Individuals agree to release all claims against the Releasees as set forth herein as applicable.

18.    **Participating Individuals' Released Claims.** Upon Final Approval of the Settlement Agreement and payment of amounts set forth herein, and except as to such rights or claims as may be created by this Settlement Agreement, Named Plaintiff (Plaintiff Conrad Reloj on behalf of the LWDA and the Aggrieved Employees), and all Participating Individuals shall and hereby do release and discharge all Releasees, finally, forever and with prejudice, from any and all claims alleged, or that could have been alleged based on the facts alleged in the Action, as follows:

a.    Released FLSA Claims: Opt-In Plaintiffs who do not timely and validly request exclusion from the Settlement shall release all Releasees from the following rights or claims: any and all claims under the FLSA, including 29 U.S.C. §§ 206, 207 and 211 and that were pled or could have been pled based on or arising out of the factual predicates and/or allegations of any Complaints in the Action, including but not limited to the Operative Complaint, that arose between October 8, 2018 and the date of Preliminary Approval of this Agreement. The Parties intend and agree that the Final Approval Order and the judgment entered as a result of this Settlement shall have *res judicata* and preclusive effect to the fullest extent allowed by law. Class Members who are not Opt-In Plaintiffs and who cash, deposit, or otherwise negotiate their Settlement Award checks shall also be bound by this release. Class Members who are not Opt-In Plaintiffs and who do not cash or deposit their Settlement Award checks, shall not release any claims against the Released Parties under the FLSA.

b.    Released Class Claims: The Class Members who do not timely and validly request exclusion from the Settlement shall release the Releasees from any and all claims, other than claims under the FLSA, that are or could have been alleged in the operative Complaints in the Action, any amendment(s) thereto based on the factual allegations contained therein, and/or PAGA notice to the California Labor and Workforce Development Agency, that arose between October 8, 2018 and the date of Preliminary Approval of this Agreement, including such claims for: (1) failure to pay minimum wage for all hours worked in violation of California Labor Code sections 1194 and 1194.2, and the applicable IWC Wage Order(s); (2) failure to pay proper overtime wages in violation of California Labor Code section 510, 1197, and 1198, and the applicable IWC Wage Order(s); (3) failure to provide compliant rest periods and pay missed rest break premiums in violation of California Labor Code section 226.7 and the applicable IWC Wage Order(s); (4) failure to provide compliant meal periods and pay missed meal period premiums in violation of California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order(s); (5) failure to maintain accurate employment records in violation of

California Labor Code section 1174; (6) failure to pay timely wages during employment in violation of California Code sections 204 and 210; (7) failure to pay all wages due and owing at separation in violation of California Labor Code sections 201, 202, and 203; (8) failure to reimburse business expenses in violation of Labor Code sections 2802 and 2804; and (9) failure to provide complete and accurate wage statements in violation of California Labor Code sections 226 and 226.3.

c. <u>Released PAGA Claims</u>: Named Plaintiff fully releases the claims and rights to recover civil penalties against the Releasees on behalf of the LWDA and Aggrieved Employees, to recover civil penalties, costs, expenses, attorneys' fees, or interest against the Releasees on behalf of Aggrieved Employees and LWDA for any California Labor Code or Wage Order violation alleged or that could have been alleged in Named Plaintiff's PAGA Letter or the operative Complaints in the Action, that arose during the PAGA Period. The Parties intend and agree that the Final Approval Order and the Judgment entered as a result of this Settlement shall have *res judicata* and preclusive effect to the fullest extent allowed by law.

19. **General Release**: Upon Final Approval of the Settlement Agreement and payment of amounts set forth herein, and except as to such rights or claims as may be created by this Settlement Agreement, Plaintiff and any Deposed Opt-Ins who elect a Deposed Opt-ins General Release Payment through the process established in Paragraph 25, generally release Releasees of any claims that could have been brought against Defendant through the date of Preliminary Approval of this Agreement as set forth below. This general release includes claims arising from their respective employment relationships with Defendant, including, without limitation, claims for unpaid wages and liquidated damages, claims for discrimination, harassment, or retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000 *et seq.*, the California Fair Employment and Housing Act, California Gov't Code Section 12900 *et seq.*, and claims for violation of public policy.

> **This general release also includes a waiver of rights under California Civil Code Section 1542, which states:**
>
> > **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Excluded from this Release are claims for workers' compensation or unemployment benefits, claims for benefits under ERISA (including claims under any benefits plan that is subject to ERISA), or any deferred benefits or retirement savings plans or accounts, claims under COBRA, and any claims or rights which cannot be waived by law.

---

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563
10

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

20.  **Release Language on Settlement Checks.** The Settlement Administrator shall include the following release language on the back of each Settlement Award check, or to the extent the following release language does not fit on the back of each Settlement Award check, the Settlement Administrator shall include the following release language attached to each Settlement Award check, as appropriate for Named Plaintiff, Collective Members, other Class Members who do not opt-out of the Settlement, and Aggrieved Employees:

(b)  For Named Plaintiff and Other Class Members Who Are Also Collective Members: "As explained in the previously provided Notice, this check is your settlement payment in connection with the court-approved class action Settlement in *Reloj v. Government Employees Insurance Company Inc.*, Southern District of California, Case No. 3:21-cv-01751-L-MSB. By not opting out of the Settlement, and having consented to join the Collective Action, you have released Government Employees Insurance Company Inc. d/b/a GEICO and other Releasees of all Released Class Claims and Released FLSA Claims as defined in the Settlement Agreement, including claims under the Fair Labor Standards Act and applicable state law."

(c)  For Other Class Members Who Are Not Collective Members: "As explained in the previously provided Notice, this check is your settlement payment in connection with the court-approved class action Settlement in *Reloj v. Government Employees Insurance Company Inc., et al,* United States District Court, Southern District of California, Case No. 3:21-cv-01751-L-MSB. By not opting out of the Settlement, you have released Government Employees Insurance Company Inc. d/b/a GEICO and other Releasees of all Released Class Claims as defined in the Settlement Agreement, except for claims under the Fair Labor Standards Act ("FLSA"). By signing and cashing or negotiating your check, you consent to join the Collective Action and affirm your release of FLSA claims against Releasees."

(d)  For Aggrieved Employees Who Are Not Class Members and Who Are Not Collective Members: "As explained in the previously provided Notice, this check is your settlement payment in connection with the court-approved Settlement in *Reloj v. Government Employees Insurance Company Inc, et al,* United States District Court, Southern District of California, Case No. 3:21-cv-01751-L-MSB. You are receiving this check as an Aggrieved Employee as defined in the Settlement Agreement, for claims under the Private Attorneys General Act."

In addition to the appropriate selection of the foregoing, the following text shall also be included with the Deposed Opt-in General Release Payment check:

"As explained in the previously provided Notice, this check is your Deposed Opt-in General Release Payment you elected to receive in exchange for a general release of claims in connection with the court-approved class and

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

collective action Settlement in *Reloj v. Government Employees Insurance Company Inc, et al,* United States District Court, Southern District of California, Case No. 3:21-cv-01751-L-MSB. By you having elected to receive this additional payment, and the court having approved the Settlement, you have released Government Employees Insurance Company Inc. d/b/a GEICO and other Releasees fully and completely of all claims, including a waiver of any and all provisions of California Civil Code § 1542, but excluding certain claims for benefits and other claims that cannot be released as a matter of law, as set forth in the Agreement."

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

21.    The Parties agree to the following procedures for obtaining Preliminary Approval of the Settlement, certifying the Settlement Class, and notifying the Class of this Settlement:

a.    **Request for Class Certification and Preliminary Approval Order.** Named Plaintiff shall file an Unopposed Motion for Preliminary Approval of Settlement Agreement, requesting that the Court certify the Class pursuant to 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23 for the sole purpose of settlement; preliminarily approve the Settlement Agreement and its terms; approve the proposed form of the Settlement Notice and find that the proposed method of disseminating the Settlement Notice meets the requirements of due process and is the best notice practicable under the circumstances; set a date for Named Plaintiff's Motion for Final Approval of the Settlement, and approval of the requested Service Awards, Fee Award, Class Counsel's Costs, and Settlement Administrator's Costs; and set a date for the Final Approval Hearing.

b.    **Notice.** The Settlement Administrator shall be responsible for preparing, printing, mailing, and emailing the Settlement Notice to all Class Members. The Settlement Administrator will also create a website for the Settlement, which will allow Class Members to view the Class Notice (in generic form), this Settlement Agreement, and all papers filed by Class Counsel to obtain preliminary and final approval of the Settlement Agreement. Additionally, the Settlement website will provide contact information for Class Counsel and the Settlement Administrator. The Settlement Administrator will provide Class Counsel and Defendant's counsel with a preview of the proposed website. The Settlement Administrator shall also create a toll-free telephone number to field telephone inquiries from Class Members during the notice and settlement administration periods. The Settlement Administrator will be directed to take the website and call center down after the 180-day check cashing period for Settlement Award Checks.

c.    Within thirty (30) calendar days after the Court's Preliminary Approval of the Settlement, Defendant shall provide to the Settlement Administrator the

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

Class List. Class Counsel shall provide the Settlement Administrator with updated addresses or contact information for Opt-In Plaintiffs in their possession.

d.  The Settlement Administrator shall use the Class List to calculate (1) the total number of workweeks that each Class Member worked in the state of California between October 8, 2018 and Preliminary Approval, (2) the total number of workweeks that each Class Member worked in the state of California between October 8, 2020 and Preliminary Approval, (3) the total number of pay periods that each Aggrieved Employee worked in the state of California between October 2, 2019 and Preliminary Approval, (4) whether the Class Member's employment with GEICO terminated between October 8, 2018 and Preliminary Approval, (5) the sum total number of workweeks that all Class Members worked in the state of California between October 8, 2018 and Preliminary Approval, (6) the sum total number of pay periods that all Aggrieved Employees worked in the state of California between October 2, 2019 and Preliminary Approval, and (7) the sum total number of workweeks that all Class Members worked in the state of California in the escalator clause period. Within ten (10) business days of receiving the Class List, the Class Administrator shall inform Class Counsel and Defendant's Counsel of the foregoing totals. Within twenty (20) business days after receiving the Class List, the Settlement Administrator shall mail and email (if email addresses are available) the agreed-upon and Court-approved Settlement Notice to Class Members. The Settlement Administrator shall provide notice to Class Counsel and Defendant's Counsel that the Settlement Notice has been mailed.

e.  Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail. If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine a correct address using a skip-trace, or other search using the name, address and/or Social Security number of the Class Member involved, and shall re-mail the Notice of Settlement. For Opt-In Plaintiffs only, the Settlement Administrator shall also promptly inform Class Counsel, who shall check their records for forwarding addresses and alternative means of contact that may assist in obtaining forwarding addresses. Under no circumstances shall such re-mailing extend the Notice Deadline.

f.  Within ten (10) business days after the Notice Deadline, the Settlement Administrator shall provide Defendant's Counsel and Class Counsel, respectively, a report showing: (i) a list of Participating Individuals, specifically identifying Opt-In Plaintiffs, by unique identifier; (ii) the Settlement Awards owed to each of the Participating Individuals; (iii) the final number of Class Members who have submitted objections or valid

letters requesting exclusion from the Settlement; (iv) the number of undeliverable Notices of Settlement; (v) the estimated average and median recovery per Participating Individual; (vi) the estimated average and median recovery per Opt-In Plaintiff; (vii) the largest and smallest estimated amounts to be paid to Participating Individuals; and (viii) the largest and smallest estimated amounts to be paid to Opt-In Plaintiffs.

g.      Defendant will not take any adverse action against any current or former employee on the grounds that he/she is eligible to participate and/or does participate in the Settlement. Defendant will not discourage participation in this Settlement Agreement or encourage objections or opt-outs.

h.      Upon completion of administration of the Settlement, the Settlement Administrator shall provide written certification of such completion to counsel for all Parties and the Court. This written certification shall include the total number of Participating Individuals; the average and median recovery per Participating Individual; the largest and smallest amounts paid to Participating Individuals; and the number and value of checks not cashed. Within ten (10) business days after the conclusion of the 180-day check cashing period below, the Settlement Administrator shall provide Defendant's Counsel and Class Counsel, respectively, a report regarding the total amount of any funds that remain from checks that are returned as undeliverable or are not negotiated.

22.     **Disputes Regarding Workweeks**. To the extent that any Class Member disputes the number of workweeks that the Class Member worked, as shown in his or her Settlement Notice, such Class Members may produce evidence to the Settlement Administrator establishing the dates they contend to have worked for Defendant. Weeks "worked" for purposes of this settlement will be determined by using workweeks reflected in pay records or by using dates of employment. The deadline for Class Members to submit disputes pursuant to this paragraph is the Notice Deadline (disputes must be postmarked by the Notice Deadline). Unless the Class Member presents convincing evidence proving he or she worked more workweeks than shown by Defendant's records, his/her Settlement Award will be determined based on Defendant's records. The Settlement Administrator shall notify counsel for the Parties of any disputes it receives. Defendant shall review its records and provide further information to the Settlement Administrator, as necessary. The Settlement Administrator shall provide a recommendation to counsel for the Parties. Counsel for the Parties shall then meet and confer in an effort to resolve the dispute. If the dispute cannot be resolved by the Parties, it shall be presented to the Court for a resolution. The Settlement Administrator will notify the disputing Class Member of the decision.

23.     **Objections.** The Settlement Notice shall provide that Class Members who wish to object to the Settlement must, on or before the Notice Deadline, file with the court a written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Settlement Notice. The statement must be signed personally by the objector, and must include the objector's full name, address, telephone number, the factual and

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563
14

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. The Settlement Notice shall advise Class Members that objections shall only be considered if the Class Member has not opted out of the Settlement. No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendant's Counsel on or before the Notice Deadline and the Class Member has not opted out of the Settlement. The postmark date of mailing to Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. If postmark dates differ, the earlier of the two postmark dates will control. Absent good cause found by the court, persons who fail to make timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to the Settlement's fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. However, the requirement that the Class Member submit a written objection may be excused by the Court upon a showing of good cause. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement.

24. **Requests for Exclusion.** The Settlement Notice shall provide that Class Members and Opt-in Plaintiffs, other than Named Plaintiff, who wish to exclude themselves from the Settlement ("opt out") must mail to the Settlement Administrator a signed written statement indicating that they do not wish to participate or be bound by the Settlement. The written request for exclusion must contain the Class Member's full name, address, telephone number, and last four digits of their social security number, and must be signed individually by the Class Member. No opt-out request may be made on behalf of a group. Such written statement must be postmarked by the Notice Deadline. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to exclude themselves from the settlement. Aggrieved Employees are bound by and cannot exclude themselves from the PAGA component of the Settlement even if they request exclusion.

25. **Deposed Opt-In Plaintiff General Release Payment.** Along with the Settlement Notice, the Class Administrator shall include a separate notice informing Deposed Opt-Ins that they may elect to be bound by the General Release in Section 19, herein, in exchange for a Deposed Opt-In Plaintiff General Release Payment of $2,000, in addition to any other payments they would otherwise receive under this Agreement, Exhibit B, hereto. To validly elect to be bound by the General Release and to receive the Deposed Opt-In Plaintiff General Release Payment, a Deposed Opt-In Plaintiff must fully complete and sign and date Exhibit B and mail it to the Class Administrator postmarked by the Notice Deadline. Any Opt-In Plaintiff who submits a valid request for exclusion will not be eligible to opt in to receive a General Release Payment, and any such opt-in general release form will be null and void.

26. **Cure Period.** In the event any request for exclusion is timely submitted but does not contain sufficient information to be valid, the Settlement Administrator shall provide the Class Member, within seven (7) calendar days, a letter requesting the information that was not provided

---

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563

15

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

and giving the Class Member fourteen (14) days from the mailing of such cure letter to respond. Any invalid submission that is not timely cured will be considered a nullity.

27. **Option to Void.** If the number of Class Members who opt out by submitting Requests for Exclusion exceeds 10 percent of the total number of Class Members, then Defendant may, in the exercise of its sole discretion, withdraw from this Agreement. Defendant's right to withdraw expires 15 calendar days after the Notice Deadline. If Defendant exercises its right to withdraw pursuant to this provision, Defendant shall pay all Administrative Costs

28. **Final Approval Hearing.** Class Counsel will be responsible for drafting the Unopposed Motion for Final Approval of Settlement Agreement, and approval of the requested Service Awards, and Settlement Administrator's Costs and Unopposed Motion for Fee Award and Class Counsel's Costs, to be heard at the Final Approval Hearing. Named Plaintiff shall request that the Court schedule the Final Approval Hearing no earlier than thirty (30) days after the Notice Deadline to determine final approval of the settlement and to enter a Final Approval Order:

    a.    certifying this Action and Settlement as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action under Federal Rule of Civil Procedure 23 for purposes of settlement only;

    b.    finding dissemination of the Settlement Notice was accomplished as directed and met the requirements of due process;

    c.    approving the Settlement as final and its terms as a fair, reasonable and adequate;

    d.    approving the payment of the Service Award to Named Plaintiff Conrad Reloj;

    e.    approving Class Counsel's application for an award of attorneys' fees and reimbursement of out-of-pocket litigation costs and expenses;

    f.    directing that the Settlement funds be distributed in accordance with the terms of this Settlement Agreement;

    g.    directing that the Action be dismissed finally, fully, forever and with prejudice and in full and final discharge of any and all Participating Individuals' Released Claims, Named Plaintiff Released Claims and the PAGA Released Claims of the LWDA;

    h.    directing that a Final Judgment be entered; and

    i.    retaining continuing jurisdiction over this Action for purposes only of overseeing all settlement administration matters.

29.  **Post Judgment Report.** If the Court issues an order requiring it, at the conclusion of the 180-day check cashing period set forth below and following receipt of the Settlement Administrator's report showing the total funds that were actually paid to Participating Individuals, Plaintiff's Counsel shall submit a post-judgment report to the Court regarding any funds that remain from checks that are returned as undeliverable or are not negotiated.

## SETTLEMENT FUNDS AND AWARD CALCULATION

30.  **Funding of Settlement.** The Settlement Administrator will administer this Settlement. Within thirty (30) calendar days of Final Approval of the Settlement, Defendant shall deposit the Gross Settlement Amount into the Settlement Administrator's designated account. Defendant shall not have access to the Gross Settlement Amount, or to any earned interest, once those funds are deposited into the Settlement Administrator's designated account. Any interest gained on the Gross Settlement Amount in the Settlement Administrator's designated account shall be deemed part of the Gross Settlement Amount. The Gross Settlement Amount is fully non-reversionary. All disbursements other than employer payroll taxes shall be made from the Gross Settlement Amount. Within 30 days of the Effective Date, Defendant shall deposit an additional amount to cover employer-side taxes, including FICA and FUTA, into the into the Settlement Administrator's designated account.

    a.  **Escalator Provision.** In the event it is determined that the actual number of workweeks between October 8, 2018 and May 31, 2024 exceeds 150,775 by more than 10%, then the Gross Settlement will increase by a pro-rata dollar value equal to the number of Workweeks in excess of 165,852.5 between October 8, 2018 and May 31, 2024.

31.  **Payments.** Subject to the Court's Final Approval Order and the occurrence of the Effective Date, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

    a.  **Service Award to Named Plaintiff.** Subject to the Court's approval, Named Plaintiff Conrad Reloj shall receive Twenty Thousand Dollars ($20,000.00) for his efforts in bringing and prosecuting the Action. Defendant shall not oppose Named Plaintiff's requests for this payment. The Settlement Administrator shall issue an IRS Form 1099 for this payment. This payment shall be made within (30) days after the Effective Date or as soon as reasonably practicable. If the Court approves Service Award in amount less than what Named Plaintiff requests, the reduction in the Service Award shall not be a basis for nullification of this Settlement. Nor shall a reduction in the Service Award in any way delay or preclude the judgment from becoming a final judgment or the Settlement from becoming

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563

17

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

Effective. The Named Plaintiff assumes full responsibility for paying all taxes, if any, due as a result of the Service Award.

b.  **Fee Awards and Costs.** Subject to the Court's approval, Class Counsel shall receive the Fee Award, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed. In addition, Class Counsel shall, subject to Court approval, receive reimbursement of Class Counsels' Costs. Defendant shall not oppose Named Plaintiff's requests for these payments. These payments of attorneys' fees and costs shall be made within 24 hours of the funding of the settlement.   . An IRS Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

c.  **Labor and Workforce Development Agency Payment.** Subject to Court approval, the Parties agree that the amount of One Hundred Twenty-Seven Thousand Five Hundred Dollars ($127,500.00) from the Gross Settlement Amount will be paid in settlement of all individual and representative claims brought in the Action by or on behalf of Named Plaintiff and aggrieved parties under PAGA. Pursuant to PAGA, Seventy-Five Percent (75%), or Ninety-Five Thousand Six Hundred and Twenty-Fifty Dollars ($95,625.00), of this sum will be paid to the LWDA and Twenty-Five Percent (25%), or Thirty-One Thousand Eight Hundred and Seventy-Five Dollars ($31,875.00), will be allocated to the Net PAGA Amount. The payment to the LWDA shall be made by the Settlement Administrator within thirty (30) days after the Effective Date or as soon as reasonably practicable.

d.  **Settlement Administration Costs.** Settlement Administration costs shall be paid from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

e.  **Deposed Opt-In Plaintiff General Release Payment**: Any Deposed Opt-In who consents to a general release of claims through the process set forth in Paragraph 19, shall receive an additional lump sum payment of $2,000.00 for their efforts in assisting in the prosecution of the Action and in exchange for their general release of claims. This payment shall be made within thirty (30) days after the Effective Date or as soon as reasonably practicable. If the Court does not approve the Deposed Opt-In Plaintiff General Release Payment, the General Release shall be null and void as to Deposed Opt-Ins who elected to receive the General Release Payment. If the Court does not

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

approve the Deposed Opt-In Plaintiff General Release Payment, this shall not delay or preclude the judgment from becoming a final judgment or the Settlement from becoming Effective. The Settlement Administrator shall issue an IRS Form 1099 for these payments. Any Opt-In Plaintiff who receives a Deposed Opt-In Plaintiff General Release Payment assumes full responsibility for paying all taxes, if any, due as a result of the Service Award.

    f.    **Settlement Awards to Eligible Participating Individuals.** Settlement Award shall be made to Participating Individuals as set forth below.

    32.    **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement.** No person shall have any claim against Defendant, Class Counsel, or Defendant's Counsel based on distributions or payments made in accordance with this Settlement Agreement.

<u>**CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS**</u>

    33.    **Settlement Award Eligibility.** All Participating Individuals shall be paid a Settlement Award from the Net Settlement Amount. All Aggrieved Employees shall be paid a Settlement Award from the Net PAGA Amount.

    34.    Any Class Member who fails to submit a timely request to exclude themselves from the Settlement by following the procedure set forth in the Settlement Notice shall automatically be deemed a Participating Individual whose rights and claims with respect to the issues raised in the Action are determined by any order the Court enters granting final approval, and any judgment the Court ultimately enters in the Action. Any such Class Member's rights to pursue any Released Claims (as defined in this Settlement Agreement) will be extinguished.

    35.    **Settlement Award Calculations.** The Settlement Administrator shall be responsible for determining the amount of the Settlement Award to be paid to each Participating Individuals based on the below formulas:

    a.    Participating Individuals who do not opt out shall receive a *pro rata* portion of the Net Settlement Amount as follows:

        i.    When calculating the individual Settlement Awards following Final Approval (for purposes of preparing Individual Settlement Payment checks), the Settlement Administrator will not include Class Members who validly request exclusion from the Settlement but will assume that all Opt-In Plaintiffs cash their Settlement Award checks.

        ii.    For each week during which the Participating Individual performed work for Defendant in the state of California between October 8,

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563
19

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

2018 and Preliminary Approval, he or she shall receive one (1) shares of the Net Settlement Amount.

iii.    For each week during which the Participating Individual performed work for Defendant in the state of California between October 8, 2020 and Preliminary Approval, he or she shall receive one (1) additional share of the Net Settlement Amount.

iv.    Any Participating Individual whose employment with GEICO terminated between October 8, 2018 and Preliminary Approval shall receive seven (7) additional shares of the Net Settlement Amount.

v.    The total number of settlement shares for all Participating Individuals will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Participating Individual's number of settlement shares to determine the Participating Individual's *pro rata* portion of the Net Settlement Amount.

b.    Aggrieved Employees under the PAGA shall also receive an equal portion of the Net PAGA Amount as follows:

i.    Any Aggrieved Employee shall be eligible to receive a *pro rata* portion of the Net PAGA Amount based on his or her pay periods employed by Defendant in California during the time period between October 2, 2019 and the date of Preliminary Approval of the Settlement. The resulting Net PAGA Amount per Aggrieved Employee, if any, will be added to the Aggrieved Employee's share of the Net Settlement Amount, to determine the Aggrieved Employee's Settlement Award.

36.    In addition to other information contained on the Settlement Notice, the Settlement Notice shall state the estimated minimum payment the class member is expected to receive assuming full participation of all Class Members.

37.    All Settlement Award determinations shall be based on the weeks worked, pay periods, or dates of employment, as reflected by Defendant's timekeeping, payroll, and/or other records. If the Parties determine, based upon further review of available data, that a person previously identified as being a Class Member is not a Class Member, or an individual who was not previously identified as a Class Member is in fact a Class Member but was not so included, the Settlement Administrator shall promptly make such addition or deletion as appropriate.

38.    **Settlement Award Allocations.** Any portion of each Settlement Award that is provided from the Net PAGA Amount shall be allocated as penalties. For the remainder of each

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563
20

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

Settlement Award, twenty-five percent (25%) of each Settlement Award shall be allocated as wages, seventy-five percent (75%) of each Settlement Award shall be allocated as penalties and interest. Settlement Awards will be paid out to Participating Individuals subject to reduction for all employee's share of withholdings and taxes associated with the wage-portion of the Settlement Awards. Participating Individuals shall be issued an IRS Form W-2 for the portions of the Settlement Awards that are allocated to wages, if any. Participating Individuals will also be issued an IRS Form 1099 for the portions of the Settlement Awards that are allocated to penalties and interest. Defendant shall pay the employer's share of all required FICA and FUTA taxes on the wage portions of the Settlement Awards. The Settlement Administrator shall calculate the employer share of taxes and provide Defendant with the total employer tax contributions within five (5) business days after the final Settlement Award calculations are approved. Amounts withheld will be remitted by the Settlement Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. Defendant shall cooperate with the Settlement Administrator to provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the Form 1099 reporting for the non-wage portion of each Settlement Award.

39.    Class Counsel and Defendant's Counsel do not intend this Settlement Agreement to constitute legal advice relating to the tax liability of any Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

40.    The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a final report of all Settlement Awards, at least ten (10) business days before the Settlement Awards to Participating Individuals are mailed.

41.    The Settlement Administrator shall mail all Settlement Awards to Participating Individuals within thirty (30) days after the Effective Date or as soon as reasonably practicable. The Settlement Administrator shall then provide written certification of mailing to Class Counsel and Defendant' Counsel.

42.    All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. With ninety (90) days remaining, a reminder letter (Exhibit C herein) will be sent via U.S. mail and email to those who have not yet cashed their settlement check, and during the last sixty (60) days of the check cashing period, a call will be placed to those that have still not cashed their check to remind them to do so. At the conclusion of the 180 day check cashing deadline, Participating Individuals who have not cashed their Settlement Award checks shall nevertheless be deemed to have finally and forever released the Released Class Claims.

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563
21

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

43. **Remaining Monies.** If at the conclusion of the 180-day check cashing period set forth above, any funds remain from checks that are returned as undeliverable or are not negotiated, those monies shall be distributed as follows:

a. If the total residual amount is less than $95,000, then the amount will revert to *cy pres*. The *cy pres* recipient shall be proposed by the parties and approved by the Court. The Parties propose Legal Aid at Work which provides legal services assisting low-income, working families and promotes better understanding of the conditions, policies, and institutions that affect the well-being of workers and their families and communities. The Settlement Administrator shall distribute any *cy pres* payment.

b. If the total residual amount is $95,000 or greater, a second distribution will occur to those Participating Individuals who cashed their Settlement Award check. The second distribution will occur on a *pro rata* basis as provided for in Paragraph 35. In the event of a redistribution of uncashed check funds to Participating Individuals who cashed their Settlement Award check, the additional settlement administration costs related to the redistribution will be deducted from the total amount of uncashed checks prior to the redistribution. If a check to a Participating Individual is returned to the Settlement Administrator as undeliverable during the second distribution, the Settlement Administrator shall promptly attempt to obtain a valid mailing address by performing a skip trace search and, if another address is identified, shall mail the check to the newly identified address. If none is found, then said check shall revert to the *cy pres* recipient. If there are uncashed check funds remaining from redistribution as described in this Paragraph, then the amount will revert to *cy pres*.

c. Within twenty-one (21) days after the distribution of any remaining monies to Participating Individuals who cashed their Settlement Award check or to the *cy pres* recipient, the Class Administrator shall supply a declaration providing a Post-Distribution Accounting. The Post-Distribution Accounting will set forth the total settlement fund, the total number of Class Members, the total number of Class Members to whom notice was sent and not returned as undeliverable, the number and percentage of opt-outs, the number and percentage of objections, the average and median recovery per Participating Individual, the largest and smallest amounts paid to Participating Individuals, the method(s) of notice and the method(s) of payment to Participating Individuals, the number and value of checks not cashed, the amounts distributed to the *cy pres* recipient (if applicable), the administrative costs, the attorneys' fees and costs, and the attorneys' fees in terms of percentage of the settlement fund.

## MISCELLANEOUS

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563
22

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

Docusign Envelope ID: 18240973-2DG2-4162-8B45-1319CF4CF6DA

44.      **Class Action Fairness Act.** Defendant's Counsel shall serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement not later than ten (10) days after a proposed settlement of a class action is filed in court, pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715.

45.      **Submissions to the LWDA.** At the same time as they submit this Class Action Settlement Agreement to the Court for Preliminary Approval, Class Counsel shall submit a copy of this Agreement to the LWDA. Within ten (10) days following the Effective Date, Class Counsel shall submit a copy of the Final Approval Order and Judgment entered by the Court to the LWDA.

46.      **No Admission of Liability.** Defendant expressly denies all of the allegations in the Action. Defendant expressly denies that it has violated the FLSA, the PAGA, California wage and hour laws, or any other provision of federal or state law with respect to any of their employees. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendant or any of the Releasees of any fault or liability or wrongdoing. If this Settlement Agreement does not become final, this Settlement Agreement, or the circumstances leading to this Settlement Agreement, may not be used as an admission by Defendant or any wrongdoing or evidence of any wrongdoing by Defendant.

47.      **Defendant's Legal Fees.** Defendant's legal fees and expenses in this Action shall be borne by Defendant.

48.      **Nullification of the Settlement Agreement.** In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become Final for any other reason; or (c) the Effective Date does not occur, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation. If a court issues a final judgment denying approval of the Settlement, or the Settlement is not finally approved, then within ten (10) business days after that final judgment all funds deposited into the Settlement Administrator's designated fund will be transferred back to Defendant in accordance with Defendant's instructions.

49.      **Reduced Service Award, Fee Award, or Class Counsels' Actual Costs Not a Basis for Voiding Settlement.** If the Court approves Service Awards, a Fee Award, and/or Class Counsels' Actual Costs Award in amounts less than what Named Plaintiff and/or Class Counsel request, the Parties agree that the reduction in the Service Award(s), Fee Awards, and/or Class Counsels' Actual Costs Award will not be a basis for nullification of this Settlement. Nor will a reduction in the Service Awards, Fee Award, or Class Counsels' Cost Award in any way delay or preclude the judgment from becoming Final or the Settlement from becoming effective. Any amount resulting from the reduction in the Service Award(s), Fee Awards, and/or Class Counsels' Actual Costs Award shall be included in the Net Settlement Amount.

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

50.     **Inadmissibility of Settlement Agreement.** Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

51.     **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by Federal Rule of Civil Procedure 6), such time period shall be continued to the following business day. The term "days" shall mean calendar days unless otherwise noted.

52.     **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement. Further, without further order of the Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement.

53.     **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

54.     **Entire Settlement Agreement.** This Agreement with exhibits constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement. No rights hereunder may be waived except in writing.

55.     **Authorization to Enter into Settlement Agreement.** The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Hunter Hughes, to resolve such disagreement.

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

56.     **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Named Plaintiff, Defendant, the Participating Individuals and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

57.     **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

58.     **No Signature Required by Class Members.** Only the Named Plaintiff will be required to execute this Settlement Agreement. The Settlement Notice will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Participating Individual.

59.     **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

60.     **Governing Law.** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of California.

61.     **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Settlement Agreement as follows:

PLAINTIFF: _____     Date: _April 18_____, 2025
                        Conrad Reloj

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____    Date: _April 18_____, 2025
Carolyn Hunt Cottrell
Ori Edelstein
Danielle A. Fuschetti
Robert E. Morelli, III
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608

**DEFENDANT:**    _____    Date: ___April 24_____, 2025
Kenneth Robling
Senior Director & Associate General Counsel,
Employment Litigation & Investigations
Government Employees Insurance Company Inc.
dba GEICO

**APPROVED AS TO FORM BY DEFENDANT' COUNSEL:**

_____    Date: ___04/28_____, 2025
Kristin Walker-Probst
Courtney C. Wenrick
WOMBLE BOND DICKINSON (US) LLP
400 Spectrum Center Drive, Suite 1700
Irvine, California 92618

CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT AGREEMENT
*Reloj v. Government Employees Insurance Company Inc, et al.,* Case Nos. 3:21-cv-01751-L-MSB and 21CV003563

26

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

# EXHIBIT A

# General Class Notice

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

*Claims Admin Contact Info*
*Claims Admin ID <<ID>>*

*Mailing Date, 2025*



*<<FullName>>*
*<<Address1>> <<Address2>>*
*<<City>> <<State>> <<Zip>>*

***Reloj v. Government Employees Insurance Company Inc, et al.,*** **United States District Court,**
**Southern District of California, Case Number No. 3:21-cv-01751-L-MSB**

<u>**NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT**</u>
**PLEASE READ THIS NOTICE CAREFULLY.**

*A court authorized this notice. This is not a solicitation from a lawyer.*

You have been sent this Notice because there is a proposed settlement (the "Settlement") of a class action lawsuit and the records of Government Employees Insurance Company, Inc. d/b/a GEICO ("Defendant") show you performed work for Defendant in the state of California, sometime between October 8, 2018 and [the date of preliminary approval]. Because you fit this definition, **<u>you may be entitled to receive money from a Settlement[1] in this case, as described below</u>**.

The purpose of this Notice is to inform you of the pending Settlement and your rights under it. Please understand this is not a notice of a lawsuit against you. You have not been sued. You are not required to appear in Court in response to this Notice. Please review this Notice and consider your options carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
| --- | --- |
| **DO NOTHING** | If you do nothing, you will be a "Participating Individual," and you will be sent a settlement payment upon final approval of the Settlement, and the Class and PAGA releases of claims in Section 5 will apply to you. If you do nothing and you <u>have</u> already opted into the collective action in this case, the Collective release of claims in Section 5 will also apply to you. If you do nothing and you <u>have not</u> already opted into the collective action in this case, by cashing your settlement check, you will opt into the collective action, and the Collective release of claims in Section 5 will apply to you.. |

---

[1] This notice summarizes the proposed Settlement. The capitalized terms in this Notice of Settlement have defined meanings that are set out in detail in the Settlement Agreement. To review a copy of the Settlement Agreement, please visit the Settlement website at [INSERT URL].

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

| **EXCLUDE YOURSELF OR "OPT OUT"** | If you "opt out" of the lawsuit and choose not to be part of the Settlement as described below in Section 3, the Class release of claims and the Collective release of claims will not apply to you, and you will not receive any payment under this Settlement, except as described in the following sentence. If you are an Aggrieved Employee (defined below), you will receive a pro rata portion of the Net PAGA Amount (defined below) whether or not you "opt out" of the Settlement. |
|---|---|
| **OBJECT** | You may write an objection to the Court stating why you do not like the Settlement, as described below in Section 6. You may also appear in Court and explain why you object to the Settlement or use an attorney to appear for you. If you object, this does not mean you opt out of the Settlement (as explained below, if you opt out of the Settlement, you will not be permitted to object to the Settlement). |

## 1.    Why Should You Read This Notice?

This Notice explains your right to share in the monetary proceeds of this Settlement, exclude yourself ("opt out") of the Settlement, or object to the Settlement. If you object to the Settlement, you cannot opt out of the Settlement, and you will be bound by the terms of Settlement in the event the Court denies your objection.

The United States District Court, Southern District of California, has preliminarily approved the Settlement as fair and reasonable. The Court will hold a Final Approval Hearing on _____, 2025 at _____, before [JUDGE] at the [address and time].

## 2.    What Is This Case About?

This lawsuit alleges that individuals whom Defendant employed as Auto Claim and/or Damage Adjusters (including similar roles with different titles) throughout the State of California, and who worked for Defendant between October 8, 2018 and [date of preliminary approval], were not provided meal and rest breaks, were not compensated for all hours worked, were not paid minimum, straight time, overtime, or double time wages, were not paid all wages due upon termination, and were not provided timely and compliant itemized wage statements. This lawsuit also seeks recovery of unpaid wages, statutory damages, civil penalties for the State of California and individuals whom Defendant employed as Auto Claim and/or Damage Adjusters (including similar roles with different titles) and who worked for Defendant between October 2, 2019 and [date of preliminary approval] in California under the California Labor Code Private Attorneys General Act ("PAGA"), interest, and attorneys' fees and actual costs. *See* Settlement for a list of

Questions? Visit [INSERT URL], call toll-free [INSERT PHONE NUMBER] or email [INSERT EMAIL]

2

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

class Covered Positions. The claims in this lawsuit are brought under the federal Fair Labor Standards Act ("FLSA") and California law.

Defendant denies all liability and believes that it has defenses to these claims.

The Court has not ruled on the merits of Plaintiff's claims or Defendant's defenses.

The Settlement Administrator has created a Settlement website, which can be accessed at [INSERT URL]. The Settlement website allows interested persons to view the Settlement Agreement, all papers filed by Class Counsel to obtain Court approval of the Settlement Agreement, and this Notice of Settlement (in generic form). The Settlement website also provides contact information for Class Counsel and the Settlement Administrator.

## 3.  How Will the Settlement Payment Be Distributed?

The Gross Settlement Amount is $8,500,000 and any interest that may be earned upon this sum after it is placed in the Qualified Settlement Fund.  This amount will mostly be distributed to the current and former employees who meet the definitions for participating in the Settlement, but it will also be used to pay for attorneys' fees and actual costs awarded by the Court, any enhancement payment to Plaintiff that is awarded by the Court, the Settlement Administrator's costs, and a payment to the California Labor and Workforce Development Agency (LWDA) that is required by PAGA.

The attorneys for Plaintiff and the Settlement Class (referred to as "Class counsel") will ask the Court to award them up to one-third (1/3) of the settlement amount, which is $2,833,333.33, to compensate them for their services in this matter. Class Counsel will also request reimbursement for their reasonable costs spent in litigating this case, not to exceed $[AMOUNT]. No later than [DATE], Class Counsel will file a motion with the Court setting forth the bases for their requested costs and fees, which will be available to view on the Class Administrator's website.

The Named Plaintiff, Conrad Reloj, will ask the Court to award him a service award in the amount of $20,000 for his role as the named plaintiff prosecuting the above-entitled action and the *Reloj v. Government Employees Insurance Company Inc., et al*., Alameda Superior Court, Case No. 21CV003563, matter on behalf of the State of California.

The Settlement Administrator's costs are estimated to be no more than $[AMOUNT], and this payment will also come from the settlement fund.

The payment to the LWDA and Aggrieved Employees in connection with the PAGA component of the Settlement will be $127,000, and this payment will also come from the settlement fund.

28 individuals who previously opted into the collective action and who participated in the discovery process, including sitting for their deposition, the "Deposed Opt-Ins" will be eligible to receive an additional $2,000 payment each, in exchange for making a full and complete release of all claims, including a waiver of any and all provisions of California Civil Code § 1542. This will

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

also come from the settlement fund. If you are eligible to receive this payment, there is an additional notice enclosed that addresses your rights.

The remainder of the settlement fund after subtracting the amounts described above is the "Net Settlement Amount" that will be distributed to Participating Individuals, which include Collective Members and Class Members who do not opt out of the Settlement.

| **4.** | **If I Choose to Participate in the Settlement, How Much Can I Expect to Receive?** |
|---|---|

According to records maintained by Defendant, your total estimated settlement payment is $____. This amount is an estimated amount, and your final settlement payment is expected to differ from this amount (i.e., it could be higher or lower) and will be calculated as set forth below. All Settlement Award determinations will be based on Defendant' timekeeping, payroll, and/or other records for Settlement Class members. Based on Defendant's records, you are estimated to have worked _____ workweeks for Defendant during the relevant period in the State of California.

You do not need to do anything to be sent your settlement payment. Just watch your mail for a check and cash it when you get it. If you participate in the Settlement, you will have 180 days to cash the check. If at the conclusion of the 180-day check void period, there are any uncashed checks, those monies will be paid to the Parties' agreed upon *cy pres* recipient, Legal Aid at Work, subject to the Court's approval in the Final Approval Order, if the total residual amount is less than $95,000. If the total residual amount is $95,000 or greater, a second distribution will occur to those Participating Individuals who cashed their check on a *pro rata* basis according to the workweek formula set forth in the settlement. After the second distribution, any residual monies will be paid to the Parties' agreed upon *cy pres* recipient.

If you dispute the number of workweeks as shown on this Notice of Settlement, you may produce evidence to the Settlement Administrator establishing the dates you contend to have worked for Defendant. To do so, send a letter to the Settlement Administrator explaining the basis for your dispute and attach copies of the supporting evidence. Unless you present convincing evidence proving you worked more workweeks than shown by Defendant's records, your Settlement Award will be determined based on Defendant's records. Any disputes must be postmarked by [INSERT DATE OF NOTICE DEADLINE] and mailed to [INSERT SETTLEMENT ADMINISTRATOR ADDRESS]. The Settlement Administrator will notify you of the decision on the dispute.

Payments to Participating Individuals, except for the PAGA portion of the payment, will be calculated on the number of eligible workweeks. Each Participating Individual will be eligible to receive a *pro rata* share of the Net Settlement Amount based on the total number of eligible workweeks that the Participating Individual worked for Defendant during the relevant periods. Participating Individuals shall receive *a pro rata* portion of the Net Settlement Amount as follows:

1.  For each week during which the Participating Individual performed work for Defendant in the state of California between October 8, 2018 and Preliminary Approval, he or she shall receive one (1) shares.

Questions? Visit [INSERT URL], call toll-free [INSERT PHONE NUMBER] or email [INSERT EMAIL]

4

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

2.      For each week during which the Participating Individual performed work for Defendant in the state of California between October 8, 2020 and Preliminary Approval, he or she shall receive one (1) additional share.

3.      Any Participating Individual whose employment with GEICO terminated between October 8, 2018 and Preliminary Approval shall receive seven (7) additional shares.

4.      The total number of settlement shares for all Participating Individuals will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Participating Individual's number of settlement shares to determine the Participating Individual's pro rata portion of the Net Settlement Amount.

Individuals who worked for Defendant between October 2, 2019 and [the date of Preliminary Approval of the Settlement] in a Covered Position in the state of California will be Participating Individuals for purposes of the settlement of the PAGA claim in the lawsuit and will receive a *pro rata* share of the Net PAGA Amount (i.e., $31,875.00) based on their number of workweeks employed by Defendant in California as Auto Damage Adjusters between October 2, 2019 and [the date of Preliminary Approval of the Settlement].

For tax reporting purposes, Settlement Awards to Participating Individuals will be allocated as follows: any portion of each Settlement Award that is provided from the Net PAGA Amount shall be allocated as penalties; for the remainder of each Settlement Award, twenty-five percent (25%) of each Settlement Award shall be allocated as wages, seventy-five percent (75%) of each Settlement Award shall be allocated as penalties and interest. None of the Parties or attorneys makes any representations concerning the tax consequences of this Settlement or your participation in it. Participating Individuals should consult with their own tax advisors concerning the tax consequences of the Settlement.

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

| 5.      **What Are The Releases?** |
|---|

The Class Members who do not timely and validly request exclusion from the Settlement shall be bound by the below releases, as applicable.

Upon Final Approval of the Settlement Agreement and payment of amounts set forth under the Settlement, all Participating Individuals release claims against Defendant and its present and former parent companies, subsidiaries, affiliated companies or entities, and any of their shareholders, affiliates, and owners, members, joint employers, representatives, officers, directors, employees, agents, attorneys, insurers, predecessors, successors and assigns, as well as any individual or entity that could be liable for any of the Released Claims (the Releasees).

- <u>Released FLSA Claims:</u> Individuals who have previously opted into the collective action in this case and who do not timely and validly request exclusion from the Settlement shall

release all Releasees from the following rights or claims: any and all claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), including 29 U.S.C. §§ 206, 207 and 211 and that were pled or could have been pled based on or arising out of the factual predicates and/or allegations of any Complaints in the Action, including but not limited to the Operative Complaint, that arose between October 8, 2018 and the date of Preliminary Approval of this Agreement.

Participating Individuals who have not previously opted in and who cash, deposit, or otherwise negotiate their Settlement Award checks shall also be bound by this release. Participating Individuals who have not previously opted in and who do not cash or deposit their Settlement Award checks, shall not release any claims against the Released Parties under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.

- <u>Released Class Claims:</u> The Class Members who do not timely and validly request exclusion from the Settlement shall release the Releasees from any and all claims, other than claims under the FLSA, that are or could have been alleged in the operative Complaints in the Action, any amendment(s) thereto based on the factual allegations contained therein, and/or PAGA notice to the California Labor and Workforce Development Agency, that arose between October 8, 2018 and the date of Preliminary Approval of this Agreement, including such claims for: (1) failure to pay minimum wage for all hours worked in violation of California Labor Code sections 1194 and 1194.2, and the applicable IWC Wage Order(s); (2) failure to pay proper overtime wages in violation of California Labor Code section 510, 1194, and 1198, and the applicable IWC Wage Order(s); (3) failure to provide compliant rest periods and pay missed rest break premiums in violation of California Labor Code section 226.7 and the applicable IWC Wage Order(s); (4) failure to provide compliant meal periods and pay missed meal period premiums in violation of California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order(s); (5) failure to maintain accurate employment records in violation of California Labor Code section 1174; (6) failure to pay timely wages during employment in violation of California Labor Code sections 204 and 210; (7) failure to pay all wages due and owing at separation in violation of California Labor Code sections 201, 202, and 203; (8) failure to reimburse business expenses in violation of Labor Code sections 2802 and 2804; and (9) failure to provide complete and accurate wage statements in violation of California Labor Code sections 226 and 226.3.

<u>NOTE: Regardless of whether you submit an opt-in form, Aggrieved Employees will be subject to the following PAGA Release of Claims:</u> Plaintiff Reloj fully releases the claims and rights to recover civil penalties against the Releasees on behalf of the LWDA and Aggrieved Employees, to recover civil penalties, costs, expenses, attorneys' fees, or interest against the Releasees on behalf of Aggrieved Employees and LWDA for any California Labor Code or Wage Order violation alleged or that could have been alleged in Reloj's PAGA Letter or the operative Complaints in the Action, that arose during the PAGA Period. The Parties intend and agree that the Final Approval Order and the Judgment entered as a result of this Settlement shall have res judicata and preclusive effect to the fullest extent allowed by law.

Questions? Visit [INSERT URL], call toll-free [INSERT PHONE NUMBER] or email [INSERT EMAIL]

6

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

| 6. | What Are My Rights? |
|---|---|

- **Do Nothing**: If you do not timely and validly opt-out, you will automatically become a Participating Individual and receive your prorated Settlement Award, and will be bound by the Settlement including its release provisions, as applicable. Aggrieved Employees are bound by and cannot exclude themselves from the PAGA component of the Settlement even if you request exclusion.

- **Opt-Out**: If you do not wish to be bound by the Settlement, you must submit a written exclusion from the Settlement ("opt-out"), postmarked by [INSERT DATE]. The written request for exclusion must contain your full name, address, telephone number, email address (if applicable), and last four digits of your social security number, and must be signed individually by you. No opt-out request may be made on behalf of a group. The opt-out request must be sent by mail to the Settlement Administrator at [INSERT SETTLEMENT ADMINISTRATOR ADDRESS]. **Any person who requests exclusion (opts out) of the settlement will not be entitled to any Settlement Award as a Class or Collective Member and will not be bound by the Settlement Agreement or have any right to object, appeal or comment thereon, except to the extent you are an Aggrieved Employee**. Opting out of the Settlement will also constitute withdrawing from the collective for Opt-In Plaintiffs. Aggrieved Employees will be bound by the PAGA component of the Settlement even if they request exclusion.

- **Object**: If you received this Notice and wish to object to the Settlement, you must submit a written statement objecting to the Settlement by [INSERT DATE]. The statement must state the factual and legal grounds for your objection to the settlement and whether you intend to appear at the Final Approval Hearing. The statement must state your full name, address, and telephone number, and email address (if applicable), and must be signed by you. The statement must be filed by mailing it to the Court at the following address: Clerk of the Court, United States District Court for the Southern District of California, 333 West Broadway, Suite 420, San Diego, California 92101. You must also mail a copy of your objection to Class Counsel and Defendant' counsel, at the addresses listed below by [INSERT DATE]:

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

| Class Counsel | Defendant' Counsel |
|---|---|
| Carolyn H. Cottrell | Kristin Walker-Probst |
| Ori Edelstein | Courtney C. Wenrick |
| Danielle A. Fuschetti | BOND DICKINSON (US) LLP |
| Robert E. Morelli, III | 400 Spectrum Center Drive, Suite 1700 |
| SCHNEIDER WALLACE | Irvine, California 92618 |
| COTTRELL KONECKY LLP | |
| 2000 Powell Street, Suite 1400 | |
| Emeryville, CA 94608 | |

If you mail a written objection, you may also, if you wish, appear at the Final Approval Hearing to discuss your objection with the Court and the parties to the Lawsuit. Your written objection must state whether you will attend the Final Approval Hearing, and must be filed with the Court and served upon Class Counsel and Defendant's counsel on or before the Notice Deadline. To be heard at the Final Approval Hearing you must also not opt out of the Settlement. **If you wish to object to the Settlement but fail to return your timely written objection in the manner specified above, you shall be deemed to have waived any objection and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.** The postmark date of mailings to the Court and Class Counsel and Defendant's Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. Objections shall only be considered if the Settlement Class Member has not opted out of the Settlement. Absent good cause found by the court, persons who fail to make timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to the Settlement's fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

You may also withdraw your objection in writing by mailing a withdrawal statement to the Court and counsel for the Parties postmarked no later than [INSERT DATE – 10 business days before final approval hearing], orally at the Final Approval hearing, or as otherwise ordered by the Court.

## 7.    Can Defendant Retaliate Against Me for Participating in this Lawsuit?

No. Your decision as to whether or not to participate in this Lawsuit will in no way affect your work or employment with Defendant or future work or employment with Defendant. It is unlawful for Defendant to take any adverse action against you as a result of your participation in this Lawsuit. In fact, Defendant encourages you to participate in this Settlement.

Questions? Visit [INSERT URL], call toll-free [INSERT PHONE NUMBER] or email [INSERT EMAIL]

8

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

| 8. | Who Are the Attorneys Representing Plaintiffs and the Settlement Class? |

Plaintiffs and the Settlement Class are represented by the following attorneys acting as Class Counsel:

Carolyn H. Cottrell
Ori Edelstein
Danielle A. Fuschetti
Robert E. Morelli, III
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (800) 689-0024
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

| 9. | How Will the Attorneys for the Settlement Class Be Paid? |

Class Counsel will be paid from the Gross Settlement Amount of $8,500,000. You do not have to pay the attorneys who represent the Settlement Class. The Settlement Agreement provides that Class Counsel will request attorneys' fees of up to one-third (1/3) of Gross Settlement Amount (i.e., $2,833,333.33) plus their out-of-pocket costs not found to be unreasonable by the Court, not to exceed $ AMOUNT. Class Counsel will file a Motion for Attorneys' Fees and Actual Costs with the Court. The amount of attorneys' fees and costs awarded will be determined by the Court at the Final Approval Hearing.

| 10. Where can I get more information? |

If you have questions about this Notice, or the Settlement, or if you did not receive this Notice in the mail and you believe that you are or may be a member of the Settlement Class, you should contact the Class Counsel.

This Notice is only a summary. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at the Settlement website at [INSERT URL], by contacting Class Counsel toll-free at (800) 689-0024, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.casd.uscourts.gov, or by visiting the office of the Clerk of the Court for the [INSERT ADDRESS], between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK OF THE COURT, THE JUDGE; OR GOVERNMENT EMPLOYEES INSURANCE COMPANY, INC. FOR INFORMATION ABOUT THE PROPOSED SETTLEMENT OR THIS LAWSUIT.**

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

Docusign Envelope ID: 18240973-2DC2-4162-8B45-1719CF4CF6DA

# EXHIBIT B

# (Addendum for Deposed Opt-ins)

Docusign Envelope ID: 18240973-2DG2-4162-8B45-1319CF4CF6DA

*Claims Admin Contact Info*
*Claims Admin ID <<ID>>*

*Mailing Date, 2025*

*<<FullName>>*
*<<Address1>> <<Address2>>*
*<<City>> <<State>> <<Zip>>*

***Reloj v. Government Employees Insurance Company Inc, et al.,*** United States District Court, Southern District of California, Case Number No. 3:21-cv-01751-L-MSB

## DEPOSED OPT-IN PLAINTIFF GENERAL RELEASE ADDENDUM
### PLEASE READ THIS NOTICE CAREFULLY.

*A court authorized this notice. This is not a solicitation from a lawyer.*

You are receiving this Addendum because Class Counsel's records show that you are a "Deposed Opt-in Plaintiff." To be a Deposed Opt-in Plaintiff, you must have opted into the FLSA collective action in the case of *Reloj v. Government Employees Insurance Company Inc, et al.*, not have withdrawn your opt-in election, and had your deposition taken in that case.[2]

**As a Deposed Opt-In Plaintiff, you are entitled to additional money under the Settlement, if you elect to agree to a full General Release against the Released Parties.** The purpose of this Addendum is to inform you of these additional rights and benefits.

| 1. What is the Deposed Opt-In Plaintiff General Release Payment? |
| --- |

**Deposed Opt-in Plaintiff Payment:** Any Deposed Opt-In Plaintiff may elect to be bound by the below Deposed Opt-In Plaintiff General Release, described in Section 3, in exchange for an additional lump sum payment of **$2,000.00**. This additional lump sum payment is in recognition of Deposed Opt-in Plaintiffs' efforts in assisting in the prosecution of the Action and in exchange for their general release of claims.

This money is <u>in addition</u> to any other payments they would otherwise receive under the Class and Collective Action Settlement. That is to say, the Deposed Opt-in Plaintiff General Release Payment is in addition to the estimated class payment stated in the Notice Of Class And Collective Action Settlement ("Class Notice").

If you elect to receive the Deposed Opt-In Plaintiff General Release Payment, and the Court approves the Settlement, you will receive an additional lump sum payment in the amount of $2,000 at the address you provide below, and you will be bound by the General Release, described in Section 3, below. If the Court does not approve the Settlement, or does not approve the portion of

---

[2] The capitalized terms in this Notice of Settlement have defined meanings that are set out in detail in the Settlement Agreement. To review a copy of the Settlement Agreement, please visit the Settlement website at [INSERT URL].

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

the settlement pertaining to the Deposed Opt-in Plaintiff General Release Payment, you will not receive the $2,000 lump sum, and will not be bound by the General Release.

You are not required to elect to receive the Deposed Opt-in Plaintiff General Release Payment and to be bound by the General Release in order to receive your ordinary Settlement payment set forth in the Class Notice.

## 2. How Do I Receive the Deposed Opt-In Plaintiff General Release Payment?

To receive the Deposed Opt-In Plaintiff General Release Payment, simply complete and sign and date this Addendum, and mail it to the Class Administrator. To be valid, the below form must be completed fully and postmarked no later than [DATE].

Note: The Deposed Opt-In Plaintiff General Release Payment is only available to Participating Individuals, meaning that you cannot receive the Deposed Opt-In Plaintiff General Release Payment if you opt out of the Settlement.

## 3. What Rights Am I Releasing if I Elect the Deposed Opt-In Plaintiff General Release Payment?

If you elect the Deposed Opt-In Plaintiff General Release Payment, you will be subject to the below General Release. The General Release includes rights and claims that have not been investigated or litigated in this lawsuit. Carefully consider whether you wish to be bound by the General Release before making your decision.

The Released Parties, or "Releasees" for purposes of the General Release are as follows: Defendant Government Employees Insurance Company Inc. and its present and former parent companies, subsidiaries, affiliated companies or entities, and any of their shareholders, affiliates, and owners, members, joint employers, representatives, officers, directors, employees, agents, attorneys, insurers, predecessors, successors and assigns, as well as any individual or entity that could be liable for any of the Released Claims.

Below is the General Release, set forth in Section 19 of the Settlement:

> **General Release**: Upon Final Approval of the Settlement Agreement and payment of amounts set forth herein, and except as to such rights or claims as may be created by this Settlement Agreement, Plaintiff and any Deposed Opt-Ins who elect a Deposed Opt-ins General Release Payment through the process established in Paragraph 25, generally release Releasees of any claims that could have been brought against Defendant through the date of Preliminary Approval of this Agreement as set forth below. This general release includes claims arising from their respective employment relationships with Defendant, including, without limitation, claims for unpaid wages and liquidated damages, claims for discrimination, harassment, or retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000 *et seq.*, the California Fair Employment and

1

Docusign Envelope ID: 18240973-2DG2-4162-8B45-1319CF4CF6DA

Housing Act, California Gov't Code Section 12900 *et seq.*, and claims for violation of public policy.

> **This general release also includes a waiver of rights under California Civil Code Section 1542, which states:**
>
>> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Excluded from this Release are claims for workers' compensation or unemployment benefits, claims for benefits under ERISA (including claims under any benefits plan that is subject to ERISA), or any deferred benefits or retirement savings plans or accounts, claims under COBRA, and any claims or rights which cannot be waived by law.

## 4. How Will the Deposed Opt-In Plaintiff General Release Payment Be Treated for Tax Purposes?

The Settlement Administrator shall issue an IRS Form 1099 for this payment. An individual who receives a Deposed Opt-In Plaintiff General Release Payment assumes full responsibility for paying all taxes, if any, due as a result of the Deposed Opt-in Plaintiff General Release.

## 5. Does Class Counsel Represent Me In Connection With All of The Claims Covered By the General Release?

No. Class Counsel only represents you with respect to the claims covered by the Class, Collective, and PAGA Releases, described in section 5 of the Class Notice. Class Counsel has not investigated all of the claims and rights covered by the General Release. Class Counsel cannot advise you on whether or not to elect the Opt-In Plaintiff General Release Payment and General Release, but Class Counsel may answer questions about what your options are under the Settlement Agreement. You are advised to consult independent legal counsel on whether to elect the Opt-In Plaintiff General Release Payment and General Release.

## 6. How Does This Affect My Rights Under the Settlement?

Your other rights under the Settlement are not affected by whether you elect the Deposed Opt-In Plaintiff General Release Payment. Assuming you do not opt out of the Settlement, your will receive your regular settlement payment *regardless* of whether you do, or do not, elect the additional Deposed Opt-In Plaintiff General Release Payment and General Release.

## 7. Where can I get more information?

If you have questions about whether to elect the Deposed Opt-In Plaintiff General Release Payment and General Release, you should contact independent legal counsel.

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

This Notice is only a summary. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at the Settlement website at [INSERT URL], by contacting Class Counsel toll-free at (800) 689-0024, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.casd.uscourts.gov, or by visiting the office of the Clerk of the Court for the [INSERT ADDRESS], between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

| DEPOSED OPT-IN PLAINTIFF GENERAL RELEASE PAYMENT ELECTION FORM |
|---|

I _____ (your full legal name) voluntarily and finally elect to be bound by the General Release described in Section 3 above, in exchange for a lump sum payment to me of $2,000.00, subject to the terms of the Settlement.

I have fully read and understand this Addendum. I understand that my decision to receive the Deposed Opt-In Plaintiff General Release Payment and to be bound by the General Release is entirely voluntary. I understand the Deposed Opt-In Plaintiff General Release Payment is in addition to my Settlement payments described in the Class Notice. I understand that, if I do not elect to receive the Deposed Opt-In Plaintiff General Release Payment and to be bound by the General Release, I will still be eligible to receive the other Settlement payments set forth in the Class Notice. I understand that I have the right to consult with independent legal counsel on this subject and have had the opportunity to do so, if I wish.


_____
[Write your full legal name]


_____
[Sign your name]


_____
[last four digits of your social security number]


Date: _____


Address where your payment should be sent:

_____
(Street address)


_____
(City / State/ Zip Code)

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

_____

(your personal phone number)


_____

(your email address, if you have one)

4

# **<u>EXHIBIT C</u>**

Doc ID: 1156b2b42f5fba8ad4bf95e46eadb067994238d4

Claims Admin Contact Info
Claims Admin ID <<ID>>

Mailing Date, 2025
<<FullName>>
<<Address1>> <<Address2>>
<<City>> <<State>> <<Zip>>

**Re:      REMINDER TO CASH SETTLEMENT CHECK FOR CLASS AND
           COLLECTIVE ACTION SETTLEMENT**

Dear <<FullName>>:

You previously were sent your payment from the settlement of the lawsuit entitled *Reloj v. Government Employees Insurance Company Inc., et al,* United States District Court, Southern District of California, Case No. 3:21-cv-01751-L-MSB (the "Lawsuit"). Our records show that you have not yet cashed your settlement check.

You will be bound by the Settlement, including the Class release, whether or not you cash or deposit the check. In addition, if you previously opted into the collective action in this case, you will be bound by the FLSA release, whether or not you cash or deposit the check. If you have not previously opted in to the collective action in this case, you will not be bound by the FLSA release unless you cash or deposit the check, but you will still be bound by the Class release, regardless.

If you wish to do so, please cash your check promptly. Your check will expire on _____ and then will be sent to the [cy pres recipient or to individuals who have cashed their checks].

If you have any questions about the settlement, you can visit the Settlement website at [INSERT URL]; contact Class Counsel toll-free at (800) 689-0024; view the public docket for the case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.casd.uscourts.gov; or contact the settlement administrator (whose contact information is at the top of this letter). Please do not call the Court about this letter.

Sincerely,

Claims Administrator

6