UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD RELOJ, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. dba GEICO,<br><br>                              Defendant. | Case No.: 21cv1751-L-MSB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SEAL**<br><br>**[ECF NO. 279]** |

      In this wage and hour action, pending before the Court is Defendant Government Employees Insurance Company, Inc.'s ("GEICO") unopposed motion to seal.  (ECF No. 279, "Mot. to Seal").  The Court decides the matter on the papers submitted without oral argument.  *See* Civ. L. R 7.1(d)(1).  For the reasons which follow, the motion is denied.

      Sealing court records implicates the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  The lack of opposition to a motion to seal therefore does not automatically resolve it.  *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1128, 1130 & passim (9th Cir. 2003).

      Aside from "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation," a strong presumption applies in favor of public access to

judicial records, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Id*. at 1178.

The showing required to meet this burden depends on whether the documents requested to be sealed relate to a motion that is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If so, the "presumptive compelling reasons" standard applies, otherwise, the lower "good cause" standard under Federal Rule of Civil Procedure 26(c)(1) applies as an exception. *Id*. at 1097–98.

Defendant requests to seal certain documents filed in support of and opposition to Plaintiffs' motion for conditional certification of a FLSA collective action, Defendant's motion to decertify a FLSA collective action, Plaintiff's motion for class certification, and Defendant's summary judgment motion. These motions are more than tangentially related to the merits of the case, thus calling for the application of the compelling reasons standard.

All documents Defendant requests to seal were previously filed in the Court's public docket. Some of them were publicly filed almost three years prior to the pending motion. (*Cf.* Mot. to Seal *with* ECF No. 279-2, Mot. to Seal Ex. 1 (previously filed as ECF No. 46-1).) Defendant's motion covers more than 3,500 pages of documents.[1] Defendant requests to redact certain employee names, including the names of putative class members, the names of their managers and supervisors, and the names of certain Defendant officers, including, in rare instances, their work email addresses and phone numbers. These individuals have percipient knowledge of the facts and are therefore actual or potential witnesses. Their names and other information was disclosed in

---

[1] Some of Defendant's 120 exhibits include more than one document. (*See* ECF No. 279-1, Goldfine Decl.)

discovery, including responses to interrogatories, deposition testimony, and document productions, and included in the briefs, declarations, and exhibits filed with the Court.

Defendant's motion is based entirely on the contention that the information it requests to seal is "personally identifying information" protected by the California Consumer Privacy Act of 2018, Cal. Civ. Code §§ 1789.100 *et seq.* ("Privacy Act" or "Act"). The Act, however, does not apply to the exercise or defense of legal claims, *id.* § 1798.145(a), and therefore does not provide a basis for sealing court filings.

Furthermore, federal "discovery is presumptively public." *Cordero v. Stemilt AG Serv., LLC,* 142 F.4th 1201, 1207 (9th Cir. 2025). "Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Id.* "The party seeking a protective order has the burden of establishing good cause and must show prejudice for each particular document it seeks to protect." *Id.* Defendant has made no attempt to make such a showing and has therefore failed to meet the good cause standard. *A fortiori,* Defendant has not met the more onerous compelling reasons standard for sealing.

For the foregoing reasons, Defendant's motion to seal is denied.

**IT IS SO ORDERED.**

Dated: November 25, 2025

_____
Hon. M. James Lorenz
United States District Judge