UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD RELOJ, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. dba GEICO,<br><br>                              Defendant. | Case No.: 21cv1751-L-MSB<br><br>**<u>CLASS ACTION</u>**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT**<br><br>**[ECF NO. 275, 285]** |

      Pending before the Court in this wage and hour action is Plaintiff Conrad Reloj's ("Reloj") unopposed Motion for Preliminary Approval of Class, Collective, and PAGA Action Settlement. (ECF No. 275, 285.) The Court decides this matter on the briefs without oral argument. *See* Civ. L.R. 7.1.d.1. For the reasons stated below, Reloj's motion is denied.

      Reloj was employed by Defendant Government Employees Insurance Company Inc. ("GEICO") for nearly twenty years as a non-exempt, hourly Auto Damage Adjuster in San Diego, Los Angeles, and San Francisco, California. He alleged that he and other similarly situated GEICO employees regularly worked more than eight hours per day, were routinely denied meal and rest periods, and were not paid for all the hours worked,

including minimum wages and overtime.  Based on these allegations, Reloj also claimed that GEICO failed to provide accurate itemized wage statements and pay all wages due after termination of employment.  Reloj asserted claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), California Labor Code, and California Business and Professions Code § 17200 *et seq.* on his behalf and on behalf of similarly situated individuals.

      Reloj initially filed this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under Federal Rule of Civil Procedure 23.[1]  The Court granted his motion for certification of a conditional collective action under 29 U.S.C. § 216(b) and granted in part Defendant's summary judgment motion.  (ECF Nos. 101, 166.)  Subsequently, Reloj filed a class certification motion and Defendant filed a motion to decertify the FLSA collective action.  (ECF Nos. 219, 230.)  During the pendency of these motions, after four mediation attempts, the parties negotiated a settlement.  (*See* ECF no. 259; ECF No. 282-1, "Second Cottrell Decl." Ex. A (Class, Collective, and PAGA Action Settlement Agreement and Release ("Settlement") ¶ 7).)  The Settlement included Reloj's state court action, *Reloj v. Government Employees Insurance Company Inc.,* Superior Court of California, County of Alameda, Case No. 21cv003563, seeking relief under the California Private Attorneys General Act, Cal. Lab. Code §§ 2698 *et seq.* ("PAGA Action").  (*See* ECF No. 257 ¶ 3; Settlement ¶ 2.a.)  Pursuant to the Settlement, Reloj filed an amended complaint in this action ("Federal Action"), which incorporated his claims from the PAGA Action.  (*See* ECF No. 269, "Operative Complaint").)  He also filed the pending motion for preliminary settlement approval.  (ECF No. 275).[2]

/ / / / /

---

[1]    All references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2]    The motion for preliminary settlement approval was filed piecemeal.  Relevant filings in support of the motion are found at ECF Nos. 275, 282, 285, and 286.

The Court has federal question jurisdiction under 28 U.S.C § 1331 because Plaintiff alleged a federal claim under the FLSA. The Court has supplemental jurisdiction over California state law claims. 28 U.S.C. § 1367.

The Operative Complaint incorporates, and the proposed Settlement seeks to settle, three types of actions: (1) an FLSA collective action; (2) a federal Rule 23 class action for violation of California wage and hour laws; and (3) a PAGA action under California law. The settlement of each requires court approval. Fed. R. Civ. Proc. 23(e) (class action); *Seminiano v. Xyris Enter., Inc.,* 602 Fed. Appx. 682 (9th Cir. 2015) (FLSA); Cal. Labor Code § 2699(e)(2) (PAGA); *Oliveira v. Language Line Servs., Inc.,* 767 Fed. Supp. 3d 984, 1000 (N.D. Cal. 2025) (FLSA and PAGA).[3] However, the class action standard set forth in Rule 23 does not apply to FLSA and PAGA actions. *Hamilton v. Wal-Mart Stores, Inc.,* 39 F.4th 575, 584 (9th Cir. 2022) ("Rule 23 does not govern cases with PAGA's features."); *Campbell v. City of Los Angeles,* 903 F.3d 1090, 1113 (9th Cir. 2018) ("[M]imicking the Rule 23 standards in evaluating section 216(b) collective actions is not appropriate.").

These three types of actions differ in significant respects which bear upon the terms of the proposed Settlement. "Rule 23 provides a procedural mechanism for a federal court to adjudicate claims of multiple parties at once, instead of in separate suits." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC,* 31 F.4th 651, 663 (9th Cir. 2022) (*en banc*). A representative plaintiff can raise multiple claims on behalf of absent putative class members. *Hamilton,* 39 F.4th at 583. This is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 348-49 (2011) ("*Dukes*"). To justify a departure from that rule, a class representative must at least be part of the class and possess the same interest and suffer the same injury as the class members. *See id.*

---

[3] Internal citations, quotation marks, ellipses, and brackets are omitted from citations.

Rule 23 serves to assure this requirement is met. *See id.* In a class action under Rule 23(b)(3), as here, putative class members become parties to the case upon dissemination of class action notice. *See id.* at 362-63. They are represented by class counsel. Fed. R. Civ. Proc. 23(g). If they do not expressly exclude themselves from the class, class members become bound by the class action judgment and potentially precluded from filing claims on their own behalf. *Dukes*, 564 U.S. at 362-64. For this reason, class actions present "unique due process concerns for absent class members and the district court has a fiduciary duty to look after the interests of [the] absent class members." *Allen v. Bedolla,* 787 F.3d 1218, 1223 (9th Cir. 2015).

Under the FLSA, injured employees have the option to file a collective action rather than a Rule 23 class action. Title 29 Section 216(b) "gives employees the right to bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated' for specified violations of the FLSA." *Genesis Healthcare Corp. v. Symczyk,* 569 U.S. 66, 69 (2013). A suit brought on behalf of other employees is known as a "collective action." *Id.* at 69; *Hoffman-LaRoche Inc. v. Sperling,* 493 U.S. 165, 169 (1989). No employee becomes a party plaintiff to a collective action unless he gives his consent in writing and the consent is filed with the court. 29 U.S.C. § 216(b). "[P]articipation in the collective action is a statutory 'right' held equally and individually by each party plaintiff, whether originally appearing in the complaint or later opting in. *Campbell v. City of Los Angeles,* 903 F.3d 1090, 1108 (9th Cir. 2018). After a plaintiff opts into the collective action, there is no distinction between the original and opt-in plaintiffs. *Id.* "The FLSA leaves no doubt that every plaintiff who opts into the collective action has party status." *Id.*

> [As opposed to a class action, a] collective action is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of *individual* plaintiffs with individual cases—capitalizing on efficiencies of scale, but without necessarily permitting a specific, named representative to control the litigation, except as the workers may separately so agree. The opt-in plaintiffs thus choose whether and when to become parties to a collective action only by filing a written consent with the court.

*Id.* at 1105 (emph. in orig.). "[U]nlike in the Rule 23 context, … certification in the FLSA context does not 'produce a class with an independent legal status or join additional parties to the action.'" *Id.* at 1101 (quoting *Genesis Healthcare*, 569 U.S. at 75).

Finally, PAGA actions also differ from Rule 23 class actions. Under California Labor Code, the California Labor Workforce Development Agency ("LWDA") may assess and collect civil penalties against employers for Labor Code violations. *See* Cal. Lab. Code § 2699(a). PAGA actions are actions for civil penalties rather than monetary damages. *Hamilton.,* 39 F.4th at 590-91. PAGA allows for civil penalty actions to be brought by an aggrieved employee on behalf of him- or herself and other similarly situated employees. Cal. Lab. Code § 2699(a). However, unlike in Rule 23 class actions, in bringing a representative action under PAGA, the aggrieved employee "represents a single principal, the [LWDA.]" *Hamilton,* 39 F.4th at 583, 588 ("there is no individual component to a PAGA action because plaintiffs may bring a PAGA claim *only* as the state's designated proxy, suing on behalf of *all* affected employees.") (emph. in orig.); *see also Arias v. Super. Ct. (Angelo Dairy),* 46 Cal.4th 969, 986 (2009). Any civil penalties recovered in a PAGA representative action are distributed 25% to the aggrieved employees and 75% to the LWDA. Cal. Lab. Code § 2699(l). Receiving 25% of recovered penalties does not make similarly situated aggrieved employees parties to the PAGA action, much less parties to an action for monetary damages. *Hamilton,* 39 F.4th at 583, 588. "[A] PAGA claim is a law enforcement action brought by plaintiffs acting as the state's designated proxy [and is therefore] not a collection of individual claims for relief[.]" *Oliveira,* 767 F. Supp. 3d at 998. Accordingly, "PAGA judgments are not binding on nonparty employees as to any individually held claims" and "[a]bsent employees are free to pursue any other remedies available by law, including damages and equitable relief." *Hamilton,* 39 F.4th at 583, 588 (citing Cal. Lab. Code § 2699(g)(1).)
/ / / / /

The proposed Settlement seeks to dispose of these three types of actions roughly by means of releases of claims in exchange for a $8.5 million from GEICO. The Court denies preliminary approval of the Settlement for the reasons stated below.

### 1. Equitable Treatment of Class Members

The Settlement favors Class Members who worked for GEICO after October 8, 2020. (Settlement ¶ 35.a.iii.) A class action settlement must treat class members "equitably relative to each other." Fed. R. Civ. Proc. 23(e)(2)(D). The Class encompasses individuals who worked for GEICO in certain positions since October 8, 2018. (Settlement Definitions ¶ 2.c.) Without an explanation why individuals who were employed after October 8, 2020, should receive more, the Court is not inclined to approve the proposed Settlement.

### 2. Releases

The release provisions (Settlement ¶ 18) are ambiguous in their scope. They release "claims alleged, or that could have been alleged based on the facts alleged *in the Action*[.]" (*Id.* (introductory paragraph) (emph. added).) The term "Action" is defined to broadly include this Federal Action and Reloj's separate state court PAGA Action. (Settlement Definitions ¶ 2.a.) Accordingly, the releases encompass more than the claims alleged, or that could have been alleged, in the Operative Complaint in this Federal Action. For example, as to the Released FLSA Claims, the release covers FLSA claims "that were pled or could have been pled based on or arising out of the factual predicates and/or allegations of *any Complaints in the Action, including but not limited to* the Operative Complaint[.]" (Settlement ¶ 18.a. (emph. added).) As to the Released Class Claims, the release covers, among other things, claims "that are or could have been alleged in the operative Complaint*s* in the Action [and] any amendments thereto[.]" (*Id.* ¶ 18.b. (emph. added).)

The Operative Complaint was filed as an amended complaint in this Federal Action. (ECF No. 269; *see also* Settlement ¶ 14.) An amended complaint supersedes all prior complaints filed in the same action. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851,

6

21cv1751-L-MSB

857 (9th Cir. 2011).  Accordingly, the references in the Settlement to multiple operative complaints are incorrect and confusing.

Moreover, the releases appear to encompass the claims that were alleged, or that could have been alleged, in the separate PAGA Action.  This should be unnecessary, because the Operative Complaint in this Federal Action "consolidates the claims, legal allegations, and factual allegations pled in the PAGA Action and the Federal Action[.]" (Settlement ¶ 14.)  In addition, Class Members should not have to consult pleadings in the PAGA Action to determine what rights they are giving up by cashing their settlement checks in the Federal Action.

The Released Class Claims and the Released PAGA Claims require Class Members to consult additional documents that were not filed in this Federal Action.  The Released Class Claims include claims "that are or could have been based on the factual allegations contained [in the] *PAGA notice* to the [LWDA,]" and the Released PAGA Claims include claims "alleged or that could have been alleged in *Named Plaintiff's PAGA* Letter[.]"  (Settlement ¶ 18.b., c. (emph. added).)  These provisions purport to extend the scope of the released claims even further and would impose on Class Members an even greater burden to locate these documents to find out what rights they are giving up.

The Released PAGA Claims provision and related portions of the Settlement suffer from a further defect in that they exceed the scope permitted by law.  (*See* Settlement ¶¶ 18.c., 20(d), 24.)  The Released PAGA Claims provision, and the corollary provision setting forth the language to be included on the settlement checks, purport to bind Aggrieved Employees, including those who are not Class or Collective Members.  (*Id.* ¶¶ 18.c., 20(d).)  A further provision states that "Aggrieved Employees are bound by and cannot exclude themselves from the PAGA component of the Settlement even if they request exclusion."  (*Id.* ¶ 24.)

/ / / / /

"Aggrieved Employees" are employees who worked for GEICO in certain positions between October 2, 2019, and Preliminary Approval.[4] (Settlement Definitions ¶ 2.b.) A private PAGA action such as this, however, is not brought on behalf of aggrieved employees but on behalf of the LWDA. *Hamilton,* 39 F.4th at 583. Aggrieved employees are not parties to PAGA claims, and PAGA judgments do not preclude aggrieved employees' claims for damages or equitable relief. *Id.; see also id.* at 588 ("Absent employees are free to pursue any other remedies available by law, including damages and equitable relief."). For these reasons, the Released PAGA Claims provision (Settlement ¶ 18.c.) and its corollary provisions (*id.* ¶¶ 20(d), 24) exceed the scope permitted by law.

Further, to the extent it applies to the Deposed Opt-in Plaintiffs, the General Release (Settlement ¶ 19) also exceeds the scope permitted by law. The Settlement provides that Deposed Opt-in Plaintiffs who elect to do so in exchange for an additional payment (Settlement ¶ 31.e.) will release, among other claims,

> claims for discrimination, harassment, or retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000 *et seq.*, the California Fair Employment and Housing Act, California Gov't Code Section 12900 *et seq.*, and claims for violation of public policy.

(*Id.* ¶ 19.) Deposed Opt-Ins are plaintiffs who opted into the FLSA Collective and were deposed in the Federal Action. (Settlement Definitions ¶ 2.k.) FLSA Collective Members, including Deposed Opt-Ins, are Class Members unless they exclude themselves. (*Cf.* Settlement Definitions ¶ 2.c. (Class Members) *with* ECF No. 101, "Collective Cert. Order," at 12 (defining the Collective); *see also* Settlement ¶ 24

---

[4] Although Class Members are Aggrieved Employees, not all Aggrieved Employees are necessarily Class Members. (*Cf.* Settlement Definitions ¶ 2.c. (Class Members) *with id.* ¶ 2.b. (Aggrieved Employees).) For example, putative class members who exclude themselves from the Class (*see* Settlement ¶ 24) are Aggrieved Employees but not Class Members.

(requests for exclusion).)  The scope of permissible releases in class action settlements is not unlimited:

> A settlement agreement may preclude a party from bringing a related claim in the future even though the claim was not presented and might not have been presentable in the class action, but only where the released claim is based on the identical factual predicate as that underlying the claims in the settled class action.

*Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).  Nothing in this Federal Action suggests that it is based on employment discrimination, harassment, retaliation, or violation of public policy.  Accordingly, the General Release, which covers such claims, is overbroad as to the Deposed Opt-Ins.

### 3. Procedural Provisions

The proposed Settlement allows Class Members and Collective Members to exclude themselves from the Settlement.  (Settlement ¶ 24.)  It further provides for entry of judgment dismissing all Participating Individuals' claims.  (*See id.* ¶¶ 16, 28.g.)  Participating Individuals include Collective Members.  (Settlement Definitions ¶ 2.v.)  Each Collective Member is an individual Plaintiff in this Federal Action.  *See Campbell*, 903 F.3d at 1105, 1108.  The proposed Settlement would dismiss FLSA claims of Collective Members who exclude themselves from the Settlement.  Because this provision appears contrary to 29 U.S.C. § 216, the Court declines preliminary approval.

Next, the proposed Settlement and Class Notice provide detailed requirements for Class Members who wish to object to the Settlement or be heard at the Final Approval Hearing.  (*See* Settlement ¶ 23; Class Notice at 7-8.)  Federal Rules have their own less onerous provision:

> Any class member may object to the proposal … .  The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection.

/ / / / /

Fed. R. Civ. Proc. 23(e)(5).  While the proposed Settlement and Class Notice may encourage Class Members to comply with a stricter procedure than stated in Rule 2(e)(5), the Court is not inclined to approve a Settlement or Class Notice that requires it.

Further, the proposed Settlement and Class Notice, which require objections no later than the Notice Deadline (*See* Settlement ¶ 23; Settlement Definitions ¶ 2.t. (Notice Deadline); Class Notice at 7-8) do not specify the time to object to Class Counsel's application for Class Counsel's Fee Award and Class Counsel Costs.  (*See* Settlement ¶ 28.)  An opportunity to object to the application is required by law.  Fed. R. Civ. Proc. 23(h)(2); *In re Mercury Interactive Corp. Sec. Litig.,* 618 F.3d 988, 993 (9th Cir. 2010) (Setting the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion was a misapplication of Rule 23(h) and "border[ed] on a denial of due process because it deprive[d] objecting class members of a full and fair opportunity to contest class counsel's fee motion.")  Any proposed Settlement should state when the Class Members may file their objections to the application for Class Counsel's Fee Award and Class Counsel Costs.

Finally, the Court is not inclined to approve a settlement which provides for amendment or modification without court approval.  (*See* Settlement ¶ 53.)

For the foregoing reasons, preliminary approval of the proposed Settlement is denied.  If Reloj files another motion for preliminary approval, the motion must be accompanied by a redlined copy of the proposed settlement showing all changes to the Settlement filed at ECF No. 282.  The motion must also include any responses received to GEICO's notice under 28 U.S.C. § 1715 and Plaintiff's notice to the LWDA pursuant to PAGA, or a counsel's declaration that no response was received.

**IT IS SO ORDERED.**

Dated:  January 20, 2026

_____
Hon. M. James Lorenz
United States District Judge