SCHNEIDER WALLACE
COTTRELL KIM LLP
Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Esther Bylsma (SBN 264208)
Robert E. Morelli, III (SBN 363123)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ebylsma@schneiderwallace.com
rmorelli@schneiderwallace.com

*Attorneys for Plaintiff, the Collective, the Putative Class,
Aggrieved Employees and the State of California*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD RELOJ, on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. d/b/a GEICO,<br><br>        Defendant. | Case No. 3:21-cv-01751-L-MSB<br><br>**CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT**<br><br>Date: August 24, 2026<br>Time: 1:30 p.m.<br>Location: Courtroom 2C<br><br>Honorable Magistrate Michael S. Berg<br><br>Action filed: October 8, 2021<br>Trial date: None set |

I, Carolyn Hunt Cottrell, hereby declare as follows:

1.     I am an attorney at law duly licensed and in good standing to practice law in the courts of California (No. 166977) and am admitted to practice law before this Court, the United States District Court Eastern District of California.

2.     I am a partner at the law firm of Schneider Wallace Cottrell Kim LLP ("SWCK"). SWCK specializes in class, collective, and PAGA litigation in state and federal court.

3.     I am lead counsel of record for Plaintiff Conrad Reloj on behalf of himself, the class, collective, and the Labor Commissioner ("Plaintiff"), in the above-captioned case. I submit this declaration in support of Plaintiff's Motion for Preliminary Approval of Class, Collective, and Private Attorneys General Act of 2004 ("PAGA) Action Settlement. I am familiar with the file, the documents, and the history related to these cases. The following statements are based on my personal knowledge and review of the files. If called to do so, I could and would testify competently thereto.

4.     A true and correct copy of the fully executed Revised Class, Collective, and PAGA Action Settlement Agreement and Release is attached hereto as **Exhibit 1**. The Settlement Notice is attached to the Settlement Agreement as **Exhibit A**. The Settlement Agreement was executed by Plaintiff on April 14, 2026, Class Counsel on April 17, 2026, Defendant on April 28, 2026, and Defendant's Counsel on April 29, 2026.

5.     Plaintiff submits the fully executed Revised Settlement Agreement in support of preliminary approval. The Settlement Agreement memorializes the final terms negotiated by the Parties following mediation and subsequent negotiations.

### I.     QUALIFICATIONS, EXPERIENCE, AND EXPERTISE

6.     SWCK is regarded as one of the leading private plaintiff's firms in wage and hour class actions and employment class actions. In November 2012, the Recorder listed the firm as one of the "top 10 go-to plaintiffs' employment firms in

Northern California." The partners and attorneys have litigated major wage and hour class actions, have won several prestigious awards, and sit on important boards and committees in the legal community. SWCK was founded by Todd Schneider in 1993, and I have been a member of the firm since 1995.

7.      SWCK has acted or is acting as class counsel in numerous cases. A partial list of cases which have been certified and/or settled as class actions includes: *Corley v. Invitation Homes Realty California, Inc.* (Case No. CIVSB2213022) (San Bernardino Superior Court, January 9, 2025) (final approval of California class, and PAGA representative action settlement); *Salonga, et al. v. Aegis Senior Communities, LLC, et al.* (Case No. 22CV007450) (Alameda Superior Court, August 30, 2024) (final approval of FLSA collective, California class, and PAGA representative action); *Chavez v. Teasdale Foods, Inc.* (Case No. 21CV-03035) (Merced Superior Court, August 28, 2024) (class certification of a California class and subclasses); *Walker v. Nursefinders, LLC, et al.* (Case No. 3:22-CV-04084-AGT) (Northern District of California, August 27, 2024) (final approval of California class and PAGA representative action settlement); *Magana v. Goya Foods of California, Inc., et al.* (Case No. 20STCV43233) (Los Angeles Superior Court, July 10, 2024) (class certification of California rounding, meal, and wage statement subclasses); *Bonner v. Providence Health System-Southern California* (Case No. 21STCV09585) (Los Angeles Superior Court, July 16, 2024) (class certification of a California rounding subclass and derivative subclasses); *Miles v. Kirkland* (Case No. 5:18-cv-01559-JWH) (Central District of California, June 7, 2024) (class certification of a California rest break subclass); *Clavel v. San Diego Sunrise Management Company* (Case No. 37-2020-00028205-CU-OE-CTL) (San Diego Superior Court, May 29, 2024) (final approval of California class action settlement); *Randall, et al. v. Integrated Communication Service Inc., et al.* (Case No. 3:20-cv-05438-DGE) (Western District of Washington, March 29, 2024) (final approval of three-state class and FLSA collective action settlement); *Lopez v. Eurofins Scientific, Inc., et al.* (Case No. 3:21-

CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

cv-08652-LB) (Northern District of California, February 15, 2024) (final approval of California class and PAGA representative action settlement); *Hamilton v. Wayfair, LLC* (Case No. RG19006990) (Alameda County Superior Court, Jan. 22, 2024) (class certification of California subclasses); *Rodriguez, et al. v. Tri-Wire Engineering Solutions, Inc., et al.* (Case No. 1:21-cv-10752-PBS) (District of Massachusetts, December 5, 2023) (final approval of five-state class and FLSA collective action settlement); *Beissel v. Western Flyer Express, LLC* (Case No. 5:21-cv-00903-R) (Western District of Oklahoma, November 3, 2023) (final approval of Oklahoma class and FLSA collective action settlement for deceptive trade practices, unlawful sale of business opportunities, and wage and hour claims on behalf of independent contractor truck drivers); *Sishi, et al. v. Eskaton Properties Inc., et al.* (Case No. RG21100764) (Alameda County Superior Court, August 4, 2023) (final approval of California class and PAGA representative action settlement); *Wright, et al. v. Frontier Management LLC, et al.* (Case No. 2:19-cv-01767-JAM-CKD) (Eastern District of California, March 13, 2023) (final approval of California, Illinois, Oregon, and Washington class and FLSA collective action settlement); *Campos v. Extra Express (Cerritos) Inc.* (Case No. BC715057) (Los Angeles Superior Court, January 18, 2023) (final approval of California law wage and hour class action settlement alleging misclassification of short haul delivery drivers); *Huddleston v. John Christner Trucking, LLC* (Case No. 4:17-cv-00549-GKF-CDL) (Northern District of Oklahoma, October 31, 2022) (final approval of California and Oklahoma class and FLSA collective action settlement where Plaintiff obtained class certification on behalf of allegedly misclassified truck drivers); *Tinaco v. Quik Stop Markets, Inc.* (Case No. RG20061119) (Alameda County Superior Court, June 23, 2022) (final approval of a class action settlement for failure to pay for all hours worked, failure to pay minimum and overtime wages, failure to provide meal and rest breaks, waiting time penalties, and failure to provide itemized wage statements, under California law); *Ramirez, et al. v. Rite Aid Corp., et al.* (Case No. CV 20-3531-GW-SKx) (Central District of California, May 19, 2022)

(final approval of California class action and PAGA representative action settlement); *Madrigal v. Mission Lakes Country Club, Inc.* (Case No. RIC2003428) (Riverside County Superior Court, May 18, 2022) (final approval of California class action and PAGA representative action); *Hazel v. Himagine Solutions, Inc.* (Case No. RG20068159) (Alameda County Superior Court, November 2, 2021) (final approval of a California class action settlement for failure to pay for all hours worked, failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to reimburse necessary business expenditures, waiting time penalties, and failure to provide itemized wage statements); *Pine Manor Investors, LLC v. FPI Management, Inc.* (Case No. 34-2018-00237315) (Sacramento County Superior Court, October 20, 2021) (final approval of a California class action settlement in action that alleged improper billing for workers compensation charges by an apartment complex management company); *Etcheverry v. Franciscan Health System* (Case No. 3:19-cv-05261-RJB-MAT) (Western District of Washington, October 19, 2021) (final approval of hybrid Fair Labor Standards Act and Washington class action); *Jean-Pierre v. J&L Cable TV Services, Inc.* (Case No. 1:18-cv-11499-MLW) (District of Massachusetts, August 31, 2021) (final approval of hybrid Fair Labor Standards Act and Massachusetts, New Hampshire, Maine, and Pennsylvania class action); *Amaraut v. Sprint/United Management Co.* (Case No. 3:19-cv-00411-WQH-AHG) (Southern District of California, August 5, 2021) (final approval of hybrid Fair Labor Standards Act and Arizona, Colorado, New York, Ohio, and Washington Rule 23 action); *Diaz v. TAK Communications CA, Inc.* (Case No. RG20064706) (Alameda County Superior Court, July 27, 2021) (final approval of hybrid Fair Labor Standards Act and California class action); *Villafan v. Broadspectrum Downstream Services, Inc.* (Case No. 3:18-cv-06741-LB) (Northern District of California, April 9, 2021) (final approval of class and collective action settlement for failure to pay minimum wages and overtime rates, failure to provide meal and rest breaks, failure to reimburse business expenses, and failure to provide itemized wage statements); *Jones, et al. v.*

CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

*CertifiedSafety, Inc., et al.* (Case No. 3:17-cv-02229-EMC) (Northern District of California, June 1, 2020) (final approval of hybrid Fair Labor Standards Act and California, Washington, Illinois, Minnesota, Alaska, and Ohio class action settlement for failure to pay for all hours worked, failure to provide meal and rest breaks, unreimbursed business expenses, waiting time penalties, and failure to provide itemized wage statements); *El Pollo Loco Wage and Hour Cases* (Case No. JCCP 4957) (Orange County Superior Court, January 31, 2020) (final approval of a class action settlement for failure to pay for all hours worked, failure to provide meal and rest breaks, unreimbursed business expenses, waiting time penalties, and failure to provide itemized wage statements, under California law); *Soto, et al. v. O.C. Communications, Inc., et al.* (Case No. 3:17-cv-00251-VC) (Northern District of California, Oct. 23, 2019) (final approval of a hybrid Fair Labor Standards Act and California and Washington law Rule 23 action with joint employer allegations); *Manni v. Eugene N. Gordon, Inc. d/b/a La-Z-Boy Furniture Galleries* (Case No. 34-2017-00223592) (Sacramento Superior Court) (final approval of a class action settlement for failure to pay for all hours worked, failure to pay minimum and overtime wages, failure to provide meal and rest breaks, waiting time penalties, and failure to provide itemized wage statements, under California law); *Van Liew v. North Star Emergency Services, Inc., et al.* (Case No. RG17876878) (Alameda County Superior Court) (final approval of a class action settlement for failure to pay for all hours worked, failure to pay minimum and overtime wages, failure to provide meal and rest breaks, failure to reimburse for necessary business expenditures, waiting time penalties, and failure to provide itemized wage statements, under federal law); *Asalati v. Intel Corp.* (Case No. 16cv302615) (Santa Clara Superior Court) (final approval of a class and collective action settlement for failure to pay for all hours worked, failure to pay overtime, failure to provide meal and rest breaks, failure to reimburse for necessary business expenditures, failure to adhere to California record keeping requirements, waiting time penalties, and failure to provide itemized wage statements,

under federal and California law); *Harmon, et al. v. Diamond Wireless, LLC*, (Case No. 34-2012-00118898) (Sacramento Superior Court) (final approval of a class action settlement for failure to pay wages free and clear, failure to pay overtime and minimum wages, failure to provide meal and rest breaks, failure to pay full wages when due, failure to adhere to California record keeping requirements, and failure to provide adequate seating, under California law); *Aguilar v. Hall AG Enterprises, Inc., et al.*, (Case No. BCV-16-10994-DRL) (Kern County Superior Court) (final approval of a class action settlement for failure to provide meal and rest periods, failure to compensate for all hours worked, failure to pay minimum and overtime wages, waiting time penalties, failure to provide itemized wage statements, and failure to pay undiscounted wages, under California law); *Viceral and Krueger v. Mistras Group, Inc.*, (Case No. 3:15-cv-02198-EMC) (Chen, J.) (Northern District of California) (final approval of a class and collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law); *Jeter-Polk, et al. v. Casual Male Store, LLC, et al.,* (Case No. 5:14-CV-00891) (Central District of California) (final approval of a class action settlement for failure to provide meal and rest periods, failure to compensate for all hours worked, failure to pay overtime wages, unpaid wages and waiting time penalties, and failure to provide itemized wage statements); *Meza, et al. v. S.S. Skikos, Inc., et al.,* (Case No. 15-cv-01889-TEH) (Northern District of California) (final approval of class and collective action settlement for failure to compensate for all hours worked, including overtime, under federal and California law, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Holmes, et al v. Xpress Global Systems, Inc.,* (Case No. 34-2015-00180822) (Sacramento Superior Court) (final approval of a class action settlement for failure to provide meal and rest breaks and failure to provide accurate itemized wage statements); *Guilbaud, et al. v. Sprint Nextel Corp. et al.,* (Case No. 3:13-cv-04357-VC) (Northern District of California) (final

CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

approval of a class and collective action settlement for failure to compensate for all hours worked, including overtime, failure to provide meal and rest breaks, failure to reimburse for necessary business uniforms, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Molina, et al. v. Railworks Track Systems, Inc.,* (Case No. BCV-15-10135) (Kern County Superior Court) (final approval of a class action settlement for failure to provide meal and rest breaks, unpaid wages, unpaid overtime, off-the-clocker work, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements); *Allen, et al. v. County of Monterey, et al.*, (Case No. 5:13-cv-01659) (Northern District of California) (settlement between FLSA Plaintiffs and Defendant to provide relief to affected employees); *Barrera v. Radix Cable Holdings, Inc., et al.*, (Case No. CIV 1100505) (Marin County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, off-the-clock work by, failure to provide overtime compensation to, failure to reimburse business expenditures to, failure to pay full wages upon termination to, and failure to provide accurate itemized wage statements to retention specialists working for cable companies); *Glass Dimensions, Inc., et al. v. State Street Corp. et al.*, (Case No. 1:10-cv-10588) (District of Massachusetts) (final approval of class action settlement for claims of breach of fiduciary duty and self-dealing in violation of ERISA); *Friend, et al. v. The Hertz Corporation*, (Case No. 3:07-052222) (Northern District of California) (settlement of claims that rental car company misclassified non-exempt employees, failed to pay wages, failed to pay premium pay, and failed to provide meal periods and rest periods); *Hollands v. Lincare, Inc., et al.*, (Case No. CGC-07-465052) (San Francisco County Superior Court) (final approval of class action settlement for overtime pay, off-the-clock work, unreimbursed expenses, and other wage and hour claims on behalf of a class of center managers); *Jantz, et al. v. Colvin*, (Case No. 531-2006-00276X) (In the Equal Employment Opportunity Commission Baltimore Field Office) (final approval of class action settlement for the denial of promotions based on targeted

CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

disabilities); *Shemaria v. County of Marin*, (Case No. CV 082718) (Marin County Superior Court) (final approval of class action settlement on behalf of a class of individuals with mobility disabilities denied access to various facilities owned, operated, and/or maintained by the County of Marin); *Perez, et al. v. First American Title Ins. Co.*, (Case No. 2:08-cv-01184) (District of Arizona) (final approval of class action settlement in action challenging unfair discrimination by title insurance company); *Perez v. Rue21, Inc., et al.*, (Case No. CISCV167815) (Santa Cruz County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of retail employees); *Sosa, et al. v. Dreyer's Grand Ice Cream, Inc., et al.*, (Case No. RG 08424366) (Alameda County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work performed by, a class of ice cream manufacturing employees); *Villalpando v. Exel Direct Inc., et al.* (Case Nos. 3:12-cv-04137 and 4:13-cv-03091) (Northern District of California) (certified class action on behalf of delivery drivers allegedly misclassified as independent contractors); *Choul, et al. v. Nebraska Beef, Ltd.* (Case Nos. 8:08-cv-90, 8:08-cv-99) (District of Nebraska) (final approval of class action settlement for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Morales v. Farmland Foods, Inc.* (Case No. 8:08-cv-504) (District of Nebraska) (FLSA certification for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Barlow, et al. v. PRN Ambulance Inc.* (Case No. BC396728) (Los Angeles County Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to and for off-the-clock work by certified emergency medical technicians); *Espinosa, et al. v. National Beef, et al.* (Case No. ECU0467) (Imperial Superior Court) (final approval of class action settlement for off-the-clock work by, and failure to provide overtime compensation to, production-line employees of meat-packing plant); *Wolfe, et al. v. California Check Cashing Stores, LLC, et al.*

CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

(Case Nos. CGC-08-479518 and CGC-09-489635) (San Francisco Superior Court) (final approval of class action settlement for failure to provide meal and rest breaks to, and for off-the-clock work by, employees at check cashing stores); *Salcido v. Cargill* (Case Nos. 1:07-CV-01347-LJO-GSA,1:08-CV-00605-LJO-GSA) (Eastern District of California) (final approval of class action settlement for off-the-clock work by production-line employees of meat-packing plant); *Elkin v. Six Flags* (Case No. BC342633) (Los Angeles County Superior Court) (final approval of class action settlement for missed meal and rest periods on behalf of hourly workers at Six Flags amusement parks); *Chau v. CVS RX Services, Inc.* (Case No. BC349224) (Los Angeles County Superior Court) (final approval of class action settlement for failure to pay overtime to CVS pharmacists); *Reed v. CALSTAR* (Case No. RG04155105) (Alameda County Superior Court) (certified class action on behalf of flight nurses); *Satchell v. FedEx Express, Inc.* (Case No. 03-02659 SI) (N.D. Cal.) (certified regional class action alleging widespread discrimination within FedEx); *Lopez v. San Francisco Unified School District* (Case No. C-99-03260 SI) (N.D. Cal.) (certified class action in favor of plaintiffs in class action against school district for widespread disability access violations); *Singleton v. Regents of the University of California* (Case No. 807233-1) (Alameda County Superior Court) (class settlement for women alleging gender discrimination at Lawrence Livermore National Laboratory); *McMaster v. BCI Coca-Cola Bottling Co.* (Case No. RG04173735) (Alameda County Superior Court) (final approval of class action settlement for drive-time required of Coca-Cola account managers); *Joseph v. The Limited, Inc.* (Case No. CGC-04-437118) (San Francisco County Superior Court) (final approval of class action settlement for failure to provide meal and rest periods to employees of The Limited stores); *Rios v. Siemens Corp.* (Case No. C05-04697 PJH) (N.D. Cal.) (final approval of class action settlement for failure to pay accrued vacation pay upon end of employment); *DeSoto v. Sears, Roebuck & Co.* (Case No. RG0309669) (Alameda County Superior Court) and *Lenahan v. Sears, Roebuck & Co.* (Case No. 3-02-CV-

CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

000045 (SRC) (TJB)) (final approval of class action settlement for failure to pay Sears drivers for all hours worked); among many others.

8.      Nearly my entire legal career has been devoted to advocating for the rights of individuals who have been subjected to illegal pay policies, discrimination, harassment and retaliation and representing employees in wage and hour and discrimination class actions. I have litigated hundreds of wage and hour, employment discrimination and civil-rights actions, and I manage many of the firm's current cases in these areas. I am a member of the State Bar of California, and have had memberships with Public Justice, the National Employment Lawyers Association, the California Employment Lawyers Association, and the Consumer Attorneys of California. I served on the Board of Directors for the San Francisco Trial Lawyers Association and co-chaired its Women's Caucus. I was named one of the "Top Women Litigators for 2010" by the Daily Journal. In 2012, I was nominated for Woman Trial Lawyer of the Year by the Consumer Attorneys of California. I have been selected as a Super Lawyer every year since 2014. I earned my Bachelor's degree from the University of California, and I am a graduate of the University of the Pacific, McGeorge School of Law.

## II.   CASE SUMMARY AND PROCEDURAL HISTORY

### A. The Federal Action

9.      On October 8, 2021, Plaintiff Conrad Reloj filed this class and collective action on behalf of himself and current and former non-exempt, hourly employees of Defendant who work or worked for GEICO as Auto Claim and/or Damage Adjusters, including similar roles with different titles (collectively "Adjusters"), in California, asserting claims under the California Labor Code and the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). The Federal Action asserts claims for: (1) failure to pay minimum and overtime wages in violation of the FLSA; (2) failure to pay for all hours worked in violation of Labor Code §§ 204 and 1194; (3) failure to pay minimum wage in violation of Labor Code §§ 1182.11, 1182.12, 1194,

CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

and 1197; (3) failure to pay overtime wages in violation of Labor Code § 510; (4) failure to provide meal and rest breaks in violation of Labor Code §§ 226.7 and 512; (5) failure to provide accurate itemized wage statements in violation of Labor Code § 226; and (6) failure to timely pay final wages and waiting time penalties in violation of Labor Code §§ 201, 202 and 203; (7) unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.* Defendant filed its Answer on November 12, 2021, denying Plaintiff's allegations.

10. The Parties then engaged in pre-conditional certification discovery where thousands of pages of documents and data were exchanged.

11. Plaintiff also interviewed numerous Class and Collective Members, which covered topics including dates and locations of work, hours of work, pre-shift and post-shift off-the-clock work, and meal and rest breaks. Through this process, Plaintiff garnered substantial factual background regarding the alleged violations, which Plaintiff's counsel utilized to build their case and to assess Defendant's potential exposure in this action.

12. On June 6, 2022, Plaintiff filed a Motion to Conditionally Certify the Collective, which he amended on June 15, 2022. Defendant filed its response on July 15, 2022. On March 31, 2023, this Court granted Plaintiff's Motion and certified the collective. Presently, 249 Collective Members have filed and not withdrawn their opt-in forms to join the Collective Action.

13. The Parties then engaged in substantial discovery and motion practice. Each side served written discovery, and a large volume of documents was produced. Defendant alone produced over a terabyte of data, including but not limited to its policies, job descriptions, personnel records, written complaints, and tens of thousands of pages of data, emails, and time and payroll records.

14. Both parties deposed fact and expert witnesses, including twenty-eight (28) opt in Plaintiffs.

15. Each side also retained experts, submitted expert reports, deposed the

other's expert, and filed *Daubert* motions.

16.     Plaintiff also moved for Fed. R. Civ. P. 23 class certification, which was fully briefed as of July 22, 2024.

### B. PAGA Action.

17.     Plaintiff Reloj filed a separate action against Defendant on December 6, 2021, in the Superior Court of California, County of Alameda, to assert claims for penalties under California Private Attorneys General Act ("PAGA"), Labor Code §§ 2698 *et seq.,* arising from Defendant's violations of the California Labor Code. *Reloj v. Government Employees Insurance Company Inc., et al.*, Superior Court of California, County of Alameda, Case Number 21CV003563. Defendant filed its Answer on January 18, 2022, denying Plaintiff's allegations.

18.     On or about June 1, 2022, Hon. Katherine Bacal granted the Parties' Stipulation to Coordinate Actions and Add-On Case. This order coordinated the PAGA Action with other wage and hour cases against GEICO, in the Superior Court of California for the County of San Diego, matter no. JCCP5221 ('the "GEICO Wage and Hour Cases").

19.     The Parties substantially litigated the PAGA action. Plaintiff served written discovery on Defendant and noticed several depositions of supervisors/managers of aggrieved employees, in addition to a PMK deposition. Plaintiff retained David Breshears and Laura Steiner as experts in the PAGA action. Mr. Breshears processed Atlas and CCC data (internal data reflecting work performed by Adjusters) to identify off-the-clock work. Ms. Steiner was prepared to provide expert witness opinion, evidence, and testimony, and to rebut any opinions, regarding survey evidence concerning work performed during meal and rest breaks and other off-the-clock work, including the conduct, methodology, results, and implications of the survey, the estimated incidence of work off-the-clock, including during meal and rest periods, and other related issues.

20.     Trial in the GEICO Wage and Hour Cases was set for November 8,

2024. At the time of settlement, Plaintiff's counsel had already begun their preliminary trial preparations.

### C. Global Settlement

21.    Despite vigorously litigating both cases, the Parties nonetheless remained open to a pretrial resolution. Defendant provided class-wide figures, including the total number of putative Class and Collective Members and associated workweeks and pay periods, hourly rates, and additional data points to enable Plaintiff's counsel to evaluate damages on a Class and Collective basis to further these discussions.

22.    The well-developed factual record, extensive interviews, and robust expert analysis enabled Plaintiff's Counsel to assess the claims and potential defenses in both the class and PAGA actions, as well as the legal and factual issues that would arise if the cases proceeded to trial. Plaintiff's Counsel's liability and damages evaluations were premised on a careful and extensive analysis of the effects of Defendant's compensation policies and practices on Class Members' pay. Ultimately, facilitated by mediators Lisa Klerman, Stephen Marcus, Hon. Michael Marcus (Ret.), and Hunter Hughes the Parties used this information and discovery to fairly resolve the litigation.

23.    On September 16, 2024, the Parties participated in a **fourth** mediation. The Parties accepted a mediator's proposal to settle both the Federal Action and the PAGA Action several days later. The other GEICO Wage and Hour cases, except for the Reloj PAGA Action, resolved via a separate PAGA-only settlement also reached through the mediation on September 16, 2024, and approved on February 7, 2025.[1]

24.    The Parties negotiated the detailed terms of the long-form settlement over the next several months and executed a binding Memorandum of Understanding

---

[1] The Adjusters were carved out of that settlement in light of the Settlement reached here.

CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

on February 3, 2025. The parties subsequently finalized and executed the long-form Settlement Agreement.

25.    On or about January 15, 2025, Hon. Katherine Bacal granted the Parties' Stipulation to remove the Reloj PAGA Action from the GEICO Wage and Hour Cases. The Complaint in the instant action was amended on January 31, 2025 to include the claims from the PAGA Action. Consequently, the Settlement will resolve both the Federal Action and the PAGA Action.

## III.    PRELIMINARY APPROVAL OF THE SETTLEMENT

### A. Certification

26.    The Class Members may be readily identified from Defendant's payroll records.

27.    Depositions, interviews with Class Members, and review of timekeeping and payroll data confirm that Class Members were subjected to the same alleged illegal policies and practices to which Plaintiff was subjected.

28.    Plaintiff's claims are in line with the claims of the Class, and Plaintiff's claims are not antagonistic to the claims of Class Members. Plaintiff has prosecuted this case vigorously for over three years with the interests of the Class Members in mind.

29.    Plaintiff alleges that Class Members, Adjusters who work in California, have substantially similar job duties to process and manage insurance claims in California. Plaintiff alleges that Class Members are subject to the same policies and practices concerning work assignments and expectations, performance management, scheduling and timekeeping, compensation polices and systems, and meals and rest breaks. Plaintiff alleges that these common policies, practices, and course of conduct "cause Plaintiff and the California Class members to sustain the same or similar injuries and damages."

30.    Here, the Class is entirely cohesive because resolution of Plaintiff's and Class Members' claims hinges on the uniform policies and practices of Defendant,

CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

rather than treatment the Class Members experienced on an individual level. As a result, the resolution of these alleged class claims would be achieved through the use of common forms of proof, such as Defendant's uniform policies, and would not require inquiries specific to individual class members.

31.    Further, the class action mechanism is a superior method of adjudication compared to a multitude of individual suits. The action involves hundreds of workers with very similar, but relatively small, claims for monetary injury. If the Class Members proceeded on their claims as individuals, their many individual suits would require duplicative discovery and duplicative litigation, and each Class Member would have to personally participate in the litigation effort to an extent that would never be required in a class proceeding. Thus, the class action mechanism would efficiently resolve numerous substantially identical claims at the same time while avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation and arbitrations.

### B. The Proposed Settlement Is Fair, Reasonable, and Adequate

32.    Plaintiff's Counsel based their exposure analysis and settlement negotiations on extensive formal and informal fact discovery (including payroll and timekeeping data), as well as expert report prepared by the Employment Research Corporation in anticipation of class certification and trial.

33.    Based on the Employment Research Corporation's survey of over 138 respondents, Plaintiff's counsel obtained average frequency and hours of off-the-clock work and missed or non-compliant meal and rest periods. These figures were used in conjunction with annual workweek counts and average rates of pay for Class Members, to estimate damages for off-the-clock work (including both straight time and overtime) and premiums for missed or non-compliant meal and rest breaks. Based on these inputs, Class Counsel assumed 1.25 hours of unpaid straight time and 1.8 hours of unpaid overtime per week for a combined 3.05 hours of off-the-clock time per week, and assumed that employees missed or received non-compliant meal

periods on 50% of days and missed or received non-compliant rest periods on 50% of days, resulting in a meal or rest premium for every day of work.

34.     Using these assumptions and further assuming that Plaintiff and the Class Members would certify all of their claims and prevail at trial, Plaintiff's counsel calculated the total potential substantive exposure if Plaintiff fully prevailed on all of his claims at approximately $43,526,731. These figures are based on Plaintiff's assessment of a best-case-scenario. To obtain such a result at trial, Plaintiff would have to, at the minimum: (1) certify all claims and withstand any decertification motions; (2) prevail on the merits on all claims; (3) prove that Defendant acted knowingly or in bad faith; and (4) prove that all Class Members experienced the violations at the levels described above for every week.

35.     The Settlement provides an average recovery of approximately $5,283.08 per Class Member.[2] This amount provides significant compensation to the Participating Individuals, and the Settlement provides an excellent recovery well within the reasonable standard when considering the difficulty and risks presented by expanding and uncertain litigation.

36.     The allocation formula also distributes settlement proceeds based on workweeks worked during the Class Period. Class Counsel assessed the relative value of the claims asserted, including waiting time penalties under California Labor Code section 203 and wage statement penalties under Labor Code section 226, in negotiating the overall Settlement and determining that the Settlement provides an equitable recovery to Participating Individuals.

37.     Finally, Plaintiff's Counsel met and conferred with Opposition Counsel on June 20, 2025 regarding three potential settlement administrators to assist with the settlement distributions in the instant case. The Parties agreed to use CPT Group, Class Administrators for settlement distribution purposes. Attached hereto as **Exhibit**

---

[2] The averages provided here assume all Class and Collective Members participate in the Settlement.

CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

**3** is a true and correct copy of CPT's May 22, 2025 quote. In Plaintiff's experience, CPT is particularly well suited to administer this settlement given their experience with complex class settlements.

### C. The Class is Numerous and Ascertainable

38. While there is no exact numerical cut-off, courts have routinely found numerosity satisfied with classes of at least forty members. *See, e.g., Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 485 (E.D. Cal. 2006). At approximately 892 members, the Class well exceeds this benchmark, and is large enough that joinder is impracticable.

### IV. ATTORNEYS' FEES AND COSTS

39. In their fee motion to be submitted in advance of final approval, Plaintiff's Counsel will request up to a maximum of $2,833,333.33 in fees, representing one-third of the Gross Settlement Amount, plus reimbursement of costs of approximately up to $875,000 for both cases. Plaintiff's counsel will provide their lodestar information with their fee motion, which will demonstrate the reasonableness of Plaintiff's Counsel's fee request.

40. Here, given the excellent results achieved, the effort expended litigating the Action, including the challenges of litigating this case, an upward adjustment from the benchmark is warranted. Plaintiff's Counsel undertook all the risks of this litigation on a completely contingent fee basis. Defendant's vigorous and skillful defense confronted Plaintiff's counsel with the prospect of recovering nothing or close to nothing for their commitment to and investment in the case. Nevertheless, Plaintiff and his counsel committed themselves to developing and pressing Plaintiff's legal claims to enforce the employees' rights and maximize the class and collective recovery. To date, Plaintiff's Counsel has invested over 4,000 hours in the litigation of this case, and additional 440 hours in the litigation of the related PAGA Action.

I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct and is based on my own personal knowledge.

Executed this 8th day of July 8, 2026, in Reno, Nevada


/s/ *Carolyn H. Cottrell*
Carolyn H. Cottrell


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California, by using the Court's CM/ECF system on July 8, 2026. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

Dated: July 8, 2026                    /s/ *Carolyn H. Cottrell*
                                       Carolyn H. Cottrell

---

18
CAROLYN H. COTTRELL'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*