SCHNEIDER WALLACE
COTTRELL KIM LLP
Carolyn H. Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Esther Bylsma (SBN 264208)
Robert E. Morelli, III(SBN 363123)
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ebylsma@schneiderwallace.com
rmorelli@schneiderwallace.com

*Attorneys for Plaintiff, the Collective, the Putative Class,*
*Aggrieved Employees and the State of California*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD RELOJ, on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY INC. d/b/a GEICO,<br><br>        Defendant. | Case No. 3:21-cv-01751-L-MSB<br><br>**DECLARATION OF CONRAD RELOJ IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENT**<br><br>Date: August 24, 2026<br>Time: 1:30 p.m.<br>Location: Courtroom 2C<br><br>Honorable Magistrate Michael S. Berg<br><br>Action filed: October 8, 2021<br>Trial date: None set |

DECLARATION OF CONRD RELOJ IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

## <u>DECLARATION OF CONRAD RELOJ</u>

I, Conrad Reloj, declare as follows:

1.      I am a named plaintiff and a representative of the Collective, and named plaintiff of the putative class action in the above-captioned matter (the "Action") against Defendant Government Employees Insurance Company Inc. d/b/a GEICO ("Defendant").

2.      I am over the age of eighteen. The following statements are based on my personal knowledge. I submit this Declaration in Support of Plaintiffs' Motion for Preliminary Approval of Class, Collective, And PAGA Action Settlement ("Motion"). If called upon to testify as to the matters stated herein, I could and would do so competently.

3.      I was employed by Defendant from approximately 1999 to December 2020 as a Claim Adjuster in San Diego, California. As an Adjuster, I was required to meet a quota of processing or working on a certain number of claims or inspections and taking a certain number of customer calls within a given period. As a result of Defendant's set expectations, I believe: Defendant incorrectly calculated my earned wages; Defendant did not pay me for all the time worked while off the clock at the minimum wage or overtime wage rate; Defendant required me to remain on duty during my meal and rest breaks, or I missed, had late, or shortened meal breaks and Defendant did not pay me a meal period premium.

4.      I knew that my co-workers had similar experiences. I wanted to do something about these issues for all of us. That led me to bring this class, collective, and PAGA action.

5.      In addition to the above-captioned matter, I have filed a case against GEICO in the Superior Court for the County of Alameda, asserting claims under the California Private Attorneys General Act, which are also being resolved as a result of the Settlement in this Case (Case No. 21CV003563).

6.      Prior to filing the case, I had multiple telephone conversations with my

DECLARATION OF CONRAD RELOJ IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*
Doc ID: 4f4fac16d844b9ff7429d17029e1c581a968fbdf

attorneys about my work experiences and possible claims.

7. I knew there was no guarantee we would be successful in the case and that there was a significant chance of protracted litigation. I realized that my name would be associated with a class action, and that this information could be visible to others. I also understood that I may spend a significant amount of time in the discovery process.

8. Additionally, I realized that my name would be on multiple cases, and that this information could be visible to others. This is particularly significant for me, because I knew I was placing myself at personal risk. For example, I faced risk to my reputation in my community as a result of stepping forward publicly in a class action; risk to my reputation as it concerns my future employment opportunities; risk that I would be subject to intrusive discovery and time demands in this litigation; and risk that I would have to pay defense costs if I lost this case. These risks are front and center for me because this lawsuit may be visible to future employers.

9. Nevertheless, I felt strongly that Defendant had unlawful wage and hour policies. I therefore decided to proceed as a representative plaintiff and file a lawsuit. I understood that I would serve as a named plaintiff, the representative of a proposed class of California Adjusters, a representative of a proposed collective of California Adjusters, and the representative employee for claims under the California Labor Code Private Attorneys General Act.

10. Serving as a named plaintiff was a major time commitment and demanded my attention and focus. Although I knew being a class representative was a serious and time-consuming commitment, I felt a sense of duty to represent my co-workers who faced the same difficulties that I did but were too afraid to challenge Defendant's practices.

11. I worked with my attorneys to review facts and answer questions so they could draft the complaint. My attorneys filed my initial class and collective complaint in *Reloj v. Government Employees Insurance Company Inc.,* in the United Stated District Court for the Southern District of California, Case No. 3:21-cv-01751-L-MSB

DECLARATION OF CONRAD RELOJ IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*

Doc ID: 4f4fac16d844b9ff7429d17029e1c581a968fbdf

on or about October 8, 2021. My attorneys filed my PAGA Complaint in *Reloj v. Government Employees Insurance Company Inc., et al.*, Superior Court of California, County of Alameda, Case Number 21CV003563, on or about December 6, 2021.

12.    Throughout this action, I have been in frequent communication with my attorneys to keep apprised of the status of the litigation and answer questions as needed. I have kept up to date on the status at every phase, including discovery.

13.    In May of 2022, I assisted my attorneys with the drafting of a declaration on my behalf in support of Plaintiff's Motion for Conditional Class Certification.

14.    My deposition was taken on May 20, 2022. I met with my attorneys prior to my deposition to prepare for several hours.

15.    I assisted my attorneys with responding to several sets of discovery in this action.

16.    I also assisted my attorneys to subpoena my cell phone records from AT&T.

17.    In April 2024, I assisted my attorneys with the drafting of a declaration on my behalf in support of Plaintiff's Motion for Class Certification.

18.    In advance of the handful of mediations that happened in this case, I assisted my attorneys in preparing for the mediations and was available to answer questions from my attorneys. I remained on-call during several mediations and stayed updated regarding the process.

19.    After we reached an agreement in principle, I reviewed the memorandum of understanding and discussed it with my attorneys before signing it.

20.    Subsequently, I carefully reviewed the proposed long-form Settlement and discussed it with my attorneys before signing it. The Settlement is a very lengthy document, and I reviewed it closely. Based on my review and my attorneys' evaluation and recommendation, I believe the Settlement is fair and reasonable and the proposed Service Award is fair and reasonable.

21.    In sum, I worked with my attorneys to prepare the complaints; provided

documents and information regarding my experience working for Defendant; attended my deposition on or around May 20, 2022, responded to several sets of discovery requests, stayed up to date on the case, the mediation processes and settlement discussions; and otherwise remained in regular contact with my attorneys. Over the course of this litigation, I estimate I have contributed at least 80 hours of my own time to the litigation of these claims.

22.    To make this proposed Settlement a reality, I understand that I agreed to a broader release than other Class and Collective Members, who were not subjected to discovery. But I am willing to agree to this broader release because I know it helped the parties reach a compromise that I believe is a great result for the Class and Collective Members I represent. I took my role as Class and Collective Representative to heart and took my duties as Class representative very seriously. Although I was concerned that my participation in this case could result in negative personal or employment consequences, that did not stop me from stepping forward as a representative and named plaintiff to help my fellow Class and Collective Members who went through the same struggles I did with Defendant.

23.    Aside from payment I am eligible to receive as a Class and Collective Member, and any Service Award the Court may order in its discretion for serving as Class Representative, I am not receiving any other benefits from this Settlement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___04 / 07 / 2025_____ at ___San Diego_____, California.

_____
Conrad Reloj

DECLARATION OF CONRAD RELOJ IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS, COLLECTIVE AND PAGA SETTLEMENT
*Reloj v. Government Employees Insurance Company Inc.*
Doc ID: 4f4fac16d844b9ff7429d17029e1c581a968fbdf